SACK & SACK, ESQS.
110 East 59th Street, 19th Floor
New York, New York 10022
Tel.: (212) 702-9000
Fax: (212) 702-9702

*Attorneys for Plaintiffs, Paul Yablon and Jill Yablon*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------- x

PAUL YABLON AND JILL YABLON,                    :   Index No. 603803/07

                                                :

                              Plaintiffs,       :   COMPLAINT

                                                :

— against —                                     :   **JURY TRIAL REQUESTED**

                                                :

DENTAL EXCELLENCE OF BLUE BELL AND :
KENNETH B. SIEGEL   AND CINDY SIEGEL, :
INDIVIDUALLY,                                   :

                                                :

                              Defendants.       :

------------------------------------------------------------------- x

This action is brought by Plaintiffs, Paul Yablon and Jill Yablon ("*Plaintiff*"), by their attorneys, Sack & Sack, Esqs., against Dental Excellence of Blue Bell, Kenneth B. Siegel and Cindy Siegel ("*Defendants*"):

Plaintiffs, as and for their Complaint, alleges as follows:

## INTRODUCTION

1. This dispute emanates from Defendants' breach of contract.

2. As shown in more detail below, Defendants are indebted to Plaintiffs on a series of separate but contemporaneous unconditional loans for the payment of money, to wit (each, a "*Loan*", collectively, the "*Loans*"), each provided as part of the same general transaction.

3. Pursuant to those unconditional Loans, Defendants agreed to pay to Plaintiffs the aggregate sum of $568,240.50, which has accrued interest, as of the date of this Complaint, in the amount of $44,295.48, bringing the total amount due and payable to $612,535.98 (the "*Outstanding Debt*").

4. Defendants have refused to repay the Outstanding Debt.

5. By the filing of this Complaint, Plaintiffs seeks adjudication and judgment on the merits of their lawful entitlement to repayment of the Outstanding Debt based upon the loans made to Defendants upon promises of repayment, which promises Plaintiffs reasonably relied upon to their detriment, and for a declaration of their rights in accordance with the parties' prior agreements.

## PARTIES

6. Paul and Jill Yablon are individuals having an address of 140 Parsonage Road, Greenwich, CT 06830, County of Fairfield.

7. Dental Excellence of Blue Bell maintains an address of 706 Dekalb Pike Village Square, Blue Bell, Pennsylvania.

8.  Kenneth and Cindy Siegel are individuals having an address of 821 Firethorn Circle, Dresher, PA 19025, situated in the county of Montgomery, State of Pennsylvania.

### VENUE AND JURISDICTION

9.  Venue is derived by virtue of the fact that Plaintiff made the loans described herein in New York County and, accordingly, the transactions and events which give rise to this Complaint occurred in New York County.

10. This Court has personal jurisdiction over Defendants due to proper service being made upon it and the events which give rise to this Complaint occurred here in New York County.

### FACTS

The claims set forth herein arise from the following set of facts:

### PLAINTIFFS MAKE LOANS IN NEW YORK COUNTY

11. Beginning on October 12, 2006, and continuing through April 5, 2007, Plaintiffs made a series of nine (9) Loans to Defendants.

12. Plaintiffs made the Loans by placing the monies in the custody, possession and control of their attorney, Jonathan Sack, located in New York County, who made the disbursements to Defendants in the manner and intervals set forth in the Schedule of Loans described herein.

13. Summarized below are the payments which were due pursuant to each

loan (each, "*Loan Amount*"), the date of each loan, and the amounts that have been received to date by Plaintiffs in repayment of said Loan Amounts:

### SCHEDULE OF LOANS

| Date of Loan | Principal Amount of Loan | Interest Rate | Accrued Interest as of November 1, 2007 | Amount Repaid to Date | Total Principal and Interest Due as of November 1, 2007 |
|---|---|---|---|---|---|
| October 12, 2006 | $10,0000.00 | 12% | $1,300.00 | $0.00 | $11,300.00 |
| November 28, 2006 | $22,665.00 | 12% | $2,266.50 | $0.00 | $24,931.50 |
| November 30, 2006 | $36,615.50 | 12% | $3,661.50 | $0.00 | $40,276.50 |
| December 12, 2006 | $7,500.00 | 12% | $825.00 | $0.00 | $8,325.00 |
| December 14, 2006 | $12,147.00 | 12% | $1,336.17 | $0.00 | $13,483.17 |
| December 18, 2006 | $7,501.00 | 12% | $825.11 | $0.00 | $8,326.11 |
| January 9, 2007 | $1,812.00 | 12% | $181.20.00 | $0.00 | $1,993.20 |
| March 15, 2007 | $100,000.00 | 12% | $8,000.00 | $0.00 | $108,000.00 |
| April 5, 2007 | $370,000.00 | 12% | $25,900.00 | $0.00 | $395,900.00 |
| **TOTAL** | **$568,240.50** | | **$44,295.48** | **$0.00** | **$612,535.98** |

## DEFENDANTS DEFAULT ON ALL LOANS

14.     To date, Defendants have failed to remit any portion of the outstanding debt.

15.     On or about October 22, 2007, in attempts to negotiate repayment terms for the Loans, Defendants unilaterally executed an unsecured Promissory Note admitting that they are responsible for the outstanding debt of $568,240.50.

16.     The Promissory Note proffered by Defendants contained terms that were unacceptable to Plaintiffs, specifically with respect to the stated rate of interest of 4.7% and the lack of security stated therein in the event of Defendant's default.

17.     Accordingly, by executing a version of a Promissory Note in favor of Plaintiffs, albeit upon unacceptable terms, Defendants have admitted that Plaintiffs have made loans to them in the aggregate amount of $568,240.50, which are due and owing to Plaintiffs.

18.     Furthermore, Defendants have attempted to repay a portion of the principal amount of $568,240.50 by check annexed as Exhibit "B" based upon terms that were unacceptable to Plaintiffs.

19.     Plaintiffs did not cash the check indicated in Exhibit "B."

20.     Plaintiffs have provided Defendants with acceptable versions of a Promissory Note that contained acceptable terms, which Defendants have refused to execute.

## CONCLUSION

21. Defendants have failed and refused to make any payments towards repayment of Loan although Plaintiffs has made numerous demands for payment.

22. No previous application has been made for the relief requested herein.

23. There is now due and owing to Plaintiffs the aggregate principal amount of the Loans $568,240.50, together with interest from the respective Loan Dates as well as attorneys' fees, costs and expenses, in a total amount of at least $612,535.98.

## CLAIMS AND DAMAGES

### LEGAL CLAIMS

Based upon the above allegations, Plaintiff maintains the following legal claims against Bank of America:

### COUNT ONE
**BREACH OF CONTRACT**

24. Plaintiffs repeat, reallege, and incorporate by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

25. As of the date of this Complaint, Defendants remains in material breach of contract in respect of the admitted Loan Amounts by unilaterally failing to repay the Loans, which principal amount of the Loans in the aggregate is $568,240.50, together with interest from the respective Loan Dates as well as attorneys' fees, costs and expenses, in a total amount of at least $612,535.98.

6

26. Despite promises that Plaintiffs would be repaid the Loan Amounts, Defendants have failed to repay any portion of the Loan Amounts.

27. Accordingly, Plaintiffs are owed and entitled to $612,535.98 in breach of contract damages.

## ATTORNEYS' FEES AND COSTS

28. Attorneys' fees and costs are warranted in this matter as the undersigned, on behalf of Plaintiff, have in good faith, attempted to negotiate a reasonable resolution with Defendant without having to refer this matter to this forum for adjudication, determination and final resolution on the merits.

## REQUEST FOR RELIEF

**WHEREFORE**, Birnbaum requests that this Court order the following relief in favor of Plaintiffs:

I. On Count One, the aggregate principal amount of the Loans $568,240.50, together with interest from the respective Loan Dates as well as attorneys' fees, costs and expenses, in a total amount of at least $612,535.98;

II. An award of prejudgment interest, costs and attorney's fees; and

III. Such other and further relief that this Court may deem just and proper.

Dated:     New York, New York
           November 8, 2007

                                        Respectfully submitted,

                                        **SACK & SACK, ESQS.**

                                        By: _____
                                              Jonathan Sack, Esq.

                                        **Attorneys for Plaintiffs**
                                        110 East 59th Street, 19th Floor
                                        New York, New York 10022
                                        Tel.: (212) 702-9000
                                        Fax: (212) 702-9702

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Removal was served by U.S. mail, first-class, postage pre-paid and on December 5, 2007 upon the following parties:

Jonathan Sack
Sack & Sack
110 East 59th Street
19th Floor
New York, New York 10022

_____
LOUELLE JOHNSON

SACK & SACK, ESQS.
110 East 59th Street, 19th Floor
New York, New York 10022
Tel.: (212) 702-9000
Fax: (212) 702-9702

*Attorneys for Plaintiffs, Paul Yablon and Jill Yablon*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------- x

PAUL YABLON AND JILL YABLON,   :   Index No. 603803/07

   :

Plaintiffs,   :   **COMPLAINT**

   :

— against —   :   <u>**JURY TRIAL REQUESTED**</u>

   :

DENTAL EXCELLENCE OF BLUE BELL AND :
KENNETH B. SIEGEL   AND CINDY SIEGEL, :
INDIVIDUALLY,   :

   :

Defendants.   :

---------------------------------------------------------------- x

This action is brought by Plaintiffs, Paul Yablon and Jill Yablon ("*Plaintiff*"), by their attorneys, Sack & Sack, Esqs., against Dental Excellence of Blue Bell, Kenneth B. Siegel and Cindy Siegel ("*Defendants*"):

Plaintiffs, as and for their Complaint, alleges as follows:

## INTRODUCTION

1. This dispute emanates from Defendants' breach of contract.

2. As shown in more detail below, Defendants are indebted to Plaintiffs on a series of separate but contemporaneous unconditional loans for the payment of money, to wit (each, a "*Loan*", collectively, the "*Loans*"), each provided as part of the same general transaction.

3. Pursuant to those unconditional Loans, Defendants agreed to pay to Plaintiffs the aggregate sum of $568,240.50, which has accrued interest, as of the date of this Complaint, in the amount of $44,295.48, bringing the total amount due and payable to $612,535.98 (the "*Outstanding Debt*").

4. Defendants have refused to repay the Outstanding Debt.

5. By the filing of this Complaint, Plaintiffs seeks adjudication and judgment on the merits of their lawful entitlement to repayment of the Outstanding Debt based upon the loans made to Defendants upon promises of repayment, which promises Plaintiffs reasonably relied upon to their detriment, and for a declaration of their rights in accordance with the parties' prior agreements.

## PARTIES

6. Paul and Jill Yablon are individuals having an address of 140 Parsonage Road, Greenwich, CT 06830, County of Fairfield.

7. Dental Excellence of Blue Bell maintains an address of 706 Dekalb Pike Village Square, Blue Bell, Pennsylvania.

8. Kenneth and Cindy Siegel are individuals having an address of 821 Firethorn Circle, Dresher, PA 19025, situated in the county of Montgomery, State of Pennsylvania.

## VENUE AND JURISDICTION

9. Venue is derived by virtue of the fact that Plaintiff made the loans described herein in New York County and, accordingly, the transactions and events which give rise to this Complaint occurred in New York County.

10. This Court has personal jurisdiction over Defendants due to proper service being made upon it and the events which give rise to this Complaint occurred here in New York County.

## FACTS

The claims set forth herein arise from the following set of facts:

## PLAINTIFFS MAKE LOANS IN NEW YORK COUNTY

11. Beginning on October 12, 2006, and continuing through April 5, 2007, Plaintiffs made a series of nine (9) Loans to Defendants.

12. Plaintiffs made the Loans by placing the monies in the custody, possession and control of their attorney, Jonathan Sack, located in New York County, who made the disbursements to Defendants in the manner and intervals set forth in the Schedule of Loans described herein.

13. Summarized below are the payments which were due pursuant to each

loan (each, "*Loan Amount*"), the date of each loan, and the amounts that have been received to date by Plaintiffs in repayment of said Loan Amounts:

## SCHEDULE OF LOANS

| Date of Loan | Principal Amount of Loan | Interest Rate | Accrued Interest as of November 1, 2007 | Amount Repaid to Date | Total Principal and Interest Due as of November 1, 2007 |
|---|---|---|---|---|---|
| October 12, 2006 | $10,0000.00 | 12% | $1,300.00 | $0.00 | $11,300.00 |
| November 28, 2006 | $22,665.00 | 12% | $2,266.50 | $0.00 | $24,931.50 |
| November 30, 2006 | $36,615.50 | 12% | $3,661.50 | $0.00 | $40,276.50 |
| December 12, 2006 | $7,500.00 | 12% | $825.00 | $0.00 | $8,325.00 |
| December 14, 2006 | $12,147.00 | 12% | $1,336.17 | $0.00 | $13,483.17 |
| December 18, 2006 | $7,501.00 | 12% | $825.11 | $0.00 | $8,326.11 |
| January 9, 2007 | $1,812.00 | 12% | $181.20.00 | $0.00 | $1,993.20 |
| March 15, 2007 | $100,000.00 | 12% | $8,000.00 | $0.00 | $108,000.00 |
| April 5, 2007 | $370,000.00 | 12% | $25,900.00 | $0.00 | $395,900.00 |
| TOTAL | $568,240.50 | | $44,295.48 | $0.00 | $612,535.98 |

## DEFENDANTS DEFAULT ON ALL LOANS

14. To date, Defendants have failed to remit any portion of the outstanding debt.

15. On or about October 22, 2007, in attempts to negotiate repayment terms for the Loans, Defendants unilaterally executed an unsecured Promissory Note admitting that they are responsible for the outstanding debt of $568,240.50.

16. The Promissory Note proffered by Defendants contained terms that were unacceptable to Plaintiffs, specifically with respect to the stated rate of interest of 4.7% and the lack of security stated therein in the event of Defendant's default.

17. Accordingly, by executing a version of a Promissory Note in favor of Plaintiffs, albeit upon unacceptable terms, Defendants have admitted that Plaintiffs have made loans to them in the aggregate amount of $568,240.50, which are due and owing to Plaintiffs.

18. Furthermore, Defendants have attempted to repay a portion of the principal amount of $568,240.50 by check annexed as Exhibit "B" based upon terms that were unacceptable to Plaintiffs.

19. Plaintiffs did not cash the check indicated in Exhibit "B."

20. Plaintiffs have provided Defendants with acceptable versions of a Promissory Note that contained acceptable terms, which Defendants have refused to execute.

## CONCLUSION

21.  Defendants have failed and refused to make any payments towards repayment of Loan although Plaintiffs has made numerous demands for payment.

22.  No previous application has been made for the relief requested herein.

23.  There is now due and owing to Plaintiffs the aggregate principal amount of the Loans $568,240.50, together with interest from the respective Loan Dates as well as attorneys' fees, costs and expenses, in a total amount of at least $612,535.98.

## CLAIMS AND DAMAGES

## LEGAL CLAIMS

Based upon the above allegations, Plaintiff maintains the following legal claims against Bank of America:

### COUNT ONE
**BREACH OF CONTRACT**

24.  Plaintiffs repeat, reallege, and incorporate by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

25.  As of the date of this Complaint, Defendants remains in material breach of contract in respect of the admitted Loan Amounts by unilaterally failing to repay the Loans, which principal amount of the Loans in the aggregate is $568,240.50, together with interest from the respective Loan Dates as well as attorneys' fees, costs and expenses, in a total amount of at least $612,535.98.

26. Despite promises that Plaintiffs would be repaid the Loan Amounts, Defendants have failed to repay any portion of the Loan Amounts.

27. Accordingly, Plaintiffs are owed and entitled to $612,535.98 in breach of contract damages.

## ATTORNEYS' FEES AND COSTS

28. Attorneys' fees and costs are warranted in this matter as the undersigned, on behalf of Plaintiff, have in good faith, attempted to negotiate a reasonable resolution with Defendant without having to refer this matter to this forum for adjudication, determination and final resolution on the merits.

## REQUEST FOR RELIEF

**WHEREFORE**, Birnbaum requests that this Court order the following relief in favor of Plaintiffs:

I. On Count One, the aggregate principal amount of the Loans $568,240.50, together with interest from the respective Loan Dates as well as attorneys' fees, costs and expenses, in a total amount of at least $612,535.98;

II. An award of prejudgment interest, costs and attorney's fees; and

III. Such other and further relief that this Court may deem just and proper.

Dated:   New York, New York
         November 8, 2007

                                      Respectfully submitted,

                                      **SACK & SACK, ESQS.**

                              By: _____
                                      Jonathan Sack, Esq.

                              **Attorneys for Plaintiffs**
                              110 East 59th Street, 19th Floor
                              New York, New York 10022
                              Tel.: (212) 702-9000
                              Fax: (212) 702-9702

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Removal was served by U.S. mail, first-class, postage pre-paid and on December 5, 2007 upon the following parties:

>Jonathan Sack
>Sack & Sack
>110 East 59th Street
>19th Floor
>New York, New York 10022

_____
LOUELLE JOHNSON