UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

PAUL YABLON AND JILL YABLON,

              Plaintiffs,

        - against -

DENTAL EXCELLENCE OF BLUE BELL AND
KENNETH B. SIEGEL  AND CINDY SIEGEL,
INDIVIDUALLY,

              Defendants.

------------------------------------------------------------------- x

       **07 CV 11040**

       **(DLC)**

       **AFFIRMATION**

       JONATHAN S. SACK, an attorney duly admitted to practice in the State of New York and before this Court, affirms and says:

       1.  I am a member with Sack & Sack, counsel for Plaintiffs, Paul Yablon and Jill Yablon.  I respectfully submit this affirmation in opposition to Defendants' Motion to Dismiss.

       2.  Attached hereto as Exhibit "A" are true and correct copies of the following documents:

| Ex. | DATE | FROM | TO | DESCRIPTION |
|---|---|---|---|---|
| A.1 | 7/5/2006 | Kenneth B. Siegel | Jonathan Sack | letter |
| A.2 | 9/12/2006 | Cindy Siegel | Jonathan Sack | letter with collection statements |
| A.3 | 9/14/2006 | Kenneth B. Siegel | Jonathan Sack | fax of Aurum Ceramic Dental Laboratories, LLP Collection Letter, re:Account #43-4671 |
| A.4 | 9/19/2006 | Cindy Siegel | Jonathan Sack | Discover Card Collections/Settlement Offer |
| A.5 | 9/25/2006 | Cindy Siegel | Jonathan Sack | fax of Commerce Bank Collections |
| A.6 | 9/28/2006 | Andrew Steele/Alexander Wright & Associates | Jonathan Sack | fax of Aurum Ceramic Dental Laboratory Collection Letter, Case # 577855-01 |
| A.7 | 10/5/2006 | Kenneth B. Siegel | Jonathan Sack | fax of Discover Card Bill |
| A.8 | 10/10/2006 | Cindy Siegel | Jonathan Sack | fax of Commerce Bank statement |
| A.9 | 10/11/2006 | Andrew Steele/Alexander Wright & Associates | Jonathan Sack | fax of Aurum Ceramic Dental Laboratory Collection Letter, Case # 577855-01 |

| A.10 | 10/14/2006 | Cindy Siegel | Jonathan Sack | fax of Commerce Bank Collections |
|------|-----------|--------------|---------------|----------------------------------|
| A.11 | 10/14/2006 | Cindy Siegel | Jonathan Sack | fax of Chase Bank Collections |
| A.12 | 10/16/2006 | Jonathan Sack | Kenneth B. Siegel | fax of Commerce Bank Collections |
| A.13 | 10/16/2006 | Jonathan Sack | Kenneth B. Siegel | fax of Aurum Ceramic Dental Laboratory Collection Letter, Case # 577855-01 |
| A.14 | 10/17/2006 | Kenneth B. Siegel | Jonathan Sack | Notice of Judgment and Execution/H.A. Steen v. D.E.B.B. |
| A.15 | 10/18/2006 | Maribeth/D.E.B.B. | Jonathan Sack | Complaint/H.A. Steen v. D.E.B.B. |
| A.16 | 10/18/2006 | Kenneth B. Siegel | Jonathan Sack | email re: collections by Commerce and Steen |
| A.17 | 10/19/2006 | Jonathan Sack | Kenneth B. Siegel | email re: ADT |
| A.18 | 10/19/2006 | Maribeth/D.E.B.B. | Jonathan Sack | fax of phone message re: collection call from Verizon account |
| A.19 | 10/19/2006 | Maribeth/D.E.B.B. | Jonathan Sack | fax of Individualized BankCard Services Collection Letter |
| A.20 | 10/19/2006 | Jonathan Sack | Gayle Borden/SKO Brenner American | Demand Letter |
| A.21 | 10/19/2006 | Jonathan Sack | Willie Pollins/Turner & McDonald, PC | H.A. Steen v. D.E.B.B. |
| A.22 | 10/19/2006 | Jonathan Sack | Dilcie Farlay/Commerce Bank | Demand Letter |
| A.23 | 10/19/2006 | Jonathan Sack | Andrew Steele/Alexander, Wright & Associates | Settlement Letter |
| A.24 | 10/19/2006 | Citibank | Kenneth B. Siegel | Transfer Record ($10,000 for collection agency) |
| A.25 | 10/20/2006 | Gayle Borden | Jonathan Sack | Settlement Proposal |
| A.26 | 10/19/2006 | Citibank | Jonathan Sack | $10,000 wire from Paul Yablon |
| A.27 | 10/19/2006 | Jonathan Sack | Arthur Brosius | Demand Letter (re: Loan No, 1801125252) |
| A.28 | 11/2/2006 | Cindy Siegel | Jonathan Sack | Settlement Agreement from Chase Bank |
| A.29 | 11/2/2006 | Kenneth B. Siegel | Jonathan Sack | Email re:Commerce Bank Collections |
| A.30 | 10/30/2006 | Cindy Siegel | Jonathan Sack | fax of Commerce Bank Foreclosure Warning |
| A.31 | 11/14/2006 | Cindy Siegel | Jonathan Sack | fax of Discover Card Collections/Settlement Offer |
| A.32 | 11/20/2006 | Cindy Siegel | Jonathan Sack | copy of $800 check to ADT |
| A.33 | 11/21/2006 | Kenneth B. Siegel | Jonathan Sack | Confession of Judgment/H.A. Steen v. D.E.B.B. |
| A.34 | 11/28/2006 | Tara Meiler/Creditors Interchange | Jonathan Sack | Settlement Agreement |

| A.35 | 11/29/2006 | Kenneth B. Siegel | Jonathan Sack | email re: Creditors Interchange settlement arrangements |
| A.36 | 12/20/2006 | Jonathan Sack | Andrew Steele/Alexander, Wright & Associates | cover letter re: Dental Excellence/Aurum Ceramic Dental Laboratory |
| A.37 | 12/19/2006 | Jonathan Sack | Aurum Ceramic Dental Laboratory | $7,500 Settlement Check |
| A.38 | 12/19/2006 | Citibank | Jonathan Sack | $7,500 wire from Paul Yablon |
| A.39 | 1/10/2007 | D.E.B.B. | Jonathan Sack | fax of Philadeplphia Newspapers Collections |
| A.40 | 1/18/2007 | Cynthia Maier/Client Services, Inc. | Jonathan Sack | Citicard Settlement Agreement |
| A.41 | 1/19/2007 | Kenneth B. Siegel | Jonathan Sack | fax of Confession of Judgment/Commerce Bank v. D.E.B.B. |
| A.42 | 1/23/2007 | Jack Seitz/Lamm Rubenstone | Jonathan Sack | Commerce Settlement Offer |
| A.43 | 2/7/2007 | Jack Seitz/Lamm Rubenstone | Jonathan Sack | Commerce Bank Forebearance Agreement draft |
| A.44 | 2/12/2007 | Jonathan Sack | Jack Seitz/Lamm Rubenstone | Commerce Settlement Negotiation |
| A.45 | 2/13/2007 | Jack Seitz/Lamm Rubenstone | Jonathan Sack | Commerce Settlement Negotiation |
| A.46 | 2/10/2007 | Kenneth B. Siegel | Jonathan Sack | fax of NCO Financial Systems, Inc. Collections for Commerce Bank |
| A.47 | 3/12/2008 | Jonathan Sack | Jack Seitz/Lamm Rubenstone | Cover letter re: Commerce Bank Settlement Agreement |
| A.48 | 3/12/2007 | Jonathan Sack | Jack Seitz/Lamm Rubenstone | Commerce Bank Settlement Agreement |
| A.49 | 3/20/2007 | Jonathan Sack | Jack Seitz/Lamm Rubenstone | $100,000 partial settlement check to Commerce Bank |
| A.50 | 3/23/2007 | Jack Seitz/Lamm Rubenstone | Jonathan Sack | Signed Settlement Agreement Cover |
| A.51 | 4/5/2007 | Jonathan Sack | Jack Seitz/Lamm Rubenstone | Cover letter for final settlement check to Commerce Bank |
| A.52 | 4/5/2007 | Jonathan Sack | Jack Seitz/Lamm Rubenstone | $370,000 final settlement check to Commerce Bank |
| A.53 | 5/2/2007 | Redline Recovery/Steve Vermeulen | Jonathan Sack | Citibank Collections |
| A.54 | 5/7/2007 | Jack Seitz/Lamm Rubenstone | Jonathan Sack | Mortgage Satisfaction pieces |
| A.55 | 5/7/2007 | Jack Seitz/Lamm Rubenstone | Jonathan Sack | Praecipe for Satisfaction of Judgment |
| A.56 | 6/11/2007 | Redline Recovery/Paul Rotando | Jonathan Sack | Offer of reduced Citibank settlement |
| A.57 | 7/19/2007 | Kenneth B. Siegel | Jonathan Sack | fax of alternate collection agency for Citicard |

I declare that the foregoing is true and accurate.

Dated: New York, New York
      January 10, 2008

_____
           JONATHAN SACK, ESQ.

**EXHIBIT A.1**



PERSONALIZED & COMFORTABLE

July 5, 2006


Sack & Sack
110 East 59th Street
19th Floor
New York, NY  10022
Attn:  Jonathan S. Sack



Mr. Sacks,

Here is the information that Jill and Paul asked me forward to your office.  If you need any other information please let me know.

Sincerely,


Kenneth B. Siegel

KENNETH SIEGEL, DMD
706 DEKALB PIKE, BLUE BELL, PA 19422  •  610-272-0828  •  FAX: 610-272-4319
www.bluebellsmiles.com

**EXHIBIT A.2**

Sept 12, 2006

110 East 59th St        19th Floor
                New York, New York   10022

J-


We are still getting endless phone
calls but are now receiving letters.

I assume you would want them

One is from Commerce Bank re: loan
the other two are about
credit cards.

                Thanks,

                Cindy Siegel

                        (Jill + Paul's
                         sister in law)

821 Firethorn Circle
   Dresher Pa 19025
   215 784 9274

CSS22 @ aol. com

**Commerce Bank**
*America's Most Convenient Bank®*

Notice Date: **09/06/06**

**DENTAL EXCELLENCE OF BLUE BELL**
**706 DEKALB PIKE**
**BLUE BELL PA   19422**

## Payment Recalculation Notice

In accordance with your loan agreement, we have recalculated your payment amount to ensure that your loan will amortize fully at maturity. Below are the details:

### Current Loan Information

| | |
|---|---|
| Loan Number: | 001801502190 |
| Contract Date: | 11/01/02 |
| Maturity Date: | 11/01/09 |
| Current Balance: | 295,795.75 |
| Current Interest Rate: | 10.50000 |
| Old P&I Loan Payment: | 8,564.00 |

### New Payment Information

| | |
|---|---|
| Projected Balance: | 283,903.99 |
| Projected Payments Remaining: | 37 |
| Principal & Interest: | 9,017.08 |
| Escrow: | .00 |
| Total Payment: | 9,017.08 |
| Payment Effective Date: | 10/01/06 |

It has been a pleasure to be of service to you. If you should have any questions, please feel free to contact us at 1-888-751-9000.

Sincerely,

Commerce Bank, NA
Loan Services

commerceonline.com

Cardmember Service
P.O. Box 15548
Wilmington, DE 19886-5548



September 05, 2006

001463

Cindy Siegel
821 Firethorn Cir
Dresher PA  19025-1426
|..||.|..|.|||.|.||..|.||.|.||..|.|||.|.|.||.||.||..||.|..|||.||..||..||

Account: 4266841093060661

Dear Cindy Siegel,

       We can help you get control of your balance today!

We have been trying to contact you for some time now. Since we haven't
been able to reach you, you may not be aware of our flexible payment
options designed to help you resolve your financial difficulties.

We have several payment options that can reduce your monthly payments.
Savings may include:

* waiving late fees;
* waiving any over-limit fees; and
* reducing your annual percentage rate.

Take control of your balance by calling 1-866-341-4383. By working
together, we can find a payment option that fits your needs.

Sincerely,

Customer Support Division

Account is owned by Chase Bank USA, N.A.
Calls may be monitored and/or recorded to ensure the highest level of
quality service.

AM0001



Individualized
BankCard
Services

www.aaanetaccess.com

KENNETH B SIEGEL DMD
706 DEKALB PIKE
BLUE BELL PA 19422-121406


September 06, 2006

Account No.: 4264 2960 6321 2838

Dear Kenneth B Siegel DMD,

We have recently made several attempts to contact you to discuss the above-referenced account, but we have been unsuccessful. We understand that unforeseen challenges can cause financial stress, but if your account remains past due your credit history may be adversely affected.

To update your account information and make payment arrangements, please call us at 1-888-800-2521, Monday through Thursday from 8 a.m. to 9 p.m., Friday, 8 to 5, or Saturday, 8 to noon (Eastern time). A payment of at least $5,266.00 by your due date will bring your account up to date.

**If you are unable to pay $5,266.00 by your due date, then please call 1-888-800-2521, Monday through Thursday from 8 a.m. to 9 p.m., Friday, 8 to 5, or Saturday, 8 to noon (Eastern time).** A knowledgeable Account Manager will be able to discuss alternate payment arrangements with you when you call.

Sincerely,

**Orlando Powell**

Customer Assistance department

P.S. For up-to-the-minute account information, please visit www.aaanetaccess.com.



Davis
MBM LST3 1-1 US-EN                    1 of 1                    06-250-00093 - 1359

**EXHIBIT A.3**



Stradley Ronon Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
Telephone (215) 564-8000
Fax (215) 564-8120
www.stradley.com

September 13, 2006

**VIA OVERNIGHT MAIL**

Dr. Kenneth Siegel
706 DeKalb Pike
Blue Bell, PA 19422

**RE:** **Aurum Ceramic Dental Laboratories, LLP Account #43-4671**

Dear Dr. Siegel:

I represent Aurum Ceramic Dental Laboratories, LLP ("Aurum"), who has asked that I contact you with regard to the outstanding balance on your account.

At your request, Aurum has been pleased to perform crown and bridge work for a number of your patients over the past two years. Per your agreement with Aurum, invoices for Aurum's services were mailed to you and were due and payable within thirty (30) days with penalties accruing on unpaid balances at 2% per month. In violation of that agreement, your account remains delinquent, with a past due balance of $31,823.13 as of August 28, 2006.

While Aurum appreciates your most recent payment of $9,354.55 on March 31, 2006, it is disappointed with your failure to honor your contractual obligations and your subsequent lack of response to its efforts to resolve this situation.

Please contact me at your earliest convenience to discuss this matter. If I do not hear from you within ten days (by September 25, 2006) to arrange a mutually satisfactory payment plan, I regret that Aurum will have no choice but to proceed with collections efforts.

Sincerely yours,

Kimberly A. Hendrix

KH/cmp

Philadelphia, PA • Malvern, PA • Harrisburg, PA • Wilmington, DE • Cherry Hill, NJ • Washington, DC
A Pennsylvania Limited Liability Partnership
# 501377 v. 1

**EXHIBIT A.4**

 

# A **phone card**
## for you.

00000896

Cindy R Siegel
821 Firethorn Circle
Dresher PA 19025-1426

## Call 1-800-347-7049 now!

**Account Number:** 6011300170520959
**Account Balance:** $12,622.55

Dear Cindy R Siegel:

Surely your outstanding debt with Discover Financial Services LLC has been a source of stress for you. We understand and want to help you feel better about your situation... starting right now.

Simply call us at **1-800-347-7049** to take advantage of this special offer:

- **Call us no later than September 28, 2006 and we will agree to accept 40% as settlement of the balance on your Discover Card® Account.\***

- A 40% settlement means you'll pay just 40 cents on the dollar. That's it. You're done. No more collection calls, fees or worry over this debt.

- Call **1-800-347-7049** to arrange your settlement payment today.

You are one phone call away from feeling much better about your financial situation. Your call and payment of the 40% settlement amount will satisfy your entire debt of this Account.

**You can also accept this offer by calling 1-800-893-5349 and referencing PIN #5507990761 to activate the attached 60-minute phone card.\*\*** Then be sure to call Discover Card no later than September 28, 2006 to arrange your payment.

This offer is too good to let pass. Please keep in mind: If we don't hear from you by September 28, 2006 to arrange your settlement payment, we will continue collection activity to secure the full balance. We're sure you want to resolve this matter as much as we do. So why not take a moment and call us today?

Sincerely,

*Marc Taylor*

Marc Taylor
Discover Financial Services LLC

\* Upon receipt of the agreed settlement amount, we will send an update to the major credit reporting agencies in your area informing them this account has been settled in full for less than the full balance.

\*\* Please note: When you call 1-800-893-5349 and activate your Sprint phone card, you will have also agreed to accept Discover Card's 40% settlement offer.

*This is an attempt to collect a debt and any information obtained may be used for that purpose.*

686

PO Box 3008
New Albany, OH 43054-3008

**DISCOVER**
FINANCIAL SERVICES

September 12, 2006

LDPCRB01 0009109
Cindy R Siegel
821 Firethorn Cir
Dresher PA 19025-1426

| | |
|---|---|
| Account Ending In | 0959 |
| Current Balance | **$12,622.55** |
| Amount Now Due | **$991.00** |
| Amount Enclosed | |

*TO
Jonathon
Sack

FAX
212 7029702*

0000090000000000000000000000

Mail top portion in enclosed envelope

**Notice:** Your Discover Card privileges may be suspended.
**Action:** Please call us at 1-800-347-0346.

Dear Cindy R Siegel:

We are sending you this notice because your Discover Card Account is
considerably past due, and we'd like to help prevent your charge
privileges from being suspended.

Here are a couple of ways to keep your Account in good standing:

- Communication is important.  Call us today at 1-800-347-0346 to talk
to us about your situation.  Even if you cannot pay the amount due
today, a friendly representative will help you select an affordable
solution, one that's right for you.

- Visit www.Discovercard.com and access the Account Center for details
on how to pay online.

We look forward to hearing from you and helping in whatever way we can.

Sincerely,

Kimberly A. Smith
Discover Financial Services LLC

P.S. Call toll-free, 1-800-347-0346.  Office hours, MONDAY - THURSDAY
8:00 AM TO MIDNIGHT, FRIDAY 8:00 AM TO 11:00 PM SATURDAY 8:00AM TO 4:30
PM EASTERN.

This is an attempt to collect a debt and any information obtained may be used for that purpose.

**EXHIBIT A.5**

6000 Atrium Way
Mt. Laurel NJ 08054-3918



**Commerce Bank**

(888) 751-9000

RETURN SERVICE REQUESTED

September 20, 2006

Commerce Bank of New Jersey
6000 Atrium Way
Mt. Laurel NJ 08054-3918

102    852010    4984

Cindy Siegel
821 Firethorn Cir
Dresher PA 19025-1426

RE: Account #: 1801125252
Current Account Balance: $168,820.05

---

***Detach Upper Portion And Return With Payment***

RE: Account #:        1801125252
Current Account Balance:  $168,820.05

Dear Cindy Siegel:

At this time, the above mentioned account remains seriously delinquent for the monthly payments due 08/10/06, to present.

We have made several attempts to contact you regarding the delinquent status of your account. Your current account balance is $168,820.05, with a current amount due of $4,067.48.

It is of the utmost importance that you make payment immediately at your local branch.  If said payment cannot be made, contact me directly at the number listed below.

We look forward to hearing from you in the near future to avoid any further collection action.

Very truly yours,

*COMMERCE BANK, N.A.*

Rocco L Paladino
Assitant Cashier
888-751-9000 Ext. 6896

TO: Jonathan Sack, Esq
FAX 212 7029702

1CSCOMM01102

Commerce Bank of New Jersey  ♦6000 Atrium Way ♦ Mt. Laurel NJ 08054-3918 ♦ Telephone: (888) 751-9000

**EXHIBIT A.6**

# ALEXANDER, WRIGHT & ASSOCIATES

**1130 E. Arapaho Ste 535**
**RICHARDSON, TEXAS 75081**
**OFFICE: 800.818.3501, 972.638.9000 ext 1595**
**FAX: 972.638.9015**

## FACSIMILE TRANSMITTAL

TO: Johnathan Sack                Fax: 212-702-9702

ATTN:                             Date: 9/28

FROM: Andrew Steele               Pages: 2

RE: Ken Siegel

**Confidentiality Notice**: This facsimile contains confidential information, which is intended only for the use of the addressee(s) named above.. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of said facsimile, or the taking of any action in reliance on the contents of this telecopied information, may be strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the entire facsimile to us at the above address via US Postal Service. Thank you.



# STATEMENT

**AURUM**

**ERAMIC**
DENTAL LABORATORIES, LLP.
1320 N. HOWARD, SPOKANE, WA. 99201-2412
TELEPHONE (509) 326-5885
(509) 326-5944
FAX

TOLL FREE CUSTOMER SERVICE 1-800-423-5599

IN ACCOUNT WITH

DR. KEN SIEGEL
706 DEKALB PIKE
BLUE BELL, PA
19422

CUSTOMER NO.  43-4671
STATEMENT DATE  28/08/06
Page: 1

| DO/M/YY | INVOICE NUMBER | REFERENCE | DO/ CHARGES | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 28/07/06 | 0 | Balance Forward | E | | 31,199.15 |
| 28/08/06 | 170 | | E  31,199.15 | | 31,823.13 |
| | | | 623.98 | | |

"Princess" Beautiful Pressed
Ceramic Margins — PFM Strength.
Call for more information!

| CODE | | | | | TOTAL DUE |
|---|---|---|---|---|---|
| CURRENT | OVER 30 | OVER 60 | OVER 90 | | 31,823.13 |
| 623.98 | 461.07 | 454.26 | 30,283.82 | | |

1 INVOICE   P. PAYMENT   Q. ADJUSTMENT   F. SERVICE CHARGE

A SERVICE CHARGE OF 1.5% PER MONTH CHARGED ON OVERDUE ACCOUNTS (18% PER ANNUM)

PLEASE SEE REVERSE SIDE

---

PLEASE DETACH THIS PORTION
RETURN WITH YOUR REMITTANCE.

DR. KEN SIEGEL

AMOUNT PAID  $

CUSTOMER NO.  43-4671
DAY  26

| INVOICE NO. | | NET |
|---|---|---|
| Bal Forwd | | 31,1 |
| 170 | | |

PLEASE PAY
THIS AMOUNT ▶  31,8

# ALEXANDER, WRIGHT & ASSOCIATES

1130 E. Arapaho Ste 535
RICHARDSON, TEXAS 75081
OFFICE: 800.818.3501, 972.638.9000 ext 1595
FAX: 972.638.9015

## FACSIMILE TRANSMITTAL

TO: JOHNATHAN SACK                    Fax: 212-702-9702

ATTN:                                 Date: 9/28

FROM: ANDREW STEELE                   Pages: 2

RE: KEN SIEGEL

10,000
5,500
15,500 —

**Confidentiality Notice**: This facsimile contains confidential information, which is intended only for the use of the addressee(s) named above.. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of said facsimile, or the taking of any action in reliance on the contents of this telecopied information, may be strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the entire facsimile to us at the above address via US Postal Service. Thank you.

Aurum Ceramic Dental - Calgary          Company:43
  Customer Current Account Inquiry    43-4671  DR. KEN SIEGEL
------------------------------------------------------------------------

| Trans Date | Tran Type | Document Number | FIS Yr | CAL Prd | Patient Memo | Trans Amount | Accum Total |
|---|---|---|---|---|---|---|---|
| 12/12/05 | I | 636783 | 2005 | 12 | FISHER, WENDY | 580.61 | 17,301.13 |
| 20/12/05 | I | 640060 | 2005 | 12 | LIOTTA, PHIL | 1,813.00 | 19,114.13 |
| 23/12/05 | I | 641782 | 2005 | 12 | KETCH, JAY | -89.00 | 19,025.13 |
| 27/12/05 | I | 640192 | 2005 | 12 | UDINSON, GARY | 585.00 | 19,610.13 |
| 28/12/05 | F | 165 | 2005 | 12 | | 535.39 | 20,145.52 |
| 10/01/06 | I | 642406 | 2006 | 01 | WEISSMAN, WYNN | .00 | 20,145.52 |
| 12/01/06 | I | 643573 | 2006 | 01 | GIES, GLENDA | 370.00 | 20,515.52 |
| 25/01/06 | I | 645651 | 2006 | 01 | DION, DON | 185.00 | 20,700.52 |
| 28/01/06 | F | 166 | 2006 | 01 | | 662.90 | 21,363.42 |
| 01/02/06 | I | 648492 | 2006 | 02 | WEISSMAN, WYNN | 259.00 | 21,622.42 |
| 06/02/06 | I | 649478 | 2006 | 02 | STOUTZENBERGER, SUSA | .00 | 21,622.42 |
| 06/02/06 | I | 649479 | 2006 | 02 | STOUTZENBERGER, SUSA | 81.25 | 21,703.67 |
| 14/02/06 | I | 649989 | 2006 | 02 | CHOI, SANDRA | 3,259.00 | 24,962.67 |
| 28/02/06 | F | 172 | 2006 | 02 | | 456.17 | 25,418.84 |
| 24/03/06 | I | 659393 | 2006 | 03 | AUGUSTINE, DELORES | 3,766.00 | 29,184.84 |

Aurum Ceramic Dental - Calgary          Company:43
  Customer Current Account Inquiry    43-4671  DR. KEN SIEGEL
------------------------------------------------------------------------

| Trans Date | Tran Type | Document Number | FIS Yr | CAL Prd | Patient Memo | Trans Amount | Accum Total |
|---|---|---|---|---|---|---|---|
| 21/10/05 | I | 625925 | 2005 | 10 | DEWEY, CHUCK | 383.24 | 383.24 |
| 28/10/05 | F | 163 | 2005 | 10 | | 501.02 | 884.26 |
| 28/10/05 | I | 625135 | 2005 | 10 | RICHARDS, DOUG | 7,803.00 | 8,687.26 |
| 01/11/05 | I | 628451 | 2005 | 11 | KOSH, ELLEN | 275.00 | 8,962.26 |
| 07/11/05 | I | 624471 | 2005 | 11 | MCCONNELL, NANCY | .00 | 8,962.26 |
| 09/11/05 | I | 629440 | 2005 | 11 | CHINEZE, ILOGUE | .00 | 8,962.26 |
| 10/11/05 | I | 630199 | 2005 | 11 | MURPHY, DOROTHY | 370.00 | 9,332.26 |
| 14/11/05 | I | 630157 | 2005 | 11 | STOUTZENBERGER, SUSA | 1,732.00 | 11,064.26 |
| 16/11/05 | I | 632211 | 2005 | 11 | AUGUSTINE, DELORES | .00 | 11,064.26 |
| 18/11/05 | I | 632024 | 2005 | 11 | DEWEY, CHUCK | .00 | 11,064.26 |
| 24/11/05 | I | 633845 | 2005 | 11 | KETCH, JAY | 178.00 | 11,242.26 |
| 28/11/05 | F | 164 | 2005 | 11 | | 491.03 | 11,733.29 |
| 01/12/05 | I | 634863 | 2005 | 12 | LIOTO, PHILIP | 275.00 | 12,008.29 |
| 02/12/05 | I | 635613 | 2005 | 12 | STOUZENBERGER, SUSAN | .00 | 12,008.29 |
| 12/12/05 | I | 633879 | 2005 | 12 | KOSH, ELLEN | 4,712.23 | 16,720.52 |

Aurum Ceramic Dental - Calgary          Company:43
  Customer Current Account Inquiry    43-4671  DR. KEN SIEGEL
------------------------------------------------------------------------

| Trans Date | Tran Type | Document Number | FIS Yr | CAL Prd | Patient Memo | Trans Amount | Accum Total |
|---|---|---|---|---|---|---|---|
| 28/03/06 | F | 168 | 2006 | 03 | | 517.00 | 29,701.84 |
| 17/04/06 | I | 664868 | 2006 | 04 | STOUTZENBERGER, SUSA | .00 | 29,701.84 |
| 28/04/06 | F | 98 | 2006 | 04 | | 440.93 | 30,142.77 |
| 28/05/06 | F | 184 | 2006 | 05 | | 447.54 | 30,590.31 |
| 28/06/06 | F | 167 | 2006 | 06 | | 454.26 | 31,044.57 |
| 28/07/06 | F | 169 | 2006 | 07 | | 461.07 | 31,505.64 |
| 28/08/06 | F | 170 | 2006 | 08 | | 623.98 | 32,129.62 |
| 28/08/06 | B | 0 | 2006 | 08 | *** BALANCE *** | 31,823.13 | 31,823.13 |

# ALEXANDER, WRIGHT & ASSOC. INC

1130 E. ARAPAHO RD STE 535
RICHARDSON TX, 75081
OFFICE: (800) 818-3501 EXT 1595 FAX: (972) 638-9015

October 11, 2006

Dr Ken Siegel
706 Dekalb Pike
Blue Bell PA 19422

RE: Aurum Ceramic Dental Laboratory
Amount Due: $37,392.18
Case # 577855-01

This letter is to confirm that Alexander, Wright & Associates, Inc, acting as authorized agent of Aurum Ceramic Dental Laboratory, will accept $17,500.00, 10,000.00 dated 10/18/06 and 7,500.00 by 12/18/06 reflecting all monies owed to the above listed creditor. Once these funds have been received and are confirmed valid, the attached lien release will be effective and executed. For immediate lien release the funds must be certified {bank wire, money order, or cashiers check}.

Payment of this amount constitutes full and final payment of all monies owed and relieves any further liability. Should any of the terms of this agreement be violated, this agreement is null and void. Should any financial instrument used be returned for any reason, will void this arrangement, and lose any settlement and all legal fees will be added to the account.

Thank You,

Andrew Steele
Legal Coordinator
**Alexander, Wright & Associates, Inc.**
1-800-818-3501 ext 1595

cc: Corporate Attorney

# ALEXANDER, WRIGHT & ASSOCIATES

1130 E. Arapaho Ste 535
RICHARDSON, TEXAS 75081
OFFICE: 800.818.3501, 972.638.9000 ext 1595
FAX:  972.638.9015

## FACSIMILE TRANSMITTAL

TO: JOHN SACK                    Fax: 212-702-9702

ATTN:                           Date: 10/11

FROM: ANDREW STEELE             Pages: 2

RE: AURUM CERAMIC DENTAL LABORATORY

.

**Confidentiality Notice**: This facsimile contains confidential information, which is intended only for the use of the addressee(s) named above.. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of said facsimile, or the taking of any action in reliance on the contents of this telecopied information, may be strictly prohibited.  If you have received this facsimile in error, please notify us immediately by telephone and return the entire facsimile to us at the above address via US Postal Service. Thank you.

215.
784.
9274

**EXHIBIT A.7**

# DENTAL EXCELLENCE OF BLUE BELL
## KENNETH B. SIEGEL, D.M.D.

---

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Jon Sack | FROM: |
| FAX NUMBER: 212 702 9702. | DATE: |
| COMPANY: | TOTAL NO. OF PAGES INCLUDING COVER: |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| | YOUR REFERENCE NUMBER: |

☐ URGENT☐ FOR REVIEW☐ PLEASE COMMENT☐ PLEASE REPLY ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

**DISCOVER**
C A R D

| | |
|---|---|
| new balance | **$12,622.55** |
| minimum payment due | **$991.00** |
| payment due date | **September 26, 2006** |

account number **6011 3001 7052 0959**
enter amount enclosed below

$ _____

Please make check payable to Discover Platinum Card. You are overlimit. Pay the sum of the monthly minimum payment plus the overlimit amount of $822.55.

00096039 01 AT  0.308 T2    26 SDS3RB07  478

CINDY R SIEGEL
821 FIRETHORN CIR
DRESHER PA 19025-1426

Avoid fees by signing up for timely e-mail reminders. Get alerts when your payment due date is coming up and more. Go to Discovercard.com/reminders

Address, e-mail or telephone change? Print change in space above, or go to Discovercard.com. Print your e-mail address to receive important Account information and special offers.

PO BOX 15251
WILMINGTON DE 19886-5251

0000060113001705209591262255000000000099100

### Discover Platinum Card Account Summary
#### Cardmember since 1995

| | |
|---|---|
| account number | 6011 3001 7052 0959 |
| payment due date | September 26, 2006 |
| minimum payment due | $991.00 |
| credit limit | $11,800.00 |
| credit available | $0.00 |
| cash credit limit | $5,900.00 |
| cash credit available | $0.00 |

**Closing Date: August 27, 2006**     page 1 of 2

| | | |
|---|---|---|
| previous balance | | $12,299.46 |
| payments and credits | - | 0.00 |
| purchases | + | 78.00 |
| cash advances | + | 0.00 |
| balance transfers | + | 0.00 |
| **FINANCE CHARGES** | + | 245.09 |
| new balance | = | $12,622.55 |

You may be able to avoid Periodic Finance Charges, see the reverse side for details.

## Cashback Bonus®

| | | |
|---|---|---|
| Opening Cashback Bonus Balance | $ | 0.00 |
| New Cashback Bonus Earned | + | 0.00 |
| **Cashback Bonus Balance** | **$** | **0.00** |
| **Available to Redeem** | **$** | **0.00** |

Cashback
Bonus

### Transactions

| | trans. date | post date | | | |
|---|---|---|---|---|---|
| **Other/Miscellaneous** | Aug 27 | Aug 27 | OVERLIMIT FEE | $ | 39.00 |
| | Aug 27 | Aug 27 | LATE FEE | | 39.00 |

While we are permitted under the Cardmember Agreement to increase the APRs on your Account because your payment was late, we have chosen not to do so at this time. We have terminated, however, any introductory or promotional rate on purchases and any special balance transfer rate, and applied the standard APR for purchases to your outstanding balance of purchases and balance transfers. However, we reserve the right to increase the APRs on your Account if you fail to pay the minimum payment due by the payment due date. See the Default Rate Plan section of the Cardmember Agreement for details.

******* ATTENTION ******* ATTENTION ******* ATTENTION ******* ATTENTION ******* ATTENTION *******
Your account is seriously past due. Payment of the amount due and arrangements for future payments should be made immediately.

Save time and a stamp this month by paying your bill online at Discovercard.com. Make a one-time payment or

**DISC VER**
CARD

| | new balance | minimum payment due | | account number 6011 3081 7009 9775 |
| --- | --- | --- | --- | --- |
| | $20,152.55 | $448.00 | | enter amount enclosed below |

payment due date
**September 19, 2006**

$ [ ]

Please make check payable to Discover Titanium Ca
or pay online @ Discovercard.com.

00022513 01 AV  0.293 T1      19 SDS3RB02  117
DR. KENNETH B SIEGEL
706 DEKALB PIKE
BLUE BELL PA 19422-1214

Protect yourself from identity theft, one of the
fastest growing crimes in America. Our
Identity Theft Protection provides piece of
mind. See enclosed envelope to enroll now!

PO BOX 15251
WILMINGTON DE 19886-5251

Address, e-mail or telephone change? Print change in space above, or
go to Discovercard.com. Print your e-mail address to receive important
Account information and special offers.

1250860113081700997752015255005000000044800

---

**Discover Titanium Card Account Summary**
Cardmember since 1996

| | |
| --- | --- |
| account number | 6011 3081 7009 9775 |
| payment due date | September 19, 2006 |
| minimum payment due | $448.00 |
| credit limit | $22,900.00 |
| credit available | $2,747.00 |
| cash credit limit | $11,500.00 |
| cash credit available | $2,747.00 |

**Closing Date: August 20, 2006**                    page 1 of 1

| | | |
| --- | --- | --- |
| previous balance | | $20,202.16 |
| payments and credits | - | 500.00 |
| purchases | + | 0.00 |
| cash advances | + | 0.00 |
| balance transfers | + | 0.00 |
| **FINANCE CHARGES** | + | 450.39 |
| new balance | = | $20,152.55 |

You may be able to avoid Periodic Finance Charges, see
the reverse side for details.

---

**Transactions**

| | trans. date | post date | | |
| --- | --- | --- | --- | --- |
| **Payments and Credits** | Aug 20 | Aug 20 | PAYMENT - THANK YOU | $ -500.00 |

Save time and a stamp this month by paying your bill online at Discovercard.com. Make a one-time payment or
schedule payments in advance up to your due date, whenever it's most convenient for you. To find out about our free
and flexible online payment features, visit Discovercard.com/payments

Discover Financial Services is once again proud to support the Juvenile Diabetes Research Foundation's Walk to Cure
Diabetes. Help us raise even more money to fund research for a cure by participating in the Walk or donating your
Cashback Bonus(R) to JDRF. A cure is within reach. To learn more, visit Discovercard.com or www.jdrf.org

---

Balance Transfer offer for current billing period: Daily Periodic Rate: 0.02712%; corresponding ANNUAL PERCENTAGE
RATE: 9.90%. Rate is subject to the terms of the offer including expiration.

| | Average Daily Balances | Daily Periodic Rates | Nominal ANNUAL PERCENTAGE RATES | ANNUAL PERCENTAGE RATES | Periodic FINANCE CHARGES | Transaction Fee FINANCE CHARGES |
| --- | --- | --- | --- | --- | --- | --- |
| current billing period: 31 days | | | | | | |

**EXHIBIT A.8**



*To John-*
*FAX 212-702-7702*

Commerce Bank N.A.
Commerce Atrium
1701 Route 70 East
Cherry Hill, NJ 08034-5400
888-751-9000

| STATEMENT DATE |
| --- |
| 09/30/06 |

| 0465969863 |
| --- |
| ACCOUNT NO. |

CINDY SIEGEL
821 FIRETHORN CIRCLE
DRESHER PA  19025

--- ---

---

CYCLE-051

```
*** SAVINGS ***  PERS. STMT SAVINGS                    BEGINNING RATE  0.25000
ACCOUNT NUMBER  0465969863
PREVIOUS STATEMENT BALANCE AS OF 06/30/06 .......................    10,107.68
   PLUS       1  DEPOSITS AND OTHER CREDITS  ................           4.82
   LESS       2  WITHDRAWALS AND OTHER DEBITS  ...............       9,305.00
CURRENT STATEMENT BALANCE AS OF 09/30/06 .......................       807.50
NUMBER OF DAYS IN THIS STATEMENT PERIOD    92
```

---

```
*** SAVINGS ACCOUNT TRANSACTIONS ***
   DATE       DESCRIPTION                 DEBITS           CREDITS
08/23  LOAN PAYMENT                       741.00
09/08  WITHDRAWAL                       8,564.00
09/30  INTEREST PAYMENT                                      4.82
```

---

```
*** BALANCE BY DATE ***
06/30   10,107.68  08/23    9,366.68  09/08     802.68  09/30     807.50
            PAYER FEDERAL ID NUMBER           22-2486057
            INTEREST PAID YEAR TO DATE            17.34
```

---

```
            *** INTEREST EARNED THIS STATEMENT PERIOD ***
DAYS IN PERIOD ..........................          92
INTEREST EARNED .........................        4.82
ANNUAL PERCENTAGE YIELD EARNED (APY)....        0.25%
```

---

John,
Here is the statement
from Commerce for the Nov 6/30
I'll talk to you later
if you can
Thanks Cindy

**EXHIBIT A.9**

# ALEXANDER, WRIGHT & ASSOCIATES

**1130 E. Arapaho Ste 535**
**RICHARDSON, TEXAS 75081**
**OFFICE: 800.818.3501, 972.638.9000 ext 1595**
**FAX: 972.638.9015**

## FACSIMILE TRANSMITTAL

TO: JOHN SACK                     Fax: 212-702-9702

ATTN:                             Date: 10/11

FROM: ANDREW STEELE               Pages: 2

RE: AURUM CERAMIC DENTAL LABORATORY

**Confidentiality Notice:** This facsimile contains confidential information, which is intended only for the use of the addressee(s) named above.. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of said facsimile, or the taking of any action in reliance on the contents of this telecopied information, may be strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the entire facsimile to us at the above address via US Postal Service. Thank you.

# ALEXANDER, WRIGHT & ASSOC. INC

1130 E. ARAPAHO RD STE 535
RICHARDSON TX, 75081
OFFICE: (800) 818-3501 EXT 1595 FAX: (972) 638-9015

October 11, 2006

Dr Ken Siegel
706 Dekalb Pike
Blue Bell PA 19422

RE: Aurum Ceramic Dental Laboratory
Amount Due: $37,392.18
Case # 577855-01

This letter is to confirm that Alexander, Wright & Associates, Inc, acting as authorized agent of Aurum Ceramic Dental Laboratory, will accept $17,500.00, 10,000.00 dated 10/18/06 and 7,500.00 by 12/18/06 reflecting   all monies owed to the above listed creditor.  Once these funds have been received and are confirmed valid, the attached lien release will be effective and executed.  For immediate lien release the funds must be certified {bank wire, money order, or cashiers check}.

Payment of this amount constitutes full and final payment of all monies owed and relieves any further liability. Should any of the terms of this agreement be violated, this agreement is null and void.  Should any financial instrument used  be returned for any reason , will void this arrangement , and lose any settlement  and all legal fees will be added to the account.

Thank You,

Andrew Steele
Legal Coordinator
**Alexander, Wright & Associates, Inc.**
1-800-818-3501 ext 1595

cc:  Corporate Attorney

**EXHIBIT A.10**

FAXED
212-702-9702



**Commerce Bank**

October 12, 2006

c/m 1:40 14/16/06

CINDY SIEGEL
821 FIRETHORN CIRCLE
DRESHER PA  19025

RE: Loan # 1801125252

Dear Cindy Siegel:

As you are aware, the above account continues severely delinquent in the amount of
$6,103.72, due for the months of August 10, 2006, to present.

On countless number of occasions, telephone calls, letters and delinquent notices are
mailed to you and are repeatedly ignored.  This kind of practice is unacceptable, and will
no longer be tolerated.

If this account is not brought current by October 22, 2006, I will have no other alternative
except to proceed with further collection and/or legal action against you.

In the event this action begins and the account is subsequently brought current, you will
be responsible for any attorney fees and/or other costs which may be associated with this
action.

Should you choose to contact me, I can be reached at 1-888-751-9000 Ext. 6877.

Sincerely,
Commerce Bank, N.A.

Arthur W Brosius, Jr.
Assistant Vice President
Consumer Loan Collections
888-751-9000 Ext. 6877

1701 Route 70 East
Cherry Hill, NJ 08034-5400
888/751-9000

**EXHIBIT A.11**

Cardmember Service
P.O. Box 15548
Wilmington, DE 19886-5548



**CHASE** ⬢



October 09, 2006

004144



*No idea what ss #*

Cindy Siegel
821 Firethorn Cir
Dresher PA 19025-1426

Account: 4253290220185519

Dear Cindy Siegel,

    We can help you get control of your balance today!

We have been trying to contact you for some time now. Since we haven't
been able to reach you, you may not be aware of our flexible payment
options designed to help you resolve your financial difficulties.

We have several payment options that can reduce your monthly payments.
Savings may include:

* waiving late fees;
* waiving any over-limit fees; and
* reducing your annual percentage rate.

Take control of your balance by calling 1-866-341-4383. By working
together, we can find a payment option that fits your needs.


Sincerely,


Customer Support Division


Account is owned by Chase Bank USA, N.A.
Calls may be monitored and/or recorded to ensure the highest level of
quality service.

JM0001

**EXHIBIT A.12**

# SACK & SACK
### ATTORNEYS-AT-LAW
110 EAST 59TH STREET, 19TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: (212) 702-9000 • FAX: (212) 702-9702

**Jonathan S. Sack**
ext.:   207
e-mail:  JSack@SackandSack.com

**Eric R. Stern**
ext:   209
e-mail: EStern@SackandSack.com

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: **Kenneth B. Siegel, DMD** | FROM: **Jonathan Sack, Esq.** |
| COMPANY: **Dental Excellence** | DATE: 10/16/2006 |
| FAX NUMBER: (610) 272-4319 | TOTAL NO. OF PAGES INCLUDING COVER: 2 |
| RE: | YOUR REFERENCE NUMBER: |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached.

Jon,
    Paul was planning on laying out the $10,000 payment for me. I also received the same certified letter in my office today from Commerce.
                                Ken.

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address by mail. Thank you.

Oct 16 06 01:46p     Kenneth B. Siegel, DMD     2153265936     610-272-4319     p.2

# ALEXANDER, WRIGHT & ASSOC., INC.

1250 E. ARAPAHO RD STE 535
RICHARDSON TX, 75081
OFFICE: (800) 818-3501 EXT 1595 FAX (972) 638-9015

October 11, 2006

Dr Ken Siegel
706 Dekalb Pike
Blue Bell PA 19422

RE: Aurum Ceramic Dental Laboratory
Amount Due: $37,392.18
Case # 577855-01

This letter is to confirm that Alexander, Wright & Associates, Inc, acting as authorized agent of Aurum Ceramic Dental Laboratory, will accept $17,500.00, 10,000.00 dated 10/18/06 and 7,500.00 by 12/18/06 reflecting all monies owed to the above listed creditor. Once these funds have been received and are confirmed valid, the attached lien release will be effective and executed. For immediate lien release the funds must be certified (bank wire, money order, or cashiers check).

Payment of this amount constitutes full and final payment of all monies owed and relieves any further liability. Should any of the terms of this agreement be violated, this agreement is null and void. Should any financial instrument used be returned for any reason, will void this arrangement, and lose any settlement and all legal fees will be added to the account.

Thank You,

Andrew Steele
Legal Coordinator
Alexander, Wright & Associates, Inc

**EXHIBIT A.13**

# SACK & SACK

ATTORNEYS-AT-LAW
110 EAST 59TH STREET, 19TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: (212) 702-9000 • FAX: (212) 702-9702

Jonathan S. Sack
ext.:   207
e-mail: JSack@SackandSack.com

Eric R. Stern
ext:   209
e-mail: EStern@SackandSack.com

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| **Kenneth B. Siegel, DMD** | **Jonathan Sack, Esq.** |
| COMPANY:<br>Dental Excellence | DATE:<br>10/16/2006 |
| FAX NUMBER:<br>(610) 272-4319 | TOTAL NO. OF PAGES INCLUDING COVER:<br>2 |
| RE: | YOUR REFERENCE NUMBER: |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached.

Jon,
    Paul was planning on laying out the $10,000 payment for me. I also received the same certified letter in my office today from Commerce.

Ken.

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address by mail. Thank you.

01/15/2008  23:02  2159285936        CCS_DRS_INC_____        PAGE  02

# ALEXANDER, WRIGHT & ASSOC. INC

1130 E. ARAPAHO RD STE 535
RICHARDSON TX, 75081
OFFICE: (800) 818-3501 EXT 1595 FAX: (972) 638-9015

October 11, 2006

Dr Ken Siegel
706 Dekalb Pike
Blue Bell PA 19422

RE: Aurum Ceramic Dental Laboratory
Amount Due: $37,392.18
Case # 577855-01

This letter is to confirm that Alexander, Wright & Associates, Inc, acting as authorized agent of Aurum Ceramic Dental Laboratory, will accept $17,500.00, 10,000.00 dated 10/18/06 and 7,500.00 by 12/18/06 reflecting all monies owed to the above listed creditor. Once these funds have been received and are confirmed valid, the attached lien release will be effective and executed. For immediate lien release the funds must be certified {bank wire, money order, or cashiers check}.

Payment of this amount constitutes full and final payment of all monies owed and relieves any further liability. Should any of the terms of this agreement be violated, this agreement is null and void. Should any financial instrument used be returned for any reason , will void this arrangement , and lose any settlement and all legal fees will be added to the account.

Thank You,

Andrew Steele
Legal Coordinator
Alexander, Wright & Associates, Inc.
1-800-818-3501 ext 1595

cc: Corporate Attorney



October 12, 2006

KENNETH SIEGEL
706 DEKALB PIKE
BLUE BELL PA  19422

RE: Loan # 1801125252

Dear Kenneth Siegel:

As you are aware, the above account continues severely delinquent in the amount of $6,103.72, due for the months of August 10, 2006, to present.

On countless number of occasions, telephone calls, letters and delinquent notices are mailed to you and are repeatedly ignored.  This kind of practice is unacceptable, and will no longer be tolerated.

If this account is not brought current by October 22, 2006, I will have no other alternative except to proceed with further collection and/or legal action against you.

In the event this action begins and the account is subsequently brought current, you will be responsible for any attorney fees and/or other costs which may be associated with this action.

Should you choose to contact me, I can be reached at 1-888-751-9000 Ext. 6877.

Sincerely,
Commerce Bank, N.A.

Arthur W Brosius, Jr.
Assistant Vice President
Consumer Loan Collections
888-751-9000 Ext. 6877

1701 Route 70 East
Cherry Hill, NJ 08034-5400
888/751-9000

**EXHIBIT A.14**

## *DENTAL EXCELLENCE OF BLUE BELL*
## *KENNETH B. SIEGEL, D.M.D.*

### FACSIMILE TRANSMITTAL SHEET

| TO: Jonathan Sack ESG | FROM: Ken Siegel |
|---|---|
| FAX NUMBER: 212-702-9702 | DATE: 10/17/06 |
| COMPANY: Sack & Sack | TOTAL NO. OF PAGES INCLUDING COVER: 6 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| | YOUR REFERENCE NUMBER: |

☐ URGENT☐ FOR REVIEW☐ PLEASE COMMENT☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Jon,

We just got this hand delivered to us This was a billboard sign that we leased the space for over 1 yr ago. The agreement was to give me the right of 1st refusal to renew; however, their salesperson left and they took down our billboard. we haven't gotten a statement from them in at least 6 months $9460. We have it in our books as owing 1st refusal they we originally called about the right of these anymore we told as the salesman wasn't too bad. The last

*DR. KENNETH SIEGEL, DMD • 706 DEKALB PIKE • BLUE BELL, PA 19422*
*PHONE: 610-272-0828 • FAX: 610-272-4319*

bill was 2/05

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700

Counsel for Plaintiff

**IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY**

H.A. STEEN INDUSTRIES, INC.

      v.

DENTAL EXCELLENCE
aka DENTAL EXCELLENCE OF BLUE BELL

    :
    :
    :   October Term, 2006
    :
    :   No.   **002008**
    :
    :
    :

**Notice Under Rule 2958.1 of Judgment and
Execution Thereon**

_____

**Notice of Defendant's Rights**

**TO:   DENTAL EXCELLENCE aka DENTAL EXCELLENCE OF BLUE BELL**

A judgment in the amount of $13,561.68 has been entered against you and in favor of the plaintiff without any prior notice or hearing based on a confession of judgment contained in a written agreement or other paper allegedly signed by you. The sheriff may take your money or other property to pay the judgment at any time after thirty (30) days after the date on which this notice is served on you.

You may have legal rights to defeat the judgment or to prevent your money or property

from being taken. YOU MUST FILE A PETITION SEEKING RELIEF FROM THE

## DENTAL EXCELLENCE OF BLUE BELL
## KENNETH B. SIEGEL, D.M.D.

---

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Jonathan Sack Esq | FROM: Ken Siegel |
| FAX NUMBER: 212-702-9702 | DATE: 10/17/06 |
| COMPANY: Sack & Sack | TOTAL NO. OF PAGES INCLUDING COVER: 6 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| | YOUR REFERENCE NUMBER: |

---

☐ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

Jon,

We just got this hand delivered to us This was a billboard sign that we leased the space for over 1 yr ago. The agreement was to give me the right of 1st refusal to renew & however, their salesperson left and they took down our billboard. we havn't gotten a statement from them in at least 6 months $9460. Whe we have it in our books as owing 1st refusal they we originally called about the right of there anymore and told us the salesman wasn't too bad. The last bill was

DR. KENNETH SIEGEL, DMD • 706 DEKALB PIKE • BLUE BELL, PA 19422
PHONE: 610-272-0828 • FAX: 610-272-4319

$2/05

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700                                    Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.                    :
                                               :          October Term, 2006
            v.                                 :
                                               :          No.    **002008**
DENTAL EXCELLENCE                              :
aka DENTAL EXCELLENCE OF BLUE BELL            :

**Notice Under Rule 2958.1 of Judgment and**
**Execution Thereon**

---

**Notice of Defendant's Rights**

**TO:   DENTAL EXCELLENCE aka DENTAL EXCELLENCE OF BLUE BELL**

A judgment in the amount of $13,561.68 has been entered against you and in favor of the plaintiff without any prior notice or hearing based on a confession of judgment contained in a written agreement or other paper allegedly signed by you. The sheriff may take your money or other property to pay the judgment at any time after thirty (30) days after the date on which this notice is served on you.

You may have legal rights to defeat the judgment or to prevent your money or property from being taken. YOU MUST FILE A PETITION SEEKING RELIEF FROM THE JUDGMENT AND PRESENT IT TO A JUDGE WITHIN THIRTY (30) DAYS AFTER THE DATE ON WHICH THIS NOTICE IS SERVED ON YOU OR YOU MAY LOSE YOUR RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO

NOT HAVE A LAWYER AND CANNOT AFFORD ONE, GO TO OR TELEPHONE THE

OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION

ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE

TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER

LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA  19107
(215) 238-1701

By: *Willie Pollins*

Willie Pollins
Turner & McDonald, P.C.
1725 Spruce Street
Philadelphia, PA  19103
(215) 546-9700
Attorney for Plaintiff

TURNER & McDONALD, P.C.
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700

Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.                     :

              v.                                       :     October Term, 2006

                               :     No.  2008

DENTAL EXCELLENCE                               :
aka DENTAL EXCELLENCE OF BLUE BELL              :

## NOTICE TO DEBTORS RE:
## PROCEDURE TO STRIKE OR OPEN CONFESSED JUDGMENT

Pursuant to 42 Pa. C.S.A. § 2737.1, a debtor who has been incorrectly identified and has had a confession or judgment entered against him shall be entitled to costs and reasonable attorney fees as determined by the court.

The following instructions from the Pennsylvania Rules of Civil Procedure identify the procedure to strike or open a confessed judgment.

### Rule 2959. Striking Off or Opening Judgment; Pleadings; Procedure

(a)(1) Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment.

(2) The ground that the waiver of the due process rights of notice and hearing was not voluntary, intelligent and knowing shall be raised only

    (i)     in support of a further request for a stay of execution where the court has not stayed execution despite the timely filing of a petition for relief from the judgment and the presentation of prima facie evidence of a defense; and

    (ii)    as provided by Rule 2958.3 or Rule 2973.3.

(3) If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.

(b) If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be

# DENTAL EXCELLENCE OF BLUE BELL
## KENNETH B. SIEGEL, D.M.D.

---

## FACSIMILE TRANSMITTAL SHEET

TO: Jonathan Sack Esq.

FROM: Ken Siegel

FAX NUMBER: 212-702-9702

DATE: 10/17/06

COMPANY: Sack & Sack

TOTAL NO. OF PAGES INCLUDING COVER: 6

PHONE NUMBER:

SENDER'S REFERENCE NUMBER:

YOUR REFERENCE NUMBER:

---

☐ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

Jon,

We just got this hand delivered to us This was a billboard sign that we leased the space for over 1 yr. ago. The agreement was to give me the right of 1st refusal to renew; however, Their salesperson left and They took down our billboard. we havent gotten a statment from them in at least 6 months we have it in our books as owing $9460. Whe we originally called about The right of 1st refusal they told us the salesman wasn't there anymore and too bad. The last bill was 3/05

DR. KENNETH SIEGEL, DMD • 706 DEKALB PIKE • BLUE BELL, PA 19422
PHONE: 610-272-0828 • FAX: 610-272-4319

# DENTAL EXCELLENCE OF BLUE BELL
## KENNETH B. SIEGEL, D.M.D.

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Jonathan Sack Esq | FROM: Ken Siegel |
| FAX NUMBER: 212-702-9702 | DATE: 10/17/06 |
| COMPANY: Sack & Sack | TOTAL NO. OF PAGES INCLUDING COVER: 6 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| | YOUR REFERENCE NUMBER: |

☐ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Jon,
We just got this hand delivered to us
This was a billboard sign that we leased
the space for over 1 yr ago. The agreement
was to give me the right of 1st refusal to
renew; however, their salesperson left and
they took down our billboard. we haven't gotten
a statement from them in at least 6 months $9460. When
we have it in our books as owing 1st refusal they
we originally called about the right of There anymore we
told as the salesman wasn't there anymore. too bad. The last
bill was

DR. KENNETH SIEGEL, DMD • 706 DEKALB PIKE • BLUE BELL, PA
19422
PHONE: 610-272-0828 • FAX: 610-272-4319

2/05

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania  19103
(215) 546-9700                                    Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.                    :
                                               :        October Term, 2006
              v.                               :
                                               :        No.    **002008**
DENTAL EXCELLENCE                              :
aka DENTAL EXCELLENCE OF BLUE BELL             :

### Notice Under Rule 2958.1 of Judgment and
### Execution Thereon

_____

### Notice of Defendant's Rights

**TO:   DENTAL EXCELLENCE aka DENTAL EXCELLENCE OF BLUE BELL**

A judgment in the amount of $13,561.68 has been entered against you and in favor of the

plaintiff without any prior notice or hearing based on a confession of judgment contained in a

written agreement or other paper allegedly signed by you. The sheriff may take your money or

other property to pay the judgment at any time after thirty (30) days after the date on which this

notice is served on you.

You may have legal rights to defeat the judgment or to prevent your money or property

from being taken. YOU MUST FILE A PETITION SEEKING RELIEF FROM THE

JUDGMENT AND PRESENT IT TO A JUDGE WITHIN THIRTY (30) DAYS AFTER THE

DATE ON WHICH THIS NOTICE IS SERVED ON YOU OR YOU MAY LOSE YOUR

RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER AND CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA  19107
(215) 238-1701

By:   *Willie Pollins*
        Willie Pollins
        Turner & McDonald, P.C.
        1725 Spruce Street
        Philadelphia, PA  19103
        (215) 546-9700
        Attorney for Plaintiff

TURNER & McDONALD, P.C.
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700                                    Counsel for Plaintiff


### IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.                :
                                           :     October Term, 2006
            v.                             :
                                           :     No.  2008
DENTAL EXCELLENCE                          :
aka DENTAL EXCELLENCE OF BLUE BELL         :


### NOTICE TO DEBTORS RE:
### PROCEDURE TO STRIKE OR OPEN CONFESSED JUDGMENT

Pursuant to 42 Pa. C.S.A. § 2737.1, a debtor who has been incorrectly identified and has had a confession or judgment entered against him shall be entitled to costs and reasonable attorney fees as determined by the court.

The following instructions from the Pennsylvania Rules of Civil Procedure identify the procedure to strike or open a confessed judgment.

**Rule 2959. Striking Off or Opening Judgment; Pleadings; Procedure**

**(a)**(1) Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment.

(2) The ground that the waiver of the due process rights of notice and hearing was not voluntary, intelligent and knowing shall be raised only
     (i)     in support of a further request for a stay of execution where the court has not stayed execution despite the timely filing of a petition for relief from the judgment and the presentation of prima facie evidence of a defense; and
     (ii)    as provided by Rule 2958.3 or Rule 2973.3.

(3) If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.

**(b)** If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be

fixed by the court by local rule or special order.

(c) A party waives all defenses and objections which are not included in the petition or answer.

(d) The petition and the rule to show cause and the answer shall be served as provided in Rule 440.

(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

(f) The lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending.

By: _Willie Pollins_

Willie Pollins, Esquire
Turner & McDonald, P.C.
1725 Spruce Street
Philadelphia, PA 19103
(215) 546-9700
Attorney for Plaintiff

LAW OFFICES

# TURNER & MCDONALD

A PROFESSIONAL CORPORATION
1725 SPRUCE STREET
PHILADELPHIA, PENNSYLVANIA 19103-6149
(215) 546-9700
FAX (215) 546-9712
E-MAIL: wpollins@turnermcdonaldlaw.com

H. GRAHAM McDONALD*
ALAN A. TURNER*
WILLIE POLLINS

*ALSO ADMITTED IN NEW JERSEY

. OF COUNSEL
LOUIS M. NATALI, JR.

October 17, 2006

## VIA HAND-DELIVERY

Dental Excellence
aka Dental Excellence of Blue Bell
706 DeKalb Pike
Blue Bell, PA 19422

> Re:    H.A. Steen Industries, Inc. v. Dental Excellence
> October Term, 2006, No. 2008
> Our File Number: 79066

Dear Sir/Madam:

Please note that on October 16, 2006, our client, H.A. Steen Industries, Inc., obtained a judgment by confession against you in the amount of $13,561.68, plus continuing interest and costs in the above-referenced matter.

Enclosed are copies of the following notices:

1.    Plaintiff's Notice Under Rule 2958.1 of Judgment and Execution Thereon - Notice of Defendant's Rights; and
2.    Notice to Debtors re: Procedure to Strike or Open Confessed Judgment.

Sincerely,

TURNER & McDONALD, P.C.

By _Willie Pollins_

Willie Pollins

WP/dp
Enclosures

cc:    H.A. Steen Industries, Inc.

**EXHIBIT A.15**

# DENTAL EXCELLENCE OF BLUE BELL
## KENNETH B. SIEGEL, D.M.D.

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Jonathan Sack | FROM: Maribeth |
| FAX NUMBER: 212-702-9702 | DATE: 10/18/06 |
| COMPANY: Sack & Sack | TOTAL NO. OF PAGES INCLUDING COVER: 23 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| | YOUR REFERENCE NUMBER: |

□ URGENT□ FOR REVIEW□ PLEASE COMMENT□ PLEASE REPLY □ PLEASE RECYCLE

NOTES/COMMENTS:

DR. KENNETH SIEGEL, DMD • 706 DEKALB PIKE • BLUE BELL, PA 19422
PHONE: 610-272-0828 • FAX: 610-272-4319

# OFFICE OF THE PROTHONOTARY
## COURT OF COMMON PLEAS
ROOM 284, CITY HALL - PHILADELPHIA, PA 19107

JOSEPH H. EVERS
   Prothonotary

**TO:   DENTAL EXCELLENCE**
     **aka DENTAL EXCELLENCE OF BLUE BELL**

H.A. STEEN INDUSTRIES, INC.         :

                :    October Term, 2006

         v.         :

                :    No.  **002008**

DENTAL EXCELLENCE        :

aka DENTAL EXCELLENCE OF BLUE BELL   :

## NOTICE

    Pursuant to Rule 236 of the Supreme Court of Pennsylvania, you are hereby notified that a Judgment has been entered against you in the above proceeding as indicated below.

                          JOSEPH H. EVERS
                          Prothonotary

_____     Judgment by Default

__X_      Money Judgment

_____     Judgment in Replevin

_____     Judgment for Possession       **ATTEST**

_____     Judgment on Award of Arbitration   OCT 1 6 2006

_____     Judgment on Verdict        **D. Savage**

_____     Judgment on Court Findings

If you have any questions concerning this notice, please call:

Attorney: Willie Pollins, Esquire, at this telephone number: 215-546-9700.

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700

Counsel for Plaintiff

### IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

| | |
|---|---|
| H.A. STEEN INDUSTRIES, INC.,<br>3201 S. 26th Street<br>Philadelphia, Pennsylvania 19145 | :<br>:<br>: |
| v. | :<br>: |
| DENTAL EXCELLENCE<br>aka DENTAL EXCELLENCE OF BLUE BELL<br>706 DeKalb Pike<br>Blue Bell, PA 19422 | :<br>:<br>:<br>: |

October Term, 2006
**002008**
No.

**ATTEST**

OCT 1 8 2006

**D. Savage**

### COMPLAINT

### CONFESSION OF JUDGMENT UNDER PA.R.C.P. 2952

1.    Plaintiff is H.A. Steen Industries, Inc., which maintains its offices at 3201 S. 26th Street. Philadelphia, PA 19145.

2.    Defendant Dental Excellence ("Defendant"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. Defendant's place of business and registered address is 706 DeKalb Pike, Blue Bell, PA 19422. Defendant is also known as Dental Excellence of Blue Bell.

3.    On July 28, 2004, Defendant signed a Lease Agreement (the "Lease") in which it rented advertising space at the monthly rate of $2,200. A true and correct copy of the Lease is attached hereto as Exhibit "A."

4.     The Lease became a binding contract only when signed by an officer of Plaintiff, which occurred on August 24, 2004, in Philadelphia, Pennsylvania, at the offices of Plaintiff.

5.     The lease period was for a term of six (6) months - from November 4, 2004 to May 3, 2005.

6.     Defendant defaulted on the Lease by failing to make payments when due.  The last payment received from Defendant was made on February 2, 2005  in the amount of $2,200, which payment covered the December 2004 obligation.

7.     Under the terms of the Lease, Plaintiff is entitled to collect from Defendant interest on late payments of rent, as well as attorneys fees in the amount of twenty percent (20%) of the total amount due, or actual attorneys' fees, whichever is greater.

8.     Judgment is not being entered against a natural person in connection with a consumer credit transaction.

9.     No judgment has been entered against Defendant on the Lease in any jurisdiction, and the Lease has not been assigned.

10.     The amount due by Defendant to Plaintiff H.A. Steen Industries, Inc., under the Lease is $13,561.68 calculated as follows:

(a) Principal Due Under Lease                                      $8,800.00
    (November 4, 2004 to May 3, 2005)

(b) Interest Due on the Lease                                      $2,501.40
    through October 10, 2006
    plus interest thereafter
    at the rate of $4.40 per diem

(c) Attorneys Fee As Specified                                    $2,260.28
    In the Lease (20%)(or actual fees, whichever is greater)

                                          **TOTAL**    $13,561.68

11.   An Averment of Default is attached hereto.

12.   Judgment is demanded as authorized by the Warrant of Attorney contained in the
Lease.

13.   The Warrant of Attorney appearing in the attached Lease is less than twenty years old.

WHEREFORE, Plaintiff H.A. Steen Industries, Inc., demands judgment against Defendant

Dental Excellence aka Dental Excellence of Blue Bell as authorized by the Warrant of Attorney

appearing in the attached Lease, together with interest from the date of judgment at the rate of $4.40

per diem, costs, and a reasonable attorneys' fee.

                              TURNER & McDONALD, P.C.

                              _Willie Pollins_
                              Willie Pollins

Date:  _10-16-2006_

3

Fax (215) 755-6955                                                          Creative Outdoor Advertising

## 3201 South 26th Street  Philadelphia, PA 19145
## OUTDOOR ADVERTISING RENTAL CONTRACT
All checks made payable to: H.A. Steen Industries, Inc.
Please notify us immediately if you do not receive confirmation of this order within 48 hours.

**DENTAL EXCELLENCE**

. Advertiser - If corporation indicate state of incorporation

**706 DELKALB PIKE, BLUE BELL, PA 19422**
Address

**484 235-0269**
Phone



Fax

, herein referred to as "Lessee", hereby leases from H.A. Steen Industries, Inc., herein referred to as "Lessor", the following outdoor advertising sign space:

| (Face#) | SIGN LOCATION DESCRIPTION (Highway) | (Traffic Dir.) | Display Size (Ft) | COPY | # Copies | MONTHLY RENTAL COST | Term of lease # Months | Start Dat |
|---|---|---|---|---|---|---|---|---|
| 93.31 | PA. TPK. @ RT. 611 | E.B. | 12 X 28 | Dental Excellence | 0 | $2,200.00 | 6.00 | 10/15/200 |

Extra charges: Lessee agrees to pay for the following:    $575.23 Production of advertising vinyl

Extensions/Top Plate Charges @    $24 per sq ft / $500 minimum    If Utilized.

Remarks, if any    This contract subject to current customer requirement.                    Lessee Supplied Vinyl  No

**TERMS OF LEASE - If SIGN LOCATION DESCRIPTION is noted as "Rotary" above, then the advertising copy will move among sign locations, of the display size listed above, that are in Lessor's inventory of available sign locations at the time the advertising copy is to be either initially placed or moved and Lessor makes no representations that the advertising copy either will or will not be placed at specific sign location or that it will move at specified dates or periods of time unless otherwise noted in this rental contract. If the signs leased by Lessee hereunder are equipped with functioning lighting fixtures, then such signs shall be illuminated each day during the term of this lease from dusk until midnight. Lessee will be issued a credit equal to 25% of the daily rental cost, monthly rental cost divided by 30 days, for each day that the lights on the illuminated advertising sign , in the opinion of Lessor, are out. All requests from the Lessee to change advertising copy must be submitted to Lessee in writing and Lessor will endeavor to honor the request in a timely manner.**
**All Outdoor Display Advertising Art, Sketch, Lay-out, Processing, Erection, Installation and Maintenance work on the signs are to be done by Lessor.**
**Each sign location listed above will have its own term of lease as listed in the column "Term of lease # Months" and its own monthly rental cost as listed in the column "Monthly Rental Cost". The term of the lease for each sign location listed above will commence on the date listed in the column "Start Date". The first monthly rental payment and/or production charges, if any, for each sign location shall be due and payable with the signing of this contract and shall be credited as the first monthly rental payment and/or production charges, if any, for each sign location. Subsequent rental payments for each sign are due in advance on the first of each month commencing with the first monthly anniversary of the Start Date of each sign. It is understood that should one or more of the signs or locations herein referred to be lost or terminated for any reason, the validity of this provisions of this contract relating to the remaining signs, advertisements, and locations and the rental charges therefore shall remain in full force and effect.**

**TERMS OF DEFAULT- Lessee agrees that in the event of any default in the payment of the above described rentals by Lessee, including any extra charges noted, all unpaid rentals to the end of this lease or any extension thereof which may then be in effect by reason of failure to give notice of termination shall, without notice or demand, be at once accelerated and become immediately due and payable. LESSEE HEREBY IRREVOCABLY, KNOWINGLY, INTENTIONALLY AND VOLUNTARILY AGREES THAT, IF ANY SUM UNDER THIS LEASE PURSUANT TO THE TERMS AND CONDITIONS HEREOF SHALL REMAIN UNPAID AND WHEN THE SAME IS DUE, LESSEE AUTHORIZES AND EMPOWERS ANY PROTHONOTARY, ANY ATTORNEY OR ANY CLERK OF COURT OF RECORD OF THE COMMONWEALTH OF PENNSYLVANIA OR ELSEWHERE TO APPEAR FOR LESSEE IN ANY AND ALL ACTIONS WHICH MAY BE BROUGHT FOR THE SAID RENTALS AND TO CONFESS OR ENTER JUDGMENT AGAINST LESSEE FOR ALL OR ANY PART OF THE RENT SPECIFIED IN THIS LEASE AND THEN UNPAID, INCLUDING, AT THE OPTION OF LESSOR, ITS SUCCESSORS OR ASSIGNS ("HOLDER"), THE RENT FOR THE ENTIRE UNPAID BALANCE FOR THE TERM OF THE LEASE, AND FOR INTEREST AND COSTS OF SUIT, TOGETHER WITH AN AMOUNT EQUAL TO TWENTY PERCENT (20%) OF THE AMOUNT OF SUCH JUDGMENT ADDED FOR ATTORNEY'S COLLECTION FEES OR ACTUAL ATTORNEY'S COLLECTION FEES, WHICHEVER IS GREATER, TO THE EXTENT PERMITTED BY LAW. LESSEE RELEASES ALL ERRORS IN SUCH PROCEEDINGS. IF A COPY OF THIS DOCUMENT, VERIFIED BY OR ON BEHALF OF THE HOLDER SHALL HAVE BEEN FILED IN SUCH ACTION, IT SHALL NOT BE NECESSARY TO FILE THE ORIGINAL DOCUMENT AS A WARRANT OF ATTORNEY. THE AUTHORITY AND POWER TO APPEAR FOR AND CONFESS JUDGMENT AGAINST LESSEE SHALL NOT BE EXHAUSTED BY THE INITIAL EXERCISE THEREOF, BUT JUDGMENT MAY BE EXERCISED AS OFTEN AS THE HOLDER SHALL FIND IT NECESSARY AND DESIRABLE, SO LONG AS ANY OF THE SAID RENT SHALL FALL DUE OR BE IN ARREARS, AND THIS DOCUMENT SHALL BE A SUFFICIENT WARRANT THEREFORE. SUCH POWERS MAY BE EXERCISED AFTER THE EXPIRATION OF THE ORIGINAL TERM OF THIS LEASE AND/OR DURING ANY EXTENSION OR RENEWAL OF THIS LEASE. In case of default, and the subsequent removal and re-rental of the sign(s), the Lessee will be charged a short rate based on the current shor rates in effect at time of removal of advertisement or default at the option of Lessor. Lessee also agrees to pay a late payment charge at the rate of eighteen percent (18%) on any unpaid installments whether or not Lessor has exercised any of its remedies hereunder. Acceptance of late payment or part payment or failure of Lessor to insist upon strict performance of any of the covenants and conditions hereunder or to exercise any option herein conferred at any one or more instances shall not be construed as a waiver of any of Lessor's rights hereunder or as a relinquishment to the future of any such covenants, conditions, or options, but the same shall remain in full force and effect. Lessee waives execution, appraisal of any real estate, the benefit of any exemption laws now or hereafter in effect, any demand, protest or notice of default or violation of any provision of this contract, releasing all errors and waiving all right of appeal. Lessee, waiving the right of inquisition or condemnation of any real estate that may be levied upon, does hereby voluntarily condemn the same and authorizes the prothonotary to enter upon the writ of execution its said voluntary condemnation, and Lessee further agrees that said real estate may be sold upon a writ of execution.**

**Lessee hereby waives:**
**(a) All notices, including, notice of presentation, demand for payment or protest;**
**(b) All defenses, offsets and counterclaims which such Lessee may at any time have to any action or proceeding of any kind that may be instituted on this agreement, except as otherwise expressly set forth in this agreement;**
**(c) Trial by jury and the right thereof in any action or proceeding of any kind that may be instituted on this agreement.**

**Lessor shall have the option of declining to do work for the Lessee, including but not limited to changing the advertising copy, if Lessee is past due in their payments to Lessor pursuant to the terms and conditions of this or other rental contract, and the Lessee shall have no claim counterclaim or defense of any kind against Lessor as a result of said work not being performed.**

**Lessee agrees venue is proper in First Judicial District of Pennsylvania, commonly known as the Philadelphia Court of Common Pleas.**

**MITIGATION OF DAMAGES-In the event of a default by Lessee hereunder, Lessor is authorized to remove the display of the Lessee from such space forthwith and to attempt to rent such space or any part thereof on behalf of the Lessee for the whole or any part of the term to such person or persons and for such term and upon such conditions as the Lessor may deem best and to collect the rents thereof and to apply the same to the payment of any monies which may be due to Lessor from the Lessee; it being understood that this authorization is irrevocable by the Lessee during the period of this lease.**

**MISCELLANEOUS PROVISIONS-Lessor may remove the display of any advertisement on the signs leased by Lessee in any place where such advertisement may be located whenever it may desire to repair or reconstruct the same, or whenever such discontinuance is necessitated by any order of public authority, or in consequence of any legal proceeding or determination of any court or any other reason deemed appropriate by Lessor and the Lessee shall have no claim against Lessor for any damages or otherwise by reason of such discontinuance except that all the rental payments to be made under the terms of this agreement shall be abated in proportion to the extent and duration of such discontinuance. Should the lease upon the land or property upon which the particular advertising sign or signs are placed be terminated, then, except as provided below, this agreement with respect to the sign or signs involved shall be terminated (pro-rata) and the Lessee shall have no claim against Lessor for any damages or otherwise by reason of such discontinuance except that the payment to be made under the terms of this agreement shall be abated in proportion to the extent and duration of such discontinuance. Should there be any interruption in the display of sign(s) covered by this contract, Lessor shall have the option to allow abatement of rental during the period of interruption or extend the term of this contract for a period of time equal to said interruption.**

H.A.S Initial: _____                    See Other Side                    Initial: _____

(302) 479-8550
Fax (215) 755-6955

**STEEN**

*Creative Outdoor Advertisir*

## 3201 South 26th Street  Philadelphia, PA 19145
## OUTDOOR ADVERTISING RENTAL CONTRACT
All checks made payable to H.A. Steen Industries, Inc.
Please notify us immediately if you do not receive confirmation of this order within 48 hours.

### DENTAL EXCELLENCE

**COPYRIGHT**-Artwork created by Lessor is copyrighted and may not be used for any purpose other than for display on Lessor's outdoor advertising signs. Lessor is not responsible for and will not store and or return to Lessee advertising copy once it has been removed from the advertising location(s). Artwork/advertising copy may be rejected by Lessor, if, in its sc opinion, it is believed that the placement of said artwork/advertising copy will be injurious to Lessor or to the community where it is to be placed, however, in such event, Lessee's obligations under this contract remain in full force and effect.

**LIMITATION OF DAMAGES**-It is expressly agreed that Lessor shall not be held liable for loss or damage on account of delays due to strikes, fires, governmental or municipal laws, rules or regulations or acts of providence, nor for inability to secure specified material, or to maintain said displays or any part thereof by reason of any legislation heretofore or hereafter enacted by the federal government or any state or municipal government, or any regulation made by any department of the federal, state or municipal government or for other cause. It is expressly recognized that this agreement is one solely of leasing and not a conditional or otherwise, and the Lessee shall at no time during the term of this agreement or thereafter have any right or interest in said sign except as a lessee from Lessor herein pursuant to the provisions her Lessor makes no warranties or representations, implied or otherwise, as to what results or benefits may inure to the Lessee as a result of entering into this rental contract.

**INDEMNIFICATION**-Lessee shall indemnify and hold harmless Lessor from any and all loss, cost, expense, and damages(including court costs and reasonable attorney's fees) on account of any and all manner claims, demands, actions, and proceedings that may be instituted against Lessor on grounds alleging that the advertising message/copy violates any copyrights or any proprietary right of any person, or that it contains any matter that is libelous or obscene or scandalous, or invades any person's right to privacy or other personal rights. Lessee agrees, at the customer's own expense, to promptly defend and continue th defense of any such claim, demand, action, or proceeding that may be brought against Lessor provided that Lessor shall give the advertiser notice with respect thereto, and provided further that Lessor shall give Lessee such reasonable time as the exigencies of the situation may permit in which to undertake and continue the defense thereof.

**COMPLETE AGREEMENT**-Lessee acknowledges receipt of a copy of this agreement which is the final expression of the agreement of the parties, and the complete and exclusive statement of the terms agreed upon. No oral agreement contrary to any of the terms of this contract has been made. All changes, orders or extra work must be in writing . The party signing hereunder on behalf of Lessee expressly warrants hi: authority to do so.

**NOTICES**-All correspondence sent from Lessee to Lessor must be sent via certified mail to be considered received by Lessor.

**COMMISSIONS**-Advertising agencies will forfeit agency commissions on all billings if any amounts due Lessor under the lease are unpaid for a period in excess of sixty (60) days. Any sums of money that an individual or other entity acting as an agent or agency receives from its Client/Principal/Lessee which are payment in whole or in part for goods or services provided by Lessor under the terms of this rental contra will be deemed to be held in trust by said individual or other entity as trustee for Lessor.

**CHOICE OF LAW**-This Outdoor Advertising Contract shall be construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania.

**SEVERABILITY**-Each covenant and agreement in this Lease shall for all purposes be construed as a separate and independant covenant or agreement. If any provision of this Lease or the application thereo shall, to any extent, be determined to be invalid, illegal or otherwise unenforceable, the remainder of this Lease, and the application of such provision other than to the extent determined to be invalid, illegal or unenforceable, shall not be affected thereby; and such provisions in this Lease shall be valid and enforceable to the fullest extent permitted by law.

LESSOR: H.A. STEEN INDUSTRIES, INC.

SALESPERSON: Doug Stram

DATE:

BY:

Accepted and approved by Officer H.A. Steen Industries, Inc.

8/21/07

LESSEE:

AUTHORIZED SIGNATURE/TITLE                                  (SEAL)

PRINT NAME/TITLE    Kenn_ B Siegel  Presid___    DATE 7/28

ADVERTISING AGENCY (IF APPLICABLE)

AGENCY AUTHORIZED (SIGNATURE/TITLE)

BILL TO ADDRESS:

H.A.S Initial:                        See Other Side                        Initial:

## VERIFICATION

I do hereby verify that all the statements in the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Terry L. Steen, President
H.A. Steen Industries, Inc.

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700                                        Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.                   :
                                              :    October Term, 2006
               v.                             :
                                              :    No.  **002008**
DENTAL EXCELLENCE                             :
aka DENTAL EXCELLENCE OF BLUE BELL            :

### Notice Under Rule 2958.1 of Judgment and
### Execution Thereon

---

### Notice of Defendant's Rights

**TO:   DENTAL EXCELLENCE aka DENTAL EXCELLENCE OF BLUE BELL**

A judgment in the amount of $13,561.68 has been entered against you and in favor of the plaintiff without any prior notice or hearing based on a confession of judgment contained in a written agreement or other paper allegedly signed by you. The sheriff may take your money or other property to pay the judgment at any time after thirty (30) days after the date on which this notice is served on you.

You may have legal rights to defeat the judgment or to prevent your money or property from being taken. YOU MUST FILE A PETITION SEEKING RELIEF FROM THE JUDGMENT AND PRESENT IT TO A JUDGE WITHIN THIRTY (30) DAYS AFTER THE DATE ON WHICH THIS NOTICE IS SERVED ON YOU OR YOU MAY LOSE YOUR RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER AND CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA  19107
(215) 238-1701

By:_____

Willie Pollins
Turner & McDonald, P.C.
1725 Spruce Street
Philadelphia, PA  19103
(215) 546-9700
Attorney for Plaintiff

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700                              Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.                 :

     v.                          :          October Term, 2006

                     :

DENTAL EXCELLENCE                           :          No.   **002008**
aka DENTAL EXCELLENCE OF BLUE BELL          :
                                            :

### AVERMENT OF DEFAULT

COMMONWEALTH OF PENNSYLVANIA                :
                                            :ss.
COUNTY OF PHILADELPHIA                      :

  Terry L. Steen, being duly sworn according to law, deposes and says that he is authorized to

make this affidavit on behalf of Plaintiff, and that Defendant entered into the Lease Agreement dated

July 28, 2004, a true and correct copy of which is attached hereto and marked as Exhibit "A".

  Deponent also avers that there is $13,561.68 due and owing under the Lease Agreement.

                Terry L. Steen, President
                H.A. Steen Industries, Inc.

Sworn to and subscribed
before me this 16
day of October, 2006.

Notary  MYRA WEAVER
Notary Public of Pennsylvania
My Commission expires June 15, 2010

# ATTEST

OCT 1 6 2006

D. Savage

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700

Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.         :

           v.                   :         October Term, 2006

DENTAL EXCELLENCE              :         No.      **002008**
aka DENTAL EXCELLENCE OF BLUE BELL    :

### CONFESSION OF JUDGMENT

Pursuant to the authority contained in the Warrant of Attorney, a true and correct copy of which is attached to the Complaint filed in this action, I appear for the Defendant and confess judgment in favor of the Plaintiff and against the Defendant, as follows:

| | | |
|---|---|---|
| (a) | Principal Due Under Lease (November 4, 2004 to May 3, 2005) | $8,800.00 |
| (b) | Interest Due on the Lease through October 10, 2006 plus interest thereafter at the rate of $4.40 per diem | $2,501.40 |
| (c) | Attorneys Fee As Specified In the Lease (20%)(or actual fees, whichever is greater) | $2,260.28 |
| | **TOTAL** | **$13,561.68** |

*Willie Pollins*

Willie Pollins, Esquire
Attorney for Plaintiff

Date: 10-16-2006

**ATTEST**

OCT 1 6 2006

**D. Savage**

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700                                    Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

| | |
|---|---|
| H.A. STEEN INDUSTRIES, INC. | : |
|  | :    October Term, 2006 |
| v. | : |
|  | :    No. |
| DENTAL EXCELLENCE | : |
| aka DENTAL EXCELLENCE OF BLUE BELL | : |

## PRAECIPE FOR ASSESSMENT OF DAMAGES

TO THE PROTHONOTARY:

     Please assess damages now due on the judgment in this action against Defendant Dental

Excellence aka Dental Excellence of Blue Bell, as follows:

| | | |
|---|---|---|
| (a) | Principal Due Under Lease<br>(November 4, 2004 to May 3, 2005) | $8,800.00 |
| (b) | Interest Due on the Lease<br>through October 10, 2006<br>plus interest thereafter<br>at the rate of $4.40 per diem | $2,501.40 |
| (c) | Attorneys Fee As Specified<br>In the Lease (20%)(or actual fees, whichever is greater) | $2,260.28 |
| | **TOTAL** | **$13,561.68** |

*Willie Pollins*

Willie Pollins, Esquire
Attorney for Plaintiff

**ATTEST**

OCT 1 6 2006

**D. Savage**

## JUDGMENT AND ASSESSMENT OF DAMAGES

I assess damages as above and judgment is entered for Plaintiff H.A. Steen Industries, Inc., and against Dental Excellence aka Dental Excellence of Blue Bell, in the amount of $13,561.68, plus interest after judgment at the rate of $4.40 per diem.

PROTHONOTARY OF PHILADELPHIA COUNTY

_____

Dated:_____

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700                                    Counsel for Plaintiff

### IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.               :
                                          :        October Term, 2006
                  v.                      :
                                          :        No.
DENTAL EXCELLENCE                         :
aka DENTAL EXCELLENCE OF BLUE BELL        :

#### AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA         :
                                     :ss.
COUNTY OF PHILADELPHIA               :

Terry L. Steen, being duly sworn according to law, deposes and says that he is authorized to

make this Affidavit on behalf of Plaintiff H.A. Steen Industries, Inc.; that the facts set forth in the

Complaint for Confession of Judgment are true and correct to the best of his knowledge, information

and belief; and that the Exhibit attached to the Complaint is a true and correct copy of the original.

                                        Terry L. Steen, President
                                        H.A. Steen Industries, Inc.

Sworn to and Subscribed
before me this
day of _____, 2006.

Notary   MYRA WEAVER
         Notary Public of Pennsylvania
         My Commission expires June 15, 2010

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700                                    Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

| | |
|---|---|
| H.A. STEEN INDUSTRIES, INC. | : |
| | :     October Term, 2006 |
| v. | : |
| | :     No. |
| DENTAL EXCELLENCE | : |
| aka DENTAL EXCELLENCE OF BLUE BELL | : |

### CERTIFICATION OF ADDRESSES

Willie Pollins, Esquire, attorney for H.A. Steen Industries, Inc., certifies that the present

address of Plaintiff is 3201 S. 26th Street, Philadelphia, PA 19145; and the last known address of

Defendant Dental Excellence aka Dental Excellence of Blue Bell is 706 DeKalb Pike, Blue Bell, PA

19422.

_Willie Pollins_
Willie Pollins, Esquire
Attorney for Plaintiff

Date: _10-16-2006_

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania  19103
(215) 546-9700

Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

| | | |
|---|---|---|
| H.A. STEEN INDUSTRIES, INC. | : | |
| | : | October Term, 2006 |
| v. | : | |
| | : | No. |
| DENTAL EXCELLENCE | : | |
| aka DENTAL EXCELLENCE OF BLUE BELL | : | |

## AFFIDAVIT PURSUANT TO PA.R.C.P. 2951(a)(2)(1)

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | :ss. | |
| COUNTY OF PHILADELPHIA | : | |

Terry L. Steen, being duly sworn according to law, deposes and says that he is authorized to make this Affidavit on behalf of Plaintiff; and that judgment is not being entered by confession against a natural person in connection with a consumer credit transaction.

Terry L. Steen, President
H.A. Steen Industries, Inc.

Sworn to and Subscribed
before me this ____
day of _____, 2006.

Notary MYRA WEAVER
Notary Public of Pennsylvania
My Commission expires June 15, 2010

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700                                    Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

| H.A. STEEN INDUSTRIES, INC. | : | |
|---|---|---|
| | : | October Term, 2006 |
| v. | : | |
| | : | No. |
| DENTAL EXCELLENCE | : | |
| aka DENTAL EXCELLENCE OF BLUE BELL | : | |

### AFFIDAVIT THAT ACTION DOES NOT
### ARISE OUT OF RETAIL INSTALLMENT CONTRACT

COMMONWEALTH OF PENNSYLVANIA       :
                                                                    :ss.
COUNTY OF PHILADELPHIA                      :


Terry L. Steen, being duly sworn according to law, deposes and says that he is authorized to

make this Affidavit on behalf of Plaintiff H.A. Steen Industries, Inc.; and that this is not an action

by a seller, holder or assignee arising out of a retail installment sale, contract or account.

                                                    _____
                                                    Terry L. Steen, President
                                                    H.A. Steen Industries, Inc.

Sworn to and Subscribed
before me this _____
day of _____, 2006.

_____
Notary   MYRA WEAVER
       Notary Public of Pennsylvania
My Commission expires June 15, 2010

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700                                          Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.                    :
                                                :
                v.                              :        October Term, 2006
                                                :
                                                :        No.
DENTAL EXCELLENCE                               :
aka DENTAL EXCELLENCE OF BLUE BELL             :

## AFFIDAVIT OF BUSINESS TRANSACTION

COMMONWEALTH OF PENNSYLVANIA        :
                                     :ss.
COUNTY OF PHILADELPHIA               :

Terry L. Steen, being duly sworn according to law, deposes and says that he is authorized to

make this Affidavit for and on behalf of Plaintiff H.A. Steen Industries, Inc., and that the transaction

upon which Judgment is being entered by Confession was a business and commercial transaction.

                                        Terry L. Steen, President
                                        H.A. Steen Industries, Inc.

Sworn to and Subscribed
before me this
day of _____, 2006.

_____
Notary

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700

Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.                   :

v.                                            :    October Term, 2006
                                              :
DENTAL EXCELLENCE                             :    No.
aka DENTAL EXCELLENCE OF BLUE BELL            :
                                              :

### AFFIDAVIT OF NON-MILITARY SERVICE

COMMONWEALTH OF PENNSYLVANIA          :
                                      :ss.
COUNTY OF PHILADELPHIA                :

Terry Steen, being duly sworn according to law, deposes and says that he is an officer of

Plaintiff; that he is authorized to make this Affidavit on behalf of Plaintiff H.A. Steen Industries,

Inc.; and that Defendant Dental Excellence aka Dental Excellence of Blue Bell, is not in the Military

Service of the United States, nor any State or Territory thereof or its allies, as defined in the Soldiers'

and Sailors' Civil Relief Act of 1940 and the amendments thereto.

Terry L. Steen, President
H.A. Steen Industries, Inc.

Sworn to and Subscribed
before me this
day of _____, 2006.

_____
Notary

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700
                                                    Counsel for Plaintiff

### IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.                 :

                v.                           :          October Term, 2006
                                             :
                                             :          No.
DENTAL EXCELLENCE                            :
aka DENTAL EXCELLENCE OF BLUE BELL           :

### NOTICE TO DEBTORS RE:
### PROCEDURE TO STRIKE OR OPEN CONFESSED JUDGMENT

Pursuant to 42 Pa. C.S.A. § 2737.1, a debtor who has been incorrectly identified and has had a confession or judgment entered against him shall be entitled to costs and reasonable attorney fees as determined by the court.

The following instructions from the Pennsylvania Rules of Civil Procedure identify the procedure to strike or open a confessed judgment.

### Rule 2959. Striking Off or Opening Judgment; Pleadings; Procedure

**(a)**(1) Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment.

(2) The ground that the waiver of the due process rights of notice and hearing was not voluntary, intelligent and knowing shall be raised only
    (i)      in support of a further request for a stay of execution where the court has not stayed execution despite the timely filing of a petition for relief from the judgment and the presentation of prima facie evidence of a defense; and
    (ii)    as provided by Rule 2958.3 or Rule 2973.3.

(3) If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.

**(b)** If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be

fixed by the court by local rule or special order.

**(c)** A party waives all defenses and objections which are not included in the petition or answer.

**(d)** The petition and the rule to show cause and the answer shall be served as provided in Rule 440.

**(e)** The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

**(f)** The lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending.

By: _Willie Pollins_

Willie Pollins, Esquire
Turner & McDonald, P.C.
1725 Spruce Street
Philadelphia, PA  19103
(215) 546-9700
Attorney for Plaintiff

**EXHIBIT A.16**



MSN Hotmail - Message

Page 1 of 2

MSN Home | My MSN | Hotmail | Shopping | Money | People & Chat    Sign Out    Web Search:   Go

**msn** Hotmail    Today | Mail | Calendar | Contacts

jonathansack@hotmail.com   Messenger: Online ▾

Reply | Reply All | Forward | ✕ Delete | Junk | Put in Folder ▾ | Print View | Save Address

The sender of this message, kensiegel@onlymyemail.com, could not be verified by Sender ID. Learn more about Sender ID.

| | |
|---|---|
| From : | Ken siegel <kensiegel@onlymyemail.com> |
| Sent : | Wednesday, October 18, 2006 11:39 AM |
| To : | <jsack@sackandsack.com> |
| CC : | "Jill Yablon" <Jill@Yablons.com> |
| Subject : | SPAM-LOW: commerce and Steen. |

📎 Attachment : image001.jpg (< 0.01 MB)

Jon,

I got another threatening call from Commerce on my cell phone. This was from Mr. Paolini from last week. This isn't the guy from the letter. He keeps calling and threatening. Do you want me to record the message and send it to you as an attachment? Did you get all of the information that you need from the Steen lawsuit that I faxed you yesterday?

Kenneth B. Siegel, D.M.D.

Dental Excellence of Blue Bell

706 Dekalb Pike

Blue Bell, Pa. 19422

610-272-0828

610-272-4319 fax

215-498-5991 mobile

**Notice**: Attachments are automatically scanned for viruses using Trend Micro products  TREND MICRO

Get the latest updates from MSN

**EXHIBIT A.17**

MSN Hotmail -                                                                                    Page 1 of 4



jonathansack@hotmail.com                                        Printed: Thursday, October 19, 2006 2:42 PM

| | |
|---|---|
| **From :** | Jonathan Sack <jonathansack@hotmail.com> |
| **Reply-To :** | jsack@sackandsack.com |
| **Sent :** | Thursday, October 19, 2006 2:20 PM |
| **To :** | kensiegel@onlymyemail.com, jsack@sackandsack.com |
| **CC :** | Jill@Yablons.com, PYABS@bloomberg.net |
| **Subject :** | RE: SPAM-LOW: RE: ADT |

I think you sent me the bill, so I will take another run at her.  As for the contract that was
signed, the employee has "apparent authority" so you may be held liable if after a factual
review of your business practices, it turns out that you give authority to others in your
office to enter into agreements, sign contracts, etc.  So, in effect, we cannot litigate this
piece of crap.  Let me work it further to see what I can bring it down to.


Jonathan S. Sack, Esq.
Sack & Sack
110 East 59th Street, 19th Floor
New York, New York 10022
Tel  212-702-9000 X 207
Fax 212-702-9702
Cell 917-754-9000
Email jsack@sackandsack.com




From: "Ken siegel" <kensiegel@onlymyemail.com>
To: <jsack@sackandsack.com>
CC: "Jill Yablon" <Jill@Yablons.com>
Subject: SPAM-LOW:  RE: ADT
Date: Thu, 19 Oct 2006 11:09:55 -0700

Jon,

What happened to the fact that they never had a signed contract?  Where does the $893 come
from?  I believe that our prior balance is no more than $600.  If they want more than that then
they should earn it.  I'll agree to it if you want me to just get rid of it; however, it feels
wrong since they are asking for $1786.48 only to fulfil a contract that has another 2 years on
it(that I never signed, or knew about).  It's not worth you spending a lot of time on.  If you
feel that it's the best that we can do then that's what I'll do.  Let me know.

Ken

-----Original Message-----
From: Jonathan Sack [mailto:jonathansack@hotmail.com]
Sent: Thursday, October 19, 2006 12:56 PM
To: Ken siegel
Cc: PYABS@bloomberg.net; jill@yablons.com; Css22@aol.com
Subject: ADT


I can settle the ADT matter for $893.00  You owe them $1,786.48.  Let me
know.


Jonathan S. Sack, Esq.

Sack & Sack
110 East 59th Street, 19th Floor
New York, New York 10022
Tel  212-702-9000 X 207
Fax 212-702-9702
Cell 917-754-9000
Email jsack@sackandsack.com


From: "Ken siegel" <kensiegel@onlymyemail.com>
To: <jsack@sackandsack.com>
Subject: RE: SPAM-LOW: separate matter.
Date: Thu, 19 Oct 2006 09:43:31 -0700

Jon,
We just got the letter from their attorney.  We're faxing it to you now.
Thanks,
Ken

-----Original Message-----
From: Jonathan Sack [mailto:jonathansack@hotmail.com]
Sent: Thursday, October 19, 2006 7:08 AM
To: Ken siegel
Subject: RE: SPAM-LOW: separate matter.


Perhaps you will not have to pay them.


Jonathan S. Sack, Esq.
Sack & Sack
110 East 59th Street, 19th Floor
New York, New York 10022
Tel  212-702-9000 X 207
Fax 212-702-9702
Cell 917-754-9000
Email jsack@sackandsack.com


From: "Ken siegel" <kensiegel@onlymyemail.com>
To: <jonathansack@hotmail.com>
Subject: RE: SPAM-LOW:  separate matter.
Date: Thu, 19 Oct 2006 02:55:51 -0700

So why do I have to pay them anything.  That as my point to begin with.

-----Original Message-----
From: Jonathan Sack [mailto:jonathansack@hotmail.com]
Sent: Wednesday, October 18, 2006 7:28 PM
To: Ken siegel
Subject: Re: SPAM-LOW: separate matter.

Not unless they are and officer of the company. No you are not responsible.
Jonathan S. Sack, Esq.
Sack & Sack
110 East 59th Street, 19th Fl.
New York, NY  10022
T:  212-702-9000, x 207
F:  212-702-9702
C:  917-754-9000
E:  jsack@sackandsack.com

-----Original Message-----
From: "Ken siegel" <kensiegel@onlymyemail.com>
Date: Wed, 18 Oct 2006 13:43:30
To:<jonathansack@hotmail.com>
Subject: RE: SPAM-LOW: separate matter.

I faxed it to you.  BTW- is that true that if a staff person signs a
contract that I'm responsible.

-----Original Message-----
From: Jonathan Sack [mailto:jonathansack@hotmail.com]
Sent: Wednesday, October 18, 2006 2:18 PM
To: Ken siegel
Subject: Re: SPAM-LOW: separate matter.

I will handle. Send me the paperwork.
Jonathan S. Sack, Esq.
Sack & Sack
110 East 59th Street, 19th Fl.
New York, NY  10022
T:  212-702-9000, x 207
F:  212-702-9702
C:  917-754-9000
E:  jsack@sackandsack.com


-----Original Message-----
From: "Ken siegel" <kensiegel@onlymyemail.com>
Date: Wed, 18 Oct 2006 11:07:01
To:<jsack@sackandsack.com>
Cc:"Jill Yablon" <Jill@Yablons.com>
Subject: SPAM-LOW: separate matter.

    <cid:image001.jpg@01C6F2BD.E1C08870>

Jon,

Ã'Â

ADT security systems has been arguing with us for a while about their
monthly bill of $60 per month.Ã'Â  I told them a year ago to cancel the
service since we never put the alarm on.Ã'Â  They told me that I
canÃ¢â¬â"¢t
cancel because I signed a 5 year contract.Ã'Â  I told them that I never
signed
anything, and please send me whatever contract they thought they had,Ã'Â  We
didnÃ¢â¬â"¢t hear anything for 6 months or so and then we heard from a
company
in Baldwin,NY called SKO*BRENNER*AMERICAN.Ã'Â  The woman I spoke with is
Gayle
Borden 516-771-4400 ext 237.Ã'Â  SheÃ¢â¬â"¢s real nasty.Ã'Â  I asked her
for the
same contract that she said I signed.Ã'Â  She faxed it over to me and as I
thought I never signed a contract.Ã'Â  One of my staff members seems to have
signed it.Ã'Â  I told her that I never saw it and that I wouldnÃ¢â¬â"¢t
have
signed it if I had.Ã'Â  He said that because one of my staff signed it that
it
was if I signed it.Ã'Â  I explained to her that I was the only one with the
authority to sign a contract.Ã'Â  She insists that the staff member can sign
as my representative.Ã'Â  I told her that I thought she was full of it because
then
she can randomly sign contracts all day that I would be responsible for.Ã'Â
So now I get a letter today where she states that if they donÃ¢â¬â"¢t get
the
remaining contract paid in full that they are giving it over to
attorneys.Ã'Â
WeÃ¢â¬â"¢re only talking about $1786.48 so I donÃ¢â¬â"¢t want to waste

your time
with it.Ã'Â  Can I send them a check for $60 and prevent them from suing
since
IÃ¢â'¬â"¢m making payments?Ã'Â  I donÃ¢â'¬â"¢t think that they should get
paid for the
full contract since it has over a year left.Ã'Â  At the most we probably owe
them 6 months or 10 months at the most.Ã'Â  At the most itÃ¢â'¬â"¢s $600 so
if
thatÃ¢â'¬â"¢s the case I should just pay the balance and continue to pay the
monthly fee.Ã'Â  Please let me know how to proceed.Ã'Â  IÃ¢â'¬â"¢ll fax you
over the
letter.

Ã'Â

Ken


--
If this email is spam, report it here:
http://www.OnlyMyEmail.com/reportSpam?Id=MzM2NDg6MTgxNDM3NTAyOmtlbnNpZWdlbEBvbmx5bXllbWFpbC5jb20%3D


--
If this email is spam, report it here:
http://www.OnlyMyEmail.com/reportSpam?Id=MzM2NDg6MTgxNTcwNzE3OmtlbnNpZWdlbEBvbmx5bXllbWFpbC5jb20%3D



--
If this email is spam, report it here:
http://www.OnlyMyEmail.com/reportSpam?Id=MzM2NDg6MTgxNzk4MDAwOmtlbnNpZWdlbEBvbmx5bXllbWFpbC5jb20%3D



--
If this email is spam, report it here:
http://www.OnlyMyEmail.com/reportSpam?Id=MzM2NDg6MTgxOTQ3ODk3OmtlbnNpZWdlbEBvbmx5bXllbWFpbC5jb20%3D

**EXHIBIT A.18**

# DENTAL EXCELLENCE OF BLUE BELL
## KENNETH B. SIEGEL, D.M.D.

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: JONATHAN SACK, ESQ. | FROM: MARIBETH |
| FAX NUMBER :212-702-9702 | Date: October 19, 2006 |
| COMPANY: SACK & SACK | # PAGES INCLUDING COVER: 4 |
| PHONE NUMBER: | SENDER'S REFERENCE #: |
| | YOUR REFERENCE |

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY

NOTES/COMMENTS:

```
┌─────────────────────────────────────┐
│      ( IMPORTANT MESSAGE )           │
│                                      │
│  FOR   Martha                        │
│  DATE  Oct 12th    TIME 5.00  A.M.   │
│                                (P.M.)│
│  M.    Darlene                       │
│  OF    Allied   Consultant           │
│  PHONE  866  290·3588                │
│        AREA CODE  NUMBER  EXTENSION  │
│  ☐ FAX                               │
│  ☐ MOBILE               3059         │
│        AREA CODE  NUMBER  TIME TO CALL│
│  ┌──────────────┬───┬──────────────┬──┐│
│  │ TELEPHONED   │ X │ PLEASE CALL  │X ││
│  ├──────────────┼───┼──────────────┼──┤│
│  │ CAME TO SEE  │   │ WILL CALL    │  ││
│  │ YOU          │   │ AGAIN        │  ││
│  ├──────────────┼───┼──────────────┼──┤│
│  │ WANTS TO     │   │ RUSH         │  ││
│  │ SEE YOU      │   │              │  ││
│  ├──────────────┼───┼──────────────┼──┤│
│  │ RETURNED     │   │ SPECIAL      │  ││
│  │ YOUR CALL    │   │ ATTENTION    │  ││
│  └──────────────┴───┴──────────────┴──┘│
│  MESSAGE  Regarding Verizon          │
│    account # R9000107408             │
│                                      │
│       Please call her.               │
│                                      │
│                                      │
│  SIGNED                              │
└─────────────────────────────────────┘
```

**Tops.** FORM 3002P
MADE IN U.S.A.

**EXHIBIT A.19**

# DENTAL EXCELLENCE OF BLUE BELL
## KENNETH B. SIEGEL, D.M.D.

---

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: JONATHAN SACK, ESQ | FROM: MARIBETH |
| FAX NUMBER :212-702-9702 | Date: October 19, 2006 |
| COMPANY: SACK & SACK | # PAGES INCLUDING COVER: 4 |
| PHONE NUMBER: | SENDER'S REFERENCE #: |
| | YOUR REFERENCE |

---

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY

---

NOTES/COMMENTS:

DR. KENNETH SIEGEL, DMD • 706 DEKALB PIKE
• BLUE BELL, PA 19422
PHONE: 610-272-0828 • FAX: 610-272-4319

INDIVIDUALIZED
BANKCARD
SERVICES
www.aaanetaccess.com

| ACCOUNT NUMBER |
|---|
| 4264 2960 6321 2838 |

| BALANCE |
|---|
| $72,261.54 |

KENNETH B SIEGEL DMD
706 DEKALB PIKE
BLUE BELL PA 19422-121406

To:       Kenneth B Siegel DMD
From:     Laura Miller, Customer Assistance department
Date:     October 10, 2006
Subject:  Notice of intent to arbitrate

Your account is currently past due and your charging privileges have been suspended until further notice. We are requesting a payment of the balance in full, as indicated above.

If we do not receive a payment of your full balance by October 31, 2006, your account will be referred to an attorney to begin proceedings to enforce your obligations under your Credit Card Agreement.

Under your Credit Card Agreement, your account will be submitted to binding arbitration before a neutral and independent arbitrator under the rules of the National Arbitration Forum. A hearing will be set within the federal judicial district that includes your billing address at the time we file our claim. Arbitration proceedings can result in an award which can be entered as a judgment and enforced to the fullest extent of the law.

Please mail your full balance of $72,261.54 today to avoid further action being taken against your account. If you cannot pay the balance in full, please contact us immediately at the number below to discuss your account. If you have recently made a payment, please call us to confirm the status of your account.

Please call 1-888-866-0800, Monday through Thursday from 8 a.m. to 9 p.m., Friday, 8 to 5, or Saturday, 8 to noon (Eastern time). Our knowledgeable Account Managers are ready to assist you.

P.S. For account information and payment options, visit us online at www.aaanetaccess.com.



winzinger
MBM ARET 1-1 US-EN                    1 of 1                    06-284-00041 - 8305

**EXHIBIT A.20**

# SACK & SACK

ATTORNEYS-AT-LAW
110 EAST 59TH STREET, 19TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: (212) 702-9000 • FAX: (212) 702-9702

**Jonathan Sack**
ext.:   207
e-mail:  JSack@SackandSack.com

October 19, 2006

**VIA FACSIMILE TO:**     (516) 771-7810

Ms. Gayle Borden
SKO Brenner American
P.O. Box 9320
Baldwin, New York 11510

Re:     **Dental Excellence / ADT (File #07246329)**

Dear Ms. Borden:

    We represent Dental Excellence of Blue Bell and Kenneth B. Siegel concerning ADT Security Services, File No. 0724639).  Please contact me to discuss.

Very truly yours,

Jonathan Sack

JSS/zs
cc:  Kenneth B. Siegel (via fax to 610.272.4319)
    Paul Yablon (via fax to 203.422.4465)

**EXHIBIT A.21**

# SACK & SACK

ATTORNEYS-AT-LAW
110 EAST 59TH STREET, 19TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: (212) 702-9000 • FAX: (212) 702-9702

**Jonathan Sack**
ext.:    207
e-mail:  JSack@SackandSack.com

October 19, 2006

**VIA FACSIMILE TO:**        (215) 546-9712

Willie Pollins, Esq.
Turner & McDonald, P.C.
1725 Spruce Street
Philadelphia, PA  19103

Re:    <u>**H.A. Steene Industries, Inc. v. Dental Excellence (#2008)**</u>

Dear Mr. Pollins:

This firm represent Dental Excellence of Blue Bell and Kenneth B. Siegel. Reference is made to the demand made upon my client for the total of $13,561.68.

As you may be aware, my client intends to raise several defenses in connection with this matter, including the fact that Steen Industries removed the signs without notice to my client and the fact that this contract was entered into without authorization of my client. I wish to discuss this matter with you in greater detail so that we may, in good faith, reach a mutually-acceptable compromise and resolution without resort to litigation.

Very truly yours,

Jonathan Sack

JSS/zs
cc:  Kenneth B. Siegel (via fax to 610.272.4319)
     Paul Yablon (via fax to 203.422.4465)

**EXHIBIT A.22**

# SACK & SACK

ATTORNEYS-AT-LAW
110 EAST 59TH STREET, 19TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: (212) 702-9000 • FAX: (212) 702-9702

**Jonathan Sack**
ext.:    207
e-mail:  JSack@SackandSack.com

October 19, 2006

**VIA FACSIMILE TO:**    (856) 533-4770

Ms. Dilcie L. Farley
Collection Specialist
Commerce Bank of New Jersey
6000 Atrium Way
Mt. Laurel, New Jersey 08054-3918

Re:    **Kenneth Siegel / Commerce (Acct #180058984)**

Dear Ms. Dilcie:

    We represent Dental Excellence of Blue Bell and Kenneth B. Siegel concerning the referenced matter (Account No. 180058984). Please contact me to discuss.

Very truly yours,

Jonathan Sack

JSS/zs
cc:  Kenneth B. Siegel (via fax to 610.272.4319)
      Paul Yablon (via fax to 203.422.4465)

**EXHIBIT A.23**

# SACK & SACK

ATTORNEYS-AT-LAW
110 EAST 59TH STREET, 19TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: (212) 702-9000 • FAX: (212) 702-9702

**Jonathan Sack**
ext.:    207
e-mail:  JSack@SackandSack.com


October 19, 2006


**VIA FACSIMILE TO:**        (972) 638-9015

Mr. Andrew Steele
Legal Coordinator
Alexander, Wright & Associates, Inc.
1130 East Arapaho Road, Suite 535
Richardson, Texas 75081


Re:    **Dental Excellence / Aurum Ceramic Dental Laboratory**


Dear Mr. Steele:

   I write to confirm the settlement with my client and Aurum Ceramic Dental Laboratory for the total amount of $17,500.  I have set up a wire transfer to your designated account for the first installment of $10,000.  The confirmation number for the transfer is  2920064847.  Please confirm receipt.  The balance of the settlement, $7,500, will be payable on or about December 18, 2006.


Very truly yours,


Jonathan Sack


JSS/zs
cc:  Kenneth B. Siegel (via fax to 610.272.4319)
     Paul Yablon (via fax to 203.422.4465)

**EXHIBIT A.24**

## Make a Transfer

print

**The following transfer has been made:**

From Account: Checking: 5535311
New Balances: $ 84.44 on deposit
$ 84.44 available now

To Account: Checking with Sweep: 94174617
New Balances: $ 1,874,974.79 current balance
$ 1,874,974.79 available now

Amount: $ 10,000.00

Reference Number: 9275

Make Another Transfer     View Record     Menu

*Paul Yablon*
*- ken siegel*
*payment*
*for collection*
*Agency*

**Transfers** / Domestic Wire (USA Destination)

> **Please Note:  Wire transfers set up after 5:30 PM Eastern Time will be sent the next business day. The source account will be immediately debited upon execution of this wire.**

**WIRE:**     From Account:  **000094174617**     Currency:  **US Dollars**

Status:     **Pending**
Wire Fee: **$0.00**

| Beneficiary | Bank |
|---|---|
| **Alexander Wright & Associates, Inc.**<br>1130 East Arapaho Road<br>Suite 535<br>Richardson, Texas 75081<br><br>Phone: 800-818-3501 | Name: **FIRST BANK OF CANYON CREEK**<br>ABA: **111924305**<br>Address: **1755 North Collins Blvd.**<br>**RICHARDSON**<br>**Texas** |

Beneficiary's Account number: **1509322**

Amount: **$10,000.00**
Date of transfer(s): **October 19, 2006**

> Special Instructions:
> Re: Settlement of Ken Siegal
> & Dental Excellence of Blue
> Bell/Aurum Dental Labs

☐ Save as Model - Model Name:  Alexander Wright & Associates, Inc.

Send wire

**Save as Model Only**
**Back     Cancel Wire**

**EXHIBIT A.25**

## SKO • BRENNER • AMERICAN

841 Merrick Road, PO BOX 9320, Baldwin, NY 11510-9320          Phone # (516) 771-4400 Fax # (516) 771-7810

# FAX COVER SHEET

**DATE: 10/20/06**

**FAX FROM: GAYLE BORDEN/ EXT 237**

   **FAX #:  (516) 771-7810**

**ADT SECURITY SERVICE INC VS DENTAL EXCELLENCE**

**ATTN:  JONATHAN SACK ESQ.**

**FAX # 212-702-9702**

**PHONE # 212-702-9000**

**ADT# 146204941/1200**

**SKO# 7246329**

**SUBJECT: SETTLEMENT PROPOSAL**

**PAGES W COVER: 2**

Please make your draft payable to our client ADT Security Service Inc. and mail to SKO Brenner PO Box 9320 Baldwin NY 11510

# SKO • BRENNER • AMERICAN

PO BOX 9320 , 841 Merrick Road. Baldwin, New York 11510                    Phone: (516) 771-4400, Fax: (516) 771-7810

Dental Excellence of Blue Bell                                    October 20, 2006
C/o Jonathan Sack  Esq.
110 East 59th St.
New York NY 10022

ADT#146204941/1200
Balance: $1786.48
Settlement: $ 800.00
SKO#7246329

Dear Mr. Sack ,

    Pursuant to our conversation the above account will be settled in full when we receive a payment of $800.00

by  10/25/06 . Upon receipt and clearance of your clients check, ADT Security Service Inc will be notified

this account is settled paid in full and no further outstanding legal obligations remain .

The payment is made payable to ADT Security Service Inc with the above account numbers affixed to the

face of the draft ,so we may apply the payment accordingly.

Thank you for your cooperation.                         SKO Brenner
                                                        841 Merrick Rd/Po Box 9320
Sincerely yours,                                        Baldwin, New York 11510

                                                            Attn; Gayle Borden

Gayle Borden

**EXHIBIT A.26**



*Citibank Client Support*
*100 Citibank Drive*
*San Antonio, TX 78245*

309/12160/R000/CBNA

JONATHAN S. SACK,
110 E 59TH ST # 19
NEW YORK NY 10022-1304


October 19, 2006

RE: Account #    : 48701164
    Fund Type    : Same Day Funds
    Credit Amount: USD 10,000.00
    Global Ref # : F07629100A7201
    Other Ref #  : 00601620061018PW

| Incoming Wires Deposit Notification |
| --- |

Dear Customer:

We are writing to you about your recent incoming wire deposit. Your account was credited on 10/18/06 for $10,000.00. The amount credited to your account may reflect fees associated with the funds transfer charged by the sending bank and/or Citibank.

Ordered/Sending Party:          Beneficiary:
PAUL E YABLON                   JONATHAN S SACK ESQ
140 PARSONAGE ROAD              IOLA ACCOUNT
GREENWICH CT 06830-3943         110 E 59TH ST    19
                                NEW YORK NY 10022 1304


Sending Bank: UBS AG


Originator to Beneficiary Info:    Bank to Bank Info:




If you have questions, please visit a Citibank Financial Center or call Customer Service at 1-800-285-1709. Representatives are available to assist you 24 hours a day, 7 days a week. Hearing or speech impaired customers may call out text telephone service at 1-800-945-0258 (TDD).

You may also access your account information online at www.citibusinessonline.com for Citibusiness customers; at www.citibankonline.com for Consumer customers.

Thank you for banking with Citibank.  We appreciate your business and the opportunity to serve you.

Sincerely,

CITIBANK

**EXHIBIT A.27**

# SACK & SACK

ATTORNEYS-AT-LAW
110 EAST 59TH STREET, 19TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: (212) 702-9000 • FAX: (212) 702-9702

**Jonathan Sack**
ext.:    207
e-mail:  JSack@SackandSack.com

October 19, 2006

**VIA FACSIMILE TO:**     (856) 533-4770

Mr. Arthur W. Brosius, Jr.
Assistant Vice President
Consumer Loan Collections
1701 Route 70 East
Cherry Hill, NJ  08034-5400

Re:     **Loan No. 1801125252**

Dear Mr. Brosius:

    I represent Kenneth B. Siegel in connection with the referenced loan.  I have returned your call and I await hearing from you so that we may discuss this matter. Please contact me at your next convenience.

Very truly yours,

Jonathan Sack

JSS/zs
cc:  Kenneth B. Siegel (via fax to 610.272.4319)
    Paul Yablon (via fax to 203.422.4465)

**EXHIBIT A.28**

Cardmember Service
PO Box 15548
Wilmington, DE  19886-5548

FAX rv
J Sack
212 7029702



016321                                    November 02, 2006

Cindy Siegel
821 Firethorn Cir
Dresher, PA  19025-1426

Account: 4266841093060661

Dear Cindy Siegel,:

We are pleased to confirm that we've agreed to settle your credit card account for 11304.  Our settlement brings you these three advantages:

- You will pay 11304, a significant savings over the full balance that you owe us. Please note that the settlement amount doesn't include any payments you may have already made previous to this settlement agreement.

- We will stop all efforts to collect.

- We will report your account to the national credit bureaus as "settled"*.

Here is your schedule of payments that you have agreed to:

First Installment:    Due Date: 11/10/2006        Payment Amount: 2826
Second Installment: Due Date: 12/10/2006        Payment Amount: 2826
Third Installment:    Due Date: 01/09/2007        Payment Amount: 2826
Fourth Installment:  Due Date: 01/21/2007        Payment Amount: 2826

Please call 1-866-560-9081 toll-free to make payment arrangements right over the phone or you can mail us your payment to the address below.

Until your settlement amount is paid in full, your Annual Percentage Rate will be 14.99%. This will have no impact on your settlement amount or payment(s).  **If you don't make each payment by its due date listed above, our settlement agreement will terminate, your account will revert to the terms of your Cardmember Agreement and we'll continue our collection efforts and any payments made to that point will be applied to your full balance.**

If you have not already done so, please destroy all the cards and convenience checks for your account as we have closed your account as part of the settlement agreement.

Please note you are responsible for monitoring payment dates and amounts, including those made by a third party.  We look forward to receiving your payment.

Sincerely,

Customer Support Division

P.S. Send your cashier's check or money order for 11304 today to the address below.

Mail to: Cardmember Service          Overnight address:    Cardmember Service
            P.O. Box 15548                                          Attn: Remittance Processing
            Wilmington, DE 19886-5548                          2500 Westfield Drive
                                                                         Elgin, IL 60123

* IRS requires us to provide them with information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099C.  If we are required to notify the IRS, you will receive a copy of the form 1099C that is filed with the IRS.

Account is owned by Chase Bank USA, N.A.
Calls may be monitored and/or recorded to ensure the highest level of quality service.

PP0015

Cardmember Service
P.O. Box 15548
Wilmington, DE 19886-5548

**CHASE** ⬣

November 03, 2006

064798

Cindy Siegel
821 Firethorn Cir
Dresher PA  19025-1426

Account: 4253290220185519

Dear Cindy Siegel,

We have reviewed your request to settle your credit account.  We
appreciate the effort that you are making to pay down your outstanding
balance.  Unfortunately, we have determined that your account does not
qualify for a settlement at this time.

We may have another payment option that is right for you.  Please call us
today at 1-888-792-7547.

Sincerely,

Customer Support Division

Account is owned by Chase Bank USA, N.A.
Calls may be monitored and/or recorded to ensure the highest level of
quality service.

FF0012

**EXHIBIT A.29**



MSN Home | My MSN | Hotmail | Shopping | Money | People & Chat        Sign Out      Web Search: [Go]

Hotmail                                    Today | Mail | Calendar | Contacts

jonathansack@hotmail.com ▾  Messenger: **Online** ▾

🖉 Reply | 🖉 Reply All | 🖉 Forward | ✖ Delete | 📩 Junk | 📂 Put in Folder ▾ | 🖨 Print View | 🖫 Save Address

ⓘ   The sender of this message, kensiegel@onlymyemail.com, could not be verified by Sender ID. Learn more about Sender ID.

| | |
|---|---|
| From : | Ken siegel <kensiegel@onlymyemail.com> |
| Sent : | Thursday, November 2, 2006 3:13 PM |
| To : | <jsack@sackandsack.com> |
| CC : | "Jill Yablon" <Jill@Yablons.com> |
| Subject : | SPAM-LOW: commerce bank |

◄ | ▼ | ✖ | 🖾 Inbox

📎 Attachment :  image001.jpg (< 0.01 MB)

Jon


We got two certified letters today from Commerce.  One the postman delivered.  The other one is at the post office.  Cindy will fax the documents but here is the jist.


It is headed ACT 91 Notice Take Action to save your home from Foreclosure.


LOAN Acct No  PL #1801125252


We need $6103.72 to cure default and have only 30 days before we lose the home at a sheriff's sale.


Contact person Joan Francesconi  Asst Vice President    1-888-751-9000  ext 6886


**Is it time to panic?  Are they bluffing?  It is a little disturbing hat they are looking to foreclose.   Is this just par for the course.  Please let me know.**

**EXHIBIT A.30**

TO Jonathan
FAX
212 7029702



# ACT 91 NOTICE
# TAKE ACTION TO SAVE
# YOUR HOME FROM
# FORECLOSURE

**Date: October 30, 2006**

TO:    **Cindy Siegel**
       **821 Firethorn Circle**
       **Drescher, PA 19025-1426**

This is an official notice that the mortgage on your home is in default and the lender intends to foreclosure. Specific information about the nature of the default is provided in the attached pages.

The HOMEOWNER'S MORTGAGE ASSISTANCE PROGRAM (HEMAP) may be able to help to save your home. This Notice explains how the program works.

To see if HEMAP can help, you must MEET WITH A CONSUMER CREDIT COUNSELING AGENCY WITHIN 30 DAYS OF THE DATE OF THIS NOTICE. Take this Notice with you when you meet the Counseling Agency.

The name, address and phone number of Consumer Credit Counseling Agencies serving your County are listed at the end of this Notice. If you have any questions, you may call the Pennsylvania Housing Finance Agency toll free at 1-800-342-2397. (Persons with impaired hearing can call (717) 780-1869).

This Notice contains important legal information. If you have any questions, representatives at the Consumer Credit Counseling Agency may be able to help explain it. You may also want to contact an attorney in your area. The local bar association may be able to help you find a lawyer.

LA NOTIFICACION EN ADJUNTO ES DE SUMA IMPORTANCIA, PUEDE AFECTA SU DERECHO A CONTINUAR VIVIENDO EN SU CASA. SI NO COMPRENDE EL CONTENIDO DE ESTA NOTIFICACION OBTENGA UNA TRADUCCION INMEDITAMENTE LLAMANDO ESTA AGENCIA (PENNSYLVANIA HOUSING FINANCE AGENCY) SIN CARGOS AL NUMERO MENCIONADO ARRIBA. PUEDES SER ELEGIBLE PARA UN PRESTAMO POR EL PROGRAMA LLAMADO "HOMEOWNERS EMERGENCY MORTGAGE ASSISTANCE PROGRAM" EL CUAL PUEDE SALVAR SU CASA DE LA FERDIDA DEL DERECHO A REDIMAR SU HIPOTECA.

### STATEMENTS OF POLICY

HOMEOWNER'S NAME(S):    Kenneth Sigel & Cindy Sigel
PROPERTY ADDRESS:       821 Firethorn Circle, Dresher, Pa 19025-1426
LOAN ACCT. NO.:         PL#1801125252
ORIGINAL LENDER:        **Commerce Bank, Pennsylvania NA**

P. 1    712/8492/4    Neu Siegel

**HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE PROGRAM**
<u>**YOU MAY BE ELIGIBLE FOR FINANCIAL ASSISTANCE WHICH CAN SAVE YOUR HOME FROM FORECLOSURE AND HELP YOU MAKE FUTURE MORTGAGE PAYMENTS**</u>

IF YOU COMPLY WITH THE PROVISIONS OF THE HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE ACT OF 1983 (THE "ACT"), YOU MAY BE ELIGIBLE FOR EMERGENCY MORTGAGE ASSISTANCE.
IF YOUR DEFAULT HAS BEEN CAUSED BY CIRCUMSTANCES BEYOND YOUR CONTROL,
IF YOU HAVE A REASONABLE PROSPECT OF BEING ABLE TO PAY YOUR MORTGAGE PAYMENTS, AND
IF YOU MEET OTHER ELIGIBILITY REQUIREMENTS ESTABLISHED BY THE PENNSYLVANIA HOUSING FINANCE AGENCY.

<u>TEMPORARY STAY OF FORECLOSURE</u>-Under the Act, you are entitled to a temporary stay of foreclosure on your mortgage for thirty (30) days from the date of this Notice. During that time you must arrange and attend a face-to-face meeting with one of the consumer credit counseling agencies listed at the end of this Notice. <u>THIS MEETING MUST OCCUR WITHIN THE NEXT (30) DAYS. IF YOU DO NOT APPLY FOR EMERGENCY MORTGAGE ASSISTANCE, YOU MUST BRING YOUR MORTGAGE UP TO DATE. THE PART OF THIS NOTICE CALLED "HOW TO CURE YOUR MORTGAGE DEFAULT" EXPLAINS HOW TO BRING YOUR MORTGAGE UP TO DATE.</u>

<u>CONSUMER CREDIT COUNSELING AGENCIES</u>-<u>If you meet with one of the consumer credit counseling agencies listed at the end of this notice the lender may NOT take action against you for thirty (30) days after the date of this meeting. The names, addresses and telephone numbers of designated consumer credit counseling agencies for the county in which the property is located are set forth at the end of this Notice.</u> It is only necessary to schedule one face-to-face meeting. Advise your lender <u>immediately</u> of your intentions.

<u>APPLICATION FOR MORTGAGE ASSISTANCE</u>-Your mortgage is in a default for the reasons set forth later in this Notice (see following pages for specific information about the nature of your default.) If you have tried and are unable to resolve this problem with the lender, you have the right to apply for financial assistance from the Homeowner's Emergency Mortgage Assistance Program. To do so, you must fill out, sign and file a completed Homeowner's Emergency Assistance Program Application with one of the designated consumer credit counseling agencies listed at the end of this Notice. Only consumer credit counseling agencies have applications for the program and they will assist you in submitting a complete application to the Pennsylvania Housing Finance Agency. Your application MUST be filed or postmarked within thirty (30) days of your face-to-face meeting.

**YOU MUST FILE YOUR APPLICATION PROMPTLY. IF YOU FAIL TO DO SO OR IF YOU DO NOT FOLLOW THE OTHER TIME PERIODS SET FORTH IN THIS LETTER, FORECLOSURE MAY PROCEED AGAINST YOUR HOME IMMEDIATELY AND YOUR APPLICATION FOR MORTGAGE ASSISTANCE WILL BE DENIED.**

<u>AGENCY ACTION</u>-Available funds for emergency mortgage assistance are very limited. They will be disbursed by the Agency under the eligibility criteria established by the Act. The Pennsylvania Housing Finance Agency has sixty (60) days to make a decision after it receives your application. During that time, no foreclosure proceedings will be pursued against you if you have met the time requirements set forth above. You will be notified directly by the Pennsylvania Housing Finance Agency of its decision on your application.

---

**NOTE: IF YOU ARE CURRENTLY PROTECTED BY THE FILING OF A PETITION IN BANKRUPTCY, THE FOLLOWING PART OF THIS NOTICE IS FOR INFORMATION PURPOSE ONLY AND SHOULD NOT BE CONSIDERED AS AN ATTEMPT TO COLLECT THE DEBT.**
**(If you have filed bankruptcy you can still apply for Emergency Mortgage Assistance.)**

<u>HOW TO CURE YOUR MORTGAGE DEFAULT (Bring it up to date).</u>

<u>NATURE OF THE DEFAULT</u>-The MORTGAGE debt held by the above lender on your property located at: 821 Firethorn Circle Dresher, Pa 19025-1426is SERIOUSLY IN DEFAULT because:

A. YOU HAVE NOT MADE MONTHLY MORTGAGE PAYMENTS for the following months and the following amounts are now past due August 10, 2006 thru October 10, 2006 **at $2,031.24 per month.**

| | |
|---|---|
| Monthly Payments | $ 6,093.72 |
| Late Fees | $    10.00 |
| **Total amount to cure default** | **$6,103.72** |

<u>HOW TO CURE THE DEFAULT</u>-You may cure the default within THIRTY (30) DAYS of the date of this notice BY PAYING THE TOTAL AMOUNT PAST DUE TO THE LENDER, WHICH IS **$6,103.72** PLUS ANY MORTGAGE PAYMENTS AND LATE CHARGES WHICH BECOME DUE DURING THE THIRTY (30) DAY PERIOD. <u>Payments must be made either by cash, cashier's check, certified check or money order made payable and sent to:</u>

Commerce Bank, NA
6000 Atrium Way
Mt. Laurel, NJ 08054
ATTN: Joan Francesconi

<u>IF YOU DO NOT CURE THE DEFAULT</u>-If you do not cure the default within THIRTY (30) DAYS of the date of this Notice, <u>the lender intends to exercise its rights to accelerate the mortgage debt.</u> This means that the entire outstanding balance of this debt will be considered due immediately and you may lose the chance to pay the mortgage in monthly installments. If full payment of the total amount past due is not made within THIRTY (30) DAYS, the lender also intends to instruct its attorney to start legal action to <u>foreclosure upon your mortgage property.</u>

<u>IF THE MORTGAGE IS FORECLOSED UPON</u>- The mortgage property will be sold by the Sheriff to pay off the mortgage debt. If the lender refers your case to its attorneys, but you cure the delinquency before the lender begins legal proceedings against you, you will still be required to pay the reasonable attorney's fees that were actually incurred, up to $50.00. However, if legal proceedings are started against you, you will have to pay all reasonable attorneys fees actually incurred by the lender even if they exceed $50.00. Any attorney's fees will be added to the amount to the lender, which may also include other reasonable costs. <u>If you cure the default within the THIRTY (30) DAY period, you will not be required to pay attorney's fees.</u>

<u>OTHER LENDER REMEDIES</u>-The lender may also sue you personally for the unpaid principal balance and all other sums due under the mortgage.

<u>RIGHT TO CURE THE DEFAULT PRIOR TO SHERIFF'S SALE</u>-If you have not cured the default within the THIRTY (30) DAY period and foreclosure proceedings have begun, <u>you still have the right to cure the default and prevent the sale at any time up to one hour before the Sheriff's Sale. You may do so by paying the total amount then past due, plus any late or other charges then due, reasonable attorney's fees and costs connected with the foreclosure sale and any other costs connected with the Sheriff's Sale as specified in writing by the lender and by performing any other requirements under the mortgage.</u> Curing your default in the manner set forth in this notice will restore your mortgage to the same position as if you had never defaulted.

EARLIEST POSSIBLE SHERIFF'S SALE DATE-It is estimated that the earliest date that such a Sheriff's Sale of the mortgage property could be held would be approximately SIX (6) MONTHS from the date of this Notice. A notice of the actual date of the Sheriff's Sale will be sent to you before the sale. Of course, the amount needed to cure the default will increase the longer you wait. You may find out at any time exactly what the required payment or action will be by contacting the lender.

HOW TO CONTACT THE LENDER: Commerce Bank, NA
6000 Atrium Way
Mt. Laurel, NJ 08054
1-888-751-9000
Contact: Joan Francesconi, ext. 6886

EFFECT OF SHERIFF'S SALE-You should realize that a Sheriff's Sale will end your ownership of the mortgaged property and your right to occupy it. If you continue to live in the property after the Sheriff's Sale, a lawsuit to remove you and your furnishings and other belongings could be started by the lender at any time.

ASSUMPTION OF MORTGAGE-You_____may or____X__may not (CHECK ONE) sell or transfer your home to a buyer or transferee who will assume the mortgage debt, provided that all the outstanding payments, charge and attorney's fees and cost are paid prior to or at the sale and that the other requirements of the mortgage are satisfied.

YOU MAY ALSO HAVE THE RIGHT:

TO SELL THE PROPERTY TO OBTAIN MONEY TO PAY OFF THE MORTGAGE DEBT OR TO BORROW MONEY FROM ANOTHER LENDING INSTITUTION TO PAY OFF THIS DEBT.
TO HAVE THIS DEFAULT CURED BY ANY THIRD PARTY ACTING ON YOUR BEHALF.
TO HAVE THE MORTGAGE RESTORED TO THE SAME POSITION AS IF NO DEFAULT HAD OCCURRED, IF YOU CURE THE DEFAULT. (HOWEVER, YOU NOT HAVE THIS RIGHT TO CURE YOUR DEFAULT MORE THAN THREE TIMES IN ANY CALENDAR YEAR.)
TO ASSERT THE NONEXISTENCE OF A DEFAULT IN ANY FORECLOSURE PROCEEDING OR ANY OTHER LAWSUIT INSTITUTED UNDER THE MORTGAGE DOCUMENTS.
TO ASSERT ANY OTHER DEFENSE YOU BELIEVE YOU MAY HAVE TO SUCH ACTION BY THE LENDER TO SEEK PROTECTION UNDER THE FEDERAL BANKRUPTCY LAW.

CONSUMER CREDIT COUNSELING AGENCIES SERVING YOUR COUNTY IS ATTACHED.

Very truly yours,

Joan Francesconi
Assistant Vice President
Commerce Bank, NA

Account No.: PL#1801125252
Certified Mail: 7006 0810 0001 9359 7291

# HEMAP Consumer Credit Counseling Agencies

**MONTGOMERY County**

Report last updated: 7/12/2006 12:04:10 PM

Acorn Housing Corporation
846 North Broad Street
Philadelphia, PA  19130
215.765.1221

American Credit Counseling Institute
300 North Pottstown Pike
Suite 210
Exton, PA  19341
888.212.6741

American Credit Counseling Institute
937 North Hanover Street
Pottstown, PA  19460
888.212.6741

American Credit Counseling Institute
528 Dekalb Street
Norristown, PA  19401
610.971.2210
888.212.6741

American Credit Counseling Institute
530 West Street Road
Suite 201
Warminster, PA  18974
215.444.9429
888.212.6741

American Credit Counseling Institute
845 Coates Street
Coatesville, PA  19320
888.212.6741

American Financial Counseling Services
175 Strafford Avenue, Suite One
Wayne, PA  19087
267.228.7903
800.490.3039

American Financial Counseling Services
1 Abington Plaza, Suite 403
Old York Road and Township Line
Jenkintown, PA  19046
267.228.7903
800.490.3039

CCCS of Delaware Valley
1777 Sentry Parkway West
Suite 200
Blue Bell, PA  19422
215.563.5665

CCCS of Delaware Valley
1515 Market Street
Suite 1325
Philadelphia, PA  19107
215.563.5665

Chester Community Improvement Project
412 Avenue of the States
PO Box 541
Chester, PA  19016
610.876.8663

Community Action Development Comm
CADCOM
113 E Main St
Norristown, PA  19401
610.277.6363

Germantown Settlement
5538 Wayne Avenue
Bldg C
Philadelphia, PA  19144
215.849.3104

Housing Partnership of Chester County
41 West Lancaster Ave
Downingtown, PA  19335
610.518.1522

Media Fellowship House
302 South Jackson Street
Media, PA  19063
610.565.0434

Northwest Counseling Service
5001 North Broad Street
Philadelphia, PA  19141
215.324.7500

Phila Council For Community Advmnt
100 North 17th Street
Suite 600
Philadelphia, PA  19103
215.567.7803
800.930.4663

**EXHIBIT A.31**

**DISCOVER**
CARD

# A phone card
## for you.

*[handwritten notes:]* For SAX 212 702 9702 3 accounts - details

*[handwritten:]* Settlement extended to all 3 accounts - details to follow in Ken email - Cindy

00001966

Cindy R Siegel
821 Firethorn Circle
Dresher PA 19025-1426

*[handwritten:]* ESBU

## Call 1-800-347-7486 now!

**Account Number:** 6011300170520959
**Account Balance:** $13,279.76

Dear Cindy R Siegel:

Surely your outstanding debt with Discover Financial Services LLC has been a source of stress for you. We understand and want to help you feel better about your situation... starting right now.

Simply call us at **1-800-347-7486** to take advantage of this special offer:

- **Call us no later than November 29, 2006 and we will agree to accept 40% as settlement of the balance on your Discover Card® Account.***

- A 40% settlement means you'll pay just 40 cents on the dollar. That's it. You're done. No more collection calls, fees or worry over this debt.

- Call **1-800-347-7486** to arrange your settlement payment today.

You are one phone call away from feeling much better about your financial situation. Your call and payment of the 40% settlement amount will satisfy your entire debt of this Account.

**You can also accept this offer by calling 1-800-893-5349 and referencing PIN #4456784513 to activate the attached 60-minute phone card.*** Then be sure to call Discover Card no later than November 29, 2006 to arrange your payment.

This offer is too good to let pass. Please keep in mind: If we don't hear from you by November 29, 2006 to arrange your settlement payment, we will continue collection activity to secure the full balance. We're sure you want to resolve this matter as much as we do. So why not take a moment and call us today?

Sincerely,

*[signature: Marc Taylor]*

Marc Taylor
Discover Financial Services LLC

\*   Upon receipt of the agreed settlement amount, we will send an update to the major credit reporting agencies in your area informing them this account has been settled in full for less than the full balance.

\*\* Please note: When you call 1-800-893-5349 and activate your Sprint phone card, you will have also agreed to accept Discover Card's 40% settlement offer.

*This is an attempt to collect a debt and any information obtained may be used for that purpose.*

**EXHIBIT A.32**

Siegel

mailed to Gayle Borden
P.O. Box 9320
Baldwin, NY 11510

11/27/06



**EXHIBIT A.33**

## ᗫᕮᘉᖶᗩᒪ ᕮᙓᙅᕮᒪᒪᕮᘉᙅᕮ ᕿᖴ ᗷᒪᕊᕮ ᗷᕮᒪᒪ
## ᛕᕮᘉᘉᕮᖶᕼ ᗷ. ᔑᓰᕮᕮᒪ, ᗫ.ᙏ.ᗫ.

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: _Jon Sack_ | FROM: |
| FAX NUMBER: _212 - 702 - 9702_ | DATE: |
| COMPANY: _212 - 319 - 4470_ | TOTAL NO. OF PAGES INCLUDING COVER: |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| | YOUR REFERENCE NUMBER: |

☐ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

ᗫᖇ. ᛕᕮᘉᘉᕮᖶᕼ ᔑᓰᕮᕮᒪ, ᗫᙏᗫ • 706 ᗫᕮᛕᗩᒪᗷ ᕿᓰᛕᕮ • ᗷᒪᕊᕮ ᗷᕮᒪᒪ, ᕾᗩ
19422
ᕾᕼᕿᘉᕮ: 610-272-0828 • ᖴᗩᕽ: 610-272-4319

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700                                          Counsel for Plaintiff

### IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

| | |
|---|---|
| H.A. STEEN INDUSTRIES, INC. | : |
| v. | : October Term, 2006 |
| | : No. **002008** |
| DENTAL EXCELLENCE | : |
| aka DENTAL EXCELLENCE OF BLUE BELL | : |

**Notice Under Rule 2958.1 of Judgment and
Execution Thereon**

---

**Notice of Defendant's Rights**

**TO:   DENTAL EXCELLENCE aka DENTAL EXCELLENCE OF BLUE BELL**

A judgment in the amount of $13,561.68 has been entered against you and in favor of the plaintiff without any prior notice or hearing based on a confession of judgment contained in a written agreement or other paper allegedly signed by you. The sheriff may take your money or other property to pay the judgment at any time after thirty (30) days after the date on which this notice is served on you.

You may have legal rights to defeat the judgment or to prevent your money or property from being taken. YOU MUST FILE A PETITION SEEKING RELIEF FROM THE JUDGMENT AND PRESENT IT TO A JUDGE WITHIN THIRTY (30) DAYS AFTER THE DATE ON WHICH THIS NOTICE IS SERVED ON YOU OR YOU MAY LOSE YOUR RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER AND CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

By:   *Willie Pollins*

Willie Pollins
Turner & McDonald, P.C.
1725 Spruce Street
Philadelphia, PA 19103
(215) 546-9700
Attorney for Plaintiff

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700

                                                    Counsel for Plaintiff

### IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.                :

                    v.                      :        October Term, 2006
                                            :
DENTAL EXCELLENCE                          :        No.   **002008**
aka DENTAL EXCELLENCE OF BLUE BELL          :

---

### AVERMENT OF DEFAULT

COMMONWEALTH OF PENNSYLVANIA        :
                                    :ss.
COUNTY OF PHILADELPHIA              :

Terry L. Steen, being duly sworn according to law, deposes and says that he is authorized to

make this affidavit on behalf of Plaintiff, and that Defendant entered into the Lease Agreement dated

July 28, 2004, a true and correct copy of which is attached hereto and marked as Exhibit "A".

Deponent also avers that there is $13,561.68 due and owing under the Lease Agreement.

                                            _____
                                            Terry L. Steen, President
                                            H.A. Steen Industries, Inc.

Sworn to and subscribed
before me this 16
day of October, 2006.

_____
Notary  MYRA WEAVER
        Notary Public of Pennsylvania
        My Commission expires June 15, 2010

**ATTEST**

OCT 1 6 2006

D. Savage

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700

Counsel for Plaintiff

IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.                     :

        v.                                              :        October Term, 2006
                                 :
DENTAL EXCELLENCE                               :        No.    **002008**
aka DENTAL EXCELLENCE OF BLUE BELL             :

**CONFESSION OF JUDGMENT**

Pursuant to the authority contained in the Warrant of Attorney, a true and correct copy of
which is attached to the Complaint filed in this action, I appear for the Defendant and confess
judgment in favor of the Plaintiff and against the Defendant, as follows:

| | | |
|---|---|---|
| (a) | Principal Due Under Lease (November 4, 2004 to May 3, 2005) | $8,800.00 |
| (b) | Interest Due on the Lease through October 10, 2006 plus interest thereafter at the rate of $4.40 per diem | $2,501.40 |
| (c) | Attorneys Fee As Specified In the Lease (20%)(or actual fees, whichever is greater) | $2,260.28 |
| | **TOTAL** | **$13,561.68** |

_Willie Pollins_
Willie Pollins, Esquire
Attorney for Plaintiff

Date: _10-16-2006_

**ATTEST**

OCT 1 6 2006

D. Savage

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700                                    Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.                    :

                        v.                     :    October Term, 2006
                                               :
DENTAL EXCELLENCE                              :    No.
aka DENTAL EXCELLENCE OF BLUE BELL             :

## PRAECIPE FOR ASSESSMENT OF DAMAGES

TO THE PROTHONOTARY:

Please assess damages now due on the judgment in this action against Defendant Dental

Excellence aka Dental Excellence of Blue Bell, as follows:

| | | |
|---|---|---|
| (a) | Principal Due Under Lease<br>(November 4, 2004 to May 3, 2005) | $8,800.00 |
| (b) | Interest Due on the Lease<br>through October 10, 2006<br>plus interest thereafter<br>at the rate of $4.40 per diem | $2,501.40 |
| (c) | Attorneys Fee As Specified<br>In the Lease (20%)(or actual fees, whichever is greater) | $2,260.28 |
| | **TOTAL** | $13,561.68 |

_Willie Pollins_
Willie Pollins, Esquire
Attorney for Plaintiff

**ATTEST**

OCT 1 6 2006

**D. Savage**

## JUDGMENT AND ASSESSMENT OF DAMAGES

I assess damages as above and judgment is entered for Plaintiff H.A. Steen Industries, Inc., and against Dental Excellence aka Dental Excellence of Blue Bell, in the amount of $13,561.68, plus interest after judgment at the rate of $4.40 per diem.

PROTHONOTARY OF PHILADELPHIA COUNTY

_____

Dated: _____

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700                                    Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.                 :

                          v.                 :          October Term, 2006
                                             :
DENTAL EXCELLENCE                            :          No.
aka DENTAL EXCELLENCE OF BLUE BELL           :
                                             :

### AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA          :
                                      :ss.
COUNTY OF PHILADELPHIA                :

Terry L. Steen, being duly sworn according to law, deposes and says that he is authorized to make this Affidavit on behalf of Plaintiff H.A. Steen Industries, Inc.; that the facts set forth in the Complaint for Confession of Judgment are true and correct to the best of his knowledge, information and belief; and that the Exhibit attached to the Complaint is a true and correct copy of the original.

                                            _____
                                            Terry L. Steen, President
                                            H.A. Steen Industries, Inc.

Sworn to and Subscribed
before me this
day of _____, 2006.

_____
Notary/ **MYRA WEAVER**
**Notary Public of Pennsylvania**
**My Commission expires June 15, 2010**

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700
                                                   Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.                    :

                    v.                         :          October Term, 2006
                                               :
DENTAL EXCELLENCE                              :          No.
aka DENTAL EXCELLENCE OF BLUE BELL             :

## CERTIFICATION OF ADDRESSES

Willie Pollins, Esquire, attorney for H.A. Steen Industries, Inc., certifies that the present

address of Plaintiff is 3201 S. 26th Street, Philadelphia, PA 19145; and the last known address of

Defendant Dental Excellence aka Dental Excellence of Blue Bell is 706 DeKalb Pike, Blue Bell, PA

19422.

                                        _Willie Pollins_
                                        Willie Pollins, Esquire
                                        Attorney for Plaintiff

Date: _10-16-2006_

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700

Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

| | | |
|---|---|---|
| H.A. STEEN INDUSTRIES, INC. | : | |
| v. | : | October Term, 2006 |
| | : | |
| DENTAL EXCELLENCE | : | No. |
| aka DENTAL EXCELLENCE OF BLUE BELL | : | |
| | : | |

### AFFIDAVIT PURSUANT TO PA.R.C.P. 2951(a)(2)(1)

COMMONWEALTH OF PENNSYLVANIA    :
                                                         :ss.
COUNTY OF PHILADELPHIA           :

Terry L. Steen, being duly sworn according to law, deposes and says that he is authorized to make this Affidavit on behalf of Plaintiff; and that judgment is not being entered by confession against a natural person in connection with a consumer credit transaction.

_____
Terry L. Steen, President
H.A. Steen Industries, Inc.

Sworn to and Subscribed
before me this ____
day of _____, 2006.

_____
Notary MYRA WEAVER
Notary Public of Pennsylvania
My Commission expires June 15, 2010

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700
                                        Counsel for Plaintiff

### IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

H.A. STEEN INDUSTRIES, INC.                :

       v.                                     :        October Term, 2006
                                           :
DENTAL EXCELLENCE                          :        No.
aka DENTAL EXCELLENCE OF BLUE BELL         :
                                           :

### AFFIDAVIT THAT ACTION DOES NOT
### ARISE OUT OF RETAIL INSTALLMENT CONTRACT

COMMONWEALTH OF PENNSYLVANIA       :
                                   :ss.
COUNTY OF PHILADELPHIA             :


Terry L. Steen, being duly sworn according to law, deposes and says that he is authorized to

make this Affidavit on behalf of Plaintiff H.A. Steen Industries, Inc.; and that this is not an action

by a seller, holder or assignee arising out of a retail installment sale, contract or account.


                                        _____
                                        Terry L. Steen, President
                                        H.A. Steen Industries, Inc.


Sworn to and Subscribed
before me this
day of _____, 2006.


_____
Notary/ MYRA WEAVER
Notary Public of Pennsylvania
My Commission expires June 15, 2010

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700

Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

| | | |
|---|---|---|
| H.A. STEEN INDUSTRIES, INC. | : | |
| v. | : | October Term, 2006 |
| | : | |
| DENTAL EXCELLENCE | : | No. |
| aka DENTAL EXCELLENCE OF BLUE BELL | : | |

## AFFIDAVIT OF BUSINESS TRANSACTION

COMMONWEALTH OF PENNSYLVANIA   :

                                :ss.

COUNTY OF PHILADELPHIA          :

   Terry L. Steen, being duly sworn according to law, deposes and says that he is authorized to make this Affidavit for and on behalf of Plaintiff H.A. Steen Industries, Inc., and that the transaction upon which Judgment is being entered by Confession was a business and commercial transaction.

                                        Terry L. Steen, President
                                        H.A. Steen Industries, Inc.

Sworn to and Subscribed
before me this
day of _____, 2006.

_____
Notary

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700

Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

| | | |
|---|---|---|
| H.A. STEEN INDUSTRIES, INC. | : | |
| v. | : | October Term, 2006 |
| | : | |
| DENTAL EXCELLENCE | : | No. |
| aka DENTAL EXCELLENCE OF BLUE BELL | : | |

## AFFIDAVIT OF NON-MILITARY SERVICE

COMMONWEALTH OF PENNSYLVANIA            :
                                        :ss.
COUNTY OF PHILADELPHIA                  :

Terry Steen, being duly sworn according to law, deposes and says that he is an officer of Plaintiff; that he is authorized to make this Affidavit on behalf of Plaintiff H.A. Steen Industries, Inc.; and that Defendant Dental Excellence aka Dental Excellence of Blue Bell, is not in the Military Service of the United States, nor any State or Territory thereof or its allies, as defined in the Soldiers' and Sailors' Civil Relief Act of 1940 and the amendments thereto.

Terry L. Steen, President
H.A. Steen Industries, Inc.

Sworn to and Subscribed
before me this
day of _____, 2006.

Notary

**TURNER & McDONALD, P.C.**
By: Willie Pollins, Esquire
Identification Number: 84093
1725 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 546-9700                                         Counsel for Plaintiff

## IN THE COURT OF COMMON PLEAS - PHILADELPHIA COUNTY

| | | |
|---|---|---|
| H.A. STEEN INDUSTRIES, INC. | : | |
| | : | October Term, 2006 |
| v. | : | |
| | : | No. |
| DENTAL EXCELLENCE | : | |
| aka DENTAL EXCELLENCE OF BLUE BELL | : | |

## NOTICE TO DEBTORS RE:
## PROCEDURE TO STRIKE OR OPEN CONFESSED JUDGMENT

Pursuant to 42 Pa. C.S.A. § 2737.1, a debtor who has been incorrectly identified and has had a confession or judgment entered against him shall be entitled to costs and reasonable attorney fees as determined by the court.

The following instructions from the Pennsylvania Rules of Civil Procedure identify the procedure to strike or open a confessed judgment.

### Rule 2959. Striking Off or Opening Judgment; Pleadings; Procedure

**(a)**(1) Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment.

(2) The ground that the waiver of the due process rights of notice and hearing was not voluntary, intelligent and knowing shall be raised only

      (i)     in support of a further request for a stay of execution where the court has not stayed execution despite the timely filing of a petition for relief from the judgment and the presentation of prima facie evidence of a defense; and

      (ii)    as provided by Rule 2958.3 or Rule 2973.3.

(3) If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.

**(b)** If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be

fixed by the court by local rule or special order.

(c) A party waives all defenses and objections which are not included in the petition or answer.

(d) The petition and the rule to show cause and the answer shall be served as provided in Rule 440.

(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

(f) The lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending.

By: _Willie Pollins_

Willie Pollins, Esquire
Turner & McDonald, P.C.
1725 Spruce Street
Philadelphia, PA 19103
(215) 546-9700
Attorney for Plaintiff


Creative Outdoor Advertising

3201 South 26th Street  Philadelphia, PA 19145
## OUTDOOR ADVERTISING RENTAL CONTRACT
All checks made payable to H.A. Steen Industries, Inc.
Please notify us immediately if you do not receive confirmation of this order within 48 hours.

**DENTAL EXCELLENCE**

Advertiser - If corporation indicate state of incorporation

**706 DELKALB PIKE, BLUE BELL, PA 19422**
Address

**484 235-0269**
Phone



Fax

, herein referred to as "Lessee", hereby leases from H.A. Steen Industries, Inc., herein referred to as "Lessor", the following
outdoor advertising sign space:

| (Face#) | SIGN LOCATION DESCRIPTION (Highway)          | (Traffic Dir.) | Display Size (Ft) | COPY             | # Copies | MONTHLY RENTAL COST | Term of lease # Months | Start Dat |
|---------|----------------------------------------------|----------------|-------------------|------------------|----------|---------------------|------------------------|-----------|
| 93.31   | PA. TPK. @ RT. 611*                          |                | 12 X 28 E.B.      | Dental Excellence | 0        | $2,200.00           | 6.00                   | 10/15/20  |

Extra charges: Lessee agrees to pay for the following:    $575.23 Production of advertising vinyl

Extensions/Top Plate Charges @    $24 per sq ft / $500 minimum    if Utilized.

Remarks, if any    This contract subject to current customer renewing.    Lessee Supplied Vinyl    No

TERMS OF LEASE - If SIGN LOCATION DESCRIPTION is noted as "Rotary" above, then the advertising copy will move among sign locations, of the display size listed above, that are in Lessor's inventory of available sign locations at the time the advertising copy is to be either initially placed of moved and Lessor makes no representations that the advertising copy either will or will not be placed at specific sign location or that it will move at specified dates or periods of time unless otherwise noted in this rental contract. If the signs leased by Lessee hereunder are equipped with functioning lighting fixtures, then such signs shall be illuminated each day during the term of this lease from dusk until midnight. Lessee will be issued a credit equal to 25% of the daily rental cost, monthly rental cost divided by 30 days, for each day that the lights on a illuminated advertising sign , in the opinion of Lessor, are out. All requests from the Lessee to change advertising copy must be submitted to Lessor in writing and Lessor will endeavor to honor the request in a time manner.

All Outdoor Display Advertising Art, Sketch, Lay-out, Processing, Erection, Installation and Maintenance work on the signs are to be done by  Lessor.

Each sign location listed above will have its own term of lease as listed in the column "Term of lease # Months" and its own monthly rental cost as listed in the column "Monthly Rental Cost". The term of the lease fi each sign location listed above will commence on the date listed in the column "Start Date". The first monthly rental payment and/or production charges, if any, for each sign location shall be due and payable with the signing of this contract and shall be credited as the first monthly rental payment and/or production charges, if any, for each sign location. Subsequent rental payments for each sign are due in advance on the first d of each month commencing with the first monthly anniversary of the Start Date of each sign. It is understood that should one or more of the signs or locations herein referred to be lost or terminated for any reason, the validity of the provisions of this contract relating to the remaining signs, advertisements, and locations and the rental charges therefore shall remain in full force and effect.

TERMS OF DEFAULT- Lessee agrees that in the event of any default in the payment of the above described rentals by Lessee, including any extra charges noted, all unpaid rentals to the end of this lease or any extension thereof which may then be in effect by reason of failure to give notice of termination shall, without notice or demand, be at once accelerated and become immediately due and payable. LESSEE HEREBY IRREVOCABLY, KNOWINGLY, INTENTIONALLY AND VOLUNTARILY AGREES THAT, IF ANY SUM UNDER THIS LEASE PURSUANT TO THE TERMS AND CONDITIONS HEREOF SHALL REMAIN UNPAID A AND WHEN THE SAME IS DUE, LESSEE AUTHORIZES AND EMPOWERS ANY ATTORNEY OR ANY ATTORNEY OR ANY CLERK OR COURT OF ANY COURT OF RECORD OF THE COMMONWEALTH PENNSYLVANIA OR ELSEWHERE TO APPEAR FOR  LESSEE IN ANY AND ALL ACTIONS WHICH MAY BE BROUGHT FOR THE SAID RENTALS AND TO CONFESS OR ENTER  JUDGMENT AGAINST LESSEE FOR ALL OR ANY PART OF THE RENT SPECIFIED IN THIS LEASE AND THEN UNPAID, INCLUDING, AT THE OPTION OF LESSOR, ITS SUCCESSORS OR ASSIGNS ('HOLDER'), THE RENT FOR THE ENTIRE UNPAID BALANCE FOR THE TERM OF THE LEASE, AND FOR INTEREST AND COSTS OF SUIT, TOGETHER WITH AN AMOUNT EQUAL TO TWENTY PERCENT (20%) OF THE AMOUNT OF SUCH JUDGMENT ADDED FOR ATTORNEYS' COLLECTION FEES OR ACTUAL ATTORNEYS' COLLECTION FEES, WHICHEVER IS GREATER, TO THE EXTENT PERMITTED BY LAW. LESSEE RELEASE ALL ERRORS IN SUCH PROCEEDINGS. IF A COPY OF THIS DOCUMENT, VERIFIED BY OR ON BEHALF OF THE HOLDER SHALL HAVE BEEN FILED IN SUCH ACTION, IT SHALL NOT BE NECESSARY T FILE THE ORIGINAL DOCUMENT AS A WARRANT OF ATTORNEY.  THE AUTHORITY AND POWER TO APPEAR FOR AND CONFESS JUDGMENT AGAINST LESSEE SHALL NOT BE EXHAUSTED BY TH INITIAL EXERCISE THEREOF, BUT JUDGMENT MAY BE EXERCISED AS OFTEN AS THE HOLDER SHALL FIND IT NECESSARY AND DESIRABLE, SO LONG AS ANY OF THE SAID RENT SHALL FALL DU OR BE IN ARREARS, AND THIS DOCUMENT SHALL BE A SUFFICIENT WARRANT THEREFORE.  SUCH POWERS MAY BE EXERCISED AFTER THE EXPIRATION OF THE ORIGINAL TERM OF THIS LEAS AND/OR DURING ANY EXTENSION OR RENEWAL OF THIS LEASE.  In case of default, and the subsequent removal and re-rental of the sign(s), the Lessee will be charged a short rate based on the current sh rates in effect at time of removal of advertisement or default at the option of Lessor.  Lessee also agrees to pay a late payment charge at the rate of eighteen percent (18%) on any unpaid installments whether or n Lessor has exercised any of its remedies hereunder. Acceptance of late payment or part payment or failure of Lessor to insist upon strict performance of any of the covenants and conditions hereunder or to exer any option herein conferred at any one or more instances shall not be construed as a waiver of any of Lessor's rights hereunder or as a relinquishment in the future of any such covenants, conditions, or options, b the same shall remain in full force and effect. Lessee waives execution, appraisal of any real estate, the benefit of any exemption laws now or hereafter in effect, any demand, protest or notice of default or violatio of any provision of this contract, releasing all errors and waiving all right of appeal. Lessee, waiving the right of inquisition or condemnation of any real estate that may be levied upon, does hereby voluntarily condemn the same and authorizes the prothonotary to enter upon the writ of execution its said voluntary condemnation, and Lessee further agrees that said real estate may be sold upon a writ of execution.

Lessee hereby waives:
(a) All notices, including, notice of presentation, demand for payment or protest;
(b) All defenses, offsets and counterclaims which such Lessee may at any time have to any action or proceeding of any kind that may be instituted on this agreement, except as otherwise expressly set forth in thi agreement;
(c) Trial by jury and the right thereof in any action or proceeding of any kind that may be instituted on this agreement.

Lessor shall have the option of declining to do work for the Lessee, including but not limited to changing the advertising copy, if Lessee is past due in their payments to Lessor pursuant to the terms and condition this or other rental contract, and the Lessee shall have no claim counterclaim or defense of any kind against Lessor as a result of said work not being performed.

Lessee agrees venue is proper in First Judicial District of Pennsylvania, commonly known as the Philadelphia Court of Common Pleas.

MITIGATION OF DAMAGES -In the event of a default by Lessee hereunder, Lessor is authorized to remove the display of the Lessee from such space forthwith and to attempt to rent such space or any part there on behalf of the Lessee for the whole or any part of the term to such person or persons and for such term and upon such conditions as the Lessor may deem best and to collect the rents thereof and to apply the to the payment of any monies which may be due to Lessor from the Lessee; it being understood that this authorization is irrevocable by the Lessee during the period of this lease.

MISCELLANEOUS PROVISIONS-Lessor may remove the display of any advertisement on the signs leased by Lessee in any place where such advertisement may be obstructed whenever it may desire to repair or reconstruct the same, or whenever such discontinuance is necessitated by any order of public authority, or in consequence of any legal proceeding or determination of any court or any other reason deemed appropriate by Lessor and the Lessee  shall have no claim against Lessor for any damages or otherwise by reason of such discontinuance except that all the rental payments to be made under the terms of this agreement shall be abated in proportion to the extent and duration of such discontinuance. Should the lease upon the land or property upon which the particular advertising sign or signs are placed be terminate then, except as provided below, this agreement with respect to the sign or signs involved shall be terminated (pro-rata) and the Lessee shall have no claim against Lessor for any damages or otherwise by reaso such discontinuance except that the payment to be made under the terms of this agreement shall be abated in proportion to the extent and duration of such discontinuance. Should there be any interruption in th display of sign(s) covered by this contract, Lessor shall have the option to allow abatement of rental during the period of interruption or extend the term of this contract for a period of time equal to said interrupti

H.A.S. Initial: _____    See Other Side    Initial: _____

(002) 4ľ9-3330
Fax (215) 755-6955



Creative Outdoor Advertisir

3201 South 26th Street  Philadelphia, PA 19145
**OUTDOOR ADVERTISING RENTAL CONTRACT**
All checks made payable to H.A. Steen Industries, Inc.
Please notify us immediately if you do not receive confirmation of this order within 48 hours.

## DENTAL EXCELLENCE

**COPYRIGHT**–Artwork created by Lessor is copyrighted and may not be used for any purpose other than for display on Lessor's outdoor advertising signs. Lessor is not responsible for and will not store and or return to Lessee advertising copy once it has been removed from the advertising location(s). Artwork/advertising copy may be rejected by Lessor, if, in its sole opinion, it is believed that the placement of said artwork/advertising copy will be injurious to Lessor or to the community where it is to be placed, however, in such event, Lessee's obligations under this contract remain in full force and effect.

**LIMITATION OF DAMAGES**–It is expressly agreed that Lessor shall not be held liable for loss or damage on account of delays due to strikes, fires, governmental or municipal laws, rules or regulations or acts of providence, nor for inability to secure specified material, or to maintain said displays or any part thereof by reason of any legislation heretofore or hereafter enacted by the federal government or any state or municipal government, or any regulation made by any department of the federal, state or municipal government or for other cause. It is expressly recognized that this agreement is one solely of leasing and not a conditional or otherwise, and the Lessee shall at no time during the term of this agreement or thereafter have any right or interest in said sign except as a lessee from Lessor herein pursuant to the provisions her Lessor makes no warranties or representations, implied or otherwise, as to what results or benefits may inure to the Lessee as a result of entering into this rental contract.

**INDEMNIFICATION**–Lessee shall indemnify and hold harmless Lessor from any and all loss, cost, expense, and damages(including court costs and reasonable attorney's fees) on account of any and all manner claims, demands, actions, and proceedings that may be instituted against Lessor on grounds alleging that the advertising message/copy violates any copyrights or any proprietary right of any person, or that it contains any matter that is libelous or obscene or scandalous, or invades any person's right to privacy or other personal rights. Lessee agrees, at the customer's own expense, to promptly defend and continue th defense of any such claim, demand, action, or proceeding that may be brought against Lessor provided that Lessor shall give the advertiser notice with respect thereto, and provided further that Lessor shall give Lessee such reasonable time as the exigencies of the situation may permit in which to undertake and continue the defense thereof.

**COMPLETE AGREEMENT**–Lessee acknowledges receipt of a copy of this agreement which is the final expression of the agreement of the parties, and the complete and exclusive statement of the terms agreed upon. No oral agreement contrary to any of the terms of this contract has been made. All changes, orders or extra work must be in writing . The party signing hereunder on behalf of Lessee expressly warrants hi authority to do so.

**NOTICES**–All correspondence sent from Lessee to Lessor must be sent via certified mail to be considered received by Lessor.

**COMMISSIONS**–Advertising agencies will forfeit agency commissions on all billings if any amounts due Lessor under the lease are unpaid for a period in excess of sixty (60) days. Any sums of money that an individual or other entity acting as an agent or agency receives from its Client/Principal/Lessee which are payment in whole or in part for goods or services provided by Lessor under the terms of this rental contr will be deemed to be held in trust by said individual or other entity as trustee for Lessor.

**CHOICE OF LAW**–This Outdoor Advertising Contract shall be construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania.

**SEVERABILITY**–Each covenant and agreement in this Lease shall for all purposes be construed to be a separate and independent covenant or agreement. If any provision in this Lease or the application thereof shall, to any extent, be determined to be invalid, illegal or otherwise unenforceable, the remainder of this Lease, and the application of said provision other than to the extent determined to be invalid, illegal or unenforceable, shall not be affected thereby; and such provisions in this Lease shall be valid and enforceable to the fullest extent permitted by law.

LESSOR: H.A. STEEN INDUSTRIES, INC.

SALESPERSON: Doug Stram

DATE:

BY:

Accepted and approved by Officer H.A. Steen Industries, Inc.    8/24/0'

LESSEE:

AUTHORIZED SIGNATURE/TITLE    (SEAL

PRINT NAME/TITLE    Kenneth B Siegel  Presid't    DATE 7/28

ADVERTISING AGENCY (IF APPLICABLE)

AGENCY AUTHORIZED (SIGNATURE/TITLE)

BILL TO ADDRESS:

H.A.S Initial: _____        See Other Side        Initial: ____

## VERIFICATION

I do hereby verify that all the statements in the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Terry L. Steen, President
H.A. Steen Industries, Inc.

**EXHIBIT A.34**



**CI** Creditors
Interchange

*Your Complete Receivable Management Team*

CORPORATE OFFICE•80 HOLTZ DRIVE•BUFFALO•NY•14225

TOLL FREE•800•693-3455•FACSIMILE•716-614-7546

## FACSIMILE TRANSMITTAL SHEET

| TO: Jonathan Sack | FROM: Tara Meiler |
|---|---|
| COMPANY: | DATE: 11/28/06 |
| FAX NUMBER: 21?-702-9702 | TOTAL NO. OF PAGES INCLUDING COVER: 2 |
| PHONE NUMBER: 610-272-4319 | SENDER'S REFERENCE NUMBER: |
| RE: Siegel | YOUR REFERENCE NUMBER: |

**\*\*NOTICE\*\***

THE FOLLOWING INFORMATION IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH THIS FAX IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT DIVULGING, DISTRIBUTING OR COPYING OF THIS COMMUNICATION IN ANY WAY IS STRICTLY PROHIBITED. IF YOU RECEIVE THIS MESSAGE IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY TELEPHONE AT 716-614-7500 (OUTSIDE LOCAL AREA 1-800-693-3455) FOR INSTRUCTIONS ON THE PROPER DISPOSAL OF THIS TRANSMITTAL.

NOTES/COMMENTS: fed-x account #215550567

SIGNED: Tara Meiler

EXTENSION: 3587

FAX NUMBER:

Paid by Pat Yablon on 11/30/06.



**Cre litors**
**I nterchange**

*Your Complete Receivabl Management Team*

**CREDITORS INTERCHANGE**
80 Holtz Drive, Buffalo, NY 14225
Phone: 716. 614. 7500
Fax: 716. 614. 7546
ci@creditorsinterchange.com

11-28-0 5

SIEGEL DMD, KENNETH B          10117307
SIEGEL, CINDY
706 DEK LB PIKE
BLUE BE L PA 19422-1214

Buffalo Office Hours (Eastern Time):
8:00AM - Midnight Monday-Thursday
8:00AM - 9:00PM Friday
8:00AM - 2:00PM Saturday
9:00AM - 1:00PM Sunday

RE: FIA CARD SERVICES,N.A.
    Re erence #: 4264296063212838
    CI Account #: 10117307-TAA
    Or ginal Creditor (if applicable):
    Ba ance Owing: $ 73321.50

DEAR KE NETH B SIEGEL DMD,

Credito s Interchange has agreed to settle your account for $36,616.50 which is
49.940% of your current balance .

This se tlement offer expires unless we receive your payment of $36,616.50 due
in our ffice no later than 11/30/06 by 2PM EST.  While it is not required, it is
recomme ded you remit your payment in certified funds via overnight mail to ensure
timely  eceipt and processing by this office.

In the  vent your write-off balance exceeds $600.00, it may be your responsibility
to clai  that amount as earned income on your tax return for the following year.
Your cr ditor may provide you with the necessary 1099C form and notify the IRS of
the amo nt of the write-off balance.

If you  hould have any other questions relative to this settlement, our
represe tative listed below is trained to offer assistance regarding this offer.
Make yo r check or money order payable to Creditors Interchange.

This is an attempt to collect a debt and any information obtained will be used
for that purpose.  This is a communication from a debt collector.

Sincere y,

FRANK S LVENI
Collecti n Manager
Telephor e Number: 1-877-770-6326

SIF:cpu

New Yor City Department of Consumer Affairs License #1168153.

**EXHIBIT A.35**

# **msn®** Hotmail®

| | |
|---|---|
| jonathansack@hotmail.com | Printed: Wednesday, November 29, 2006 4:13 PM |

| | |
|---|---|
| **From :** | Ken siegel <kensiegel@onlymyemail.com> |
| **Sent :** | Wednesday, November 29, 2006 4:01 PM |
| **To :** | <jsack@sackandsack.com> |
| **CC :** | "Jill Yablon" <Jill@Yablons.com>, <yabs@gcm.com> |
| **Subject :** | SPAM-HIGH: RE: EMERGENCY!!! ALL HANDS ON DECK!!! |

Awesome.  You're the man.  We are currently paying off Discover as we
speak.  They are sending Fed-Ex to pick up the check.

Ken

-----Original Message-----
From: Jonathan Sack [mailto:jonathansack@hotmail.com]
Sent: Wednesday, November 29, 2006 2:58 PM
To: PYABS@bloomberg.net; jill@yablons.com; Ken siegel; Css22@aol.com
Cc: jonathansack@hotmail.com
Subject: EMERGENCY!!! ALL HANDS ON DECK!!!


I was able to get Creditor's Interchange to accept 50%, which is a
savings
of 36,616.50.  They need the money by tomorrow at 2 PM (They want to
close
out the month with a sale!).  I have the settlement paperwork.  There
are
two ways to do this:

I get a wire to my IOLA Escrow Account at Citibank today ABA # 021000089
FFC
to the Account of Jonathan Sack, Esq. # 48701164, or you Fed Ex (Fed Ex
Account # 215550567) a check for $36,616.50 made payable to "FI Card
Services, N.A." reference # 4264296063212838, CI Account # 10117307-TAA
-
Balance 73,321.50.

The contact is Tara Meiler, 1-800-693-3455, Ext. 3587.  The address is:
80
Holtz Drive, Buffalo, NY 14225.

Please advise how we should proceed.

Jonathan S. Sack, Esq.
Sack & Sack
110 East 59th Street, 19th Floor
New York, New York 10022
Tel  212-702-9000 X 207
Fax 212-702-9702
Cell 917-754-9000
Email jsack@sackandsack.com




--
If this email is spam, report it here:
http://www.OnlyMyEmail.com/reportSpam?Id=MzM2NDg6MjA0MDYyMjY1OmtIbnNpZWd
lbEBvbmx5bXllbWFpbC5jb20%3D

**EXHIBIT A.36**

# SACK & SACK

ATTORNEYS-AT-LAW
110 EAST 59TH STREET, 19TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: (212) 702-9000 • FAX: (212) 702-9702

**Jonathan Sack**
ext.:    207
e-mail:  JSack@SackandSack.com

December 20, 2006

**<u>VIA FEDERAL EXPRESS</u>**

Mr. Andrew Steele
Legal Coordinator
Alexander, Wright & Associates, Inc.
1130 East Arapaho Road, Suite 535
Richardson, Texas 75081

Re:    **<u>Dental Excellence / Aurum Ceramic Dental Laboratory</u>**

Dear Andrew:

In accordance with our agreement, herewith please find the second installment of $7,500.  Now that the total settlement amount of $17,500 has been paid, please forward a release in favor of my client, Dr. Ken Siegel/Dental Excellence of Blue Bell.

Very truly yours,

Jonathan Sack

JSS/zs
Enclosure
cc:  Kenneth B. Siegel (via fax to 610.272.4319)
     Paul Yablon (via fax to 203.422.4465)

**EXHIBIT A.37**



JONATHAN S. SACK, ESQ.
IOLA ACCOUNT
110 E 59TH ST, 19TH FL
NEW YORK, NY 10022
PH. 212-702-9000

1828
1-82
210

PAY TO THE
ORDER OF  Aurum Ceramic Dental Laboratory  |  $ 7,500.00

Seven Thousand Five Hundred Dollars exactly  DOLLARS

citibank®
CITIBANK, N.A. AR #2
330 MADISON AVENUE AT 42ND STREET
NEW YORK, NY 10017

DATE  12/14/06

FOR Scott Cowart in Full ( 7500. — ) Re: Dr. Ken Siegel · Dental Brushline

MP

⑈00¹828⑈  ⑈0²¹0000829⑈  48790²²64⑈

**EXHIBIT A.38**

# citibank

Citibank Client Support
100 Citibank Drive
San Antonio, TX 78245

309/07248/R000/CBNA

*Ken Siegel*

JONATHAN S. SACK,
110 E 59TH ST # 19
NEW YORK NY 10022-1304

December 19, 2006

RE: Account #    : 48701164
    Fund Type    : Same Day Funds
    Credit Amount: USD 7,500.00
    Global Ref # : F0663520048101
    Other Ref #  :

---

**Incoming Wires Deposit Notification**

---

Dear Customer:

We are writing to you about your recent incoming wire deposit. Your account was credited on 12/18/06 for $7,500.00. The amount credited to your account may reflect fees associated with the funds transfer charged by the sending bank and/or Citibank.

Ordered/Sending Party:                  Beneficiary:
PAUL E YABLON                           JONATHAN S SACK ESQ
140 PARSONAGE ROAD                      IOLA ACCOUNT
GREENWICH CT 06830-3943                 110 E 59TH ST    19
                                        NEW YORK NY 10022 1304

Sending Bank: BANK OF NEW YORK

Originator to Beneficiary Info:         Bank to Bank Info:
                                        /BNF/RE  JONATHAN SACK ESQ    5XG027
                                        256

If you have questions, please visit a Citibank Financial Center or call Customer Service at 1-800-285-1709. Representatives are available to assist you 24 hours a day, 7 days a week. Hearing or speech impaired customers may call out text telephone service at 1-800-945-0258 (TDD).

You may also access your account information online at www.citibusinessonline.com for Citibusiness customers; at www.citibankonline.com for Consumer customers.

Thank you for banking with Citibank.  We appreciate your business and the opportunity to serve you.

Sincerely,

CITIBANK

**EXHIBIT A.39**

## DENTAL EXCELLENCE OF BLUE BELL
### KENNETH B. SIEGEL, D.M.D.

---

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Jonathan SACK, ESQ. | FROM: DENTAL · Excell. |
| FAX NUMBER: 212-702-9702 | DATE: 1-10-07 |
| COMPANY: 212-219-4970 SACK & SACK | TOTAL NO. OF PAGES INCLUDING COVER: 2 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |

YOUR REFERENCE NUMBER:

contact at Inquirer:
John Zusk   610-292-6219

---

☐ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

FYI-
We have been receiving harassing
calls re: this account. We
rec'd a writeoff BK they never
proved that the ad we paid
for actually was included
in the paper - they never gave
us proof.

---

DR. KENNETH SIEGEL, DMD • 706 DEKALB PIKE • BLUE BELL, PA
19422
PHONE: 610-272-0828 • FAX: 610-272-4319

 

**philly⊙com**
THE REGION'S HOME PAGE

| BILLING PERIOD | ADVERTISER / CLIENT |
|---|---|
| 5/01/06 - 5/31/06 | DENTAL EXCELLENCE OF BLUE BELL |

| TOTAL BALANCE DUE | CURRENT AMOUNT | TERMS OF PAYMENT |
|---|---|---|
| 0.00 | 0.00 | DUE 6/15/06 |

| | | | |
|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 |

For Customer Assistance Contact:
Customer Service Department
215-854-4768

| 1 of 1 | 5/31/06 |
|---|---|

| BILLED ACCT NUMBER |
|---|
| 600120118 |

| ADVERTISER/CLIENT NUMBER |
|---|
| 600120118 |

DENTAL EXCELLENCE OF BLUE BELL
ATTN: CINDY
706 DEKALB PIKE
BLUE BELL PA 19422

PLEASE REMIT PAYMENT TO:
Philadelphia Newspapers Inc.
P.O. BOX 822063
Philadelphia, Pa 19182-2063

PLEASE WRITE ACCOUNT NUMBER ON CHECK

AMOUNT PAID

FED ID#: 231717558

**PLEASE DETACH AND RETURN UPPER PORTION WITH YOUR REMITTANCE**

| DATE | NEWSPAPER REFERENCE | DESCRIPTION - OTHER COMMENTS/CHARGES | SIZE/UNITS | TIMES/RATE | GROSS AMOUNT | NET AMOUNT |
|---|---|---|---|---|---|---|
| 4/30 | | Balance Forward | | | | 927.05 |
| 5/11 | P354357 | Payment - Check 2831 | | | | -127.05 |
| 5/23/06 | C115027 | Credit: Bad debt Writeoff Bad Debt Writeoff | | | | -231.60 |
| 5/23/06 | C115028 | Credit: Bad debt Writeoff Bad Debt Writeoff | | | | -120.92 |
| 5/23/06 | C115029 | Credit: Bad debt Writeoff Bad Debt Writeoff | | | | -447.48 |

**STATEMENT OF ACCOUNT**

**DELINQUENT ACCOUNTS ARE SUBJECT TO REASONABLE COLLECTION CHARGES**

AGING OF PAST DUE AMT
*UNAPPLIED AMOUNTS ARE INCLUDED IN TOTAL AMOUNT DUE

| CURRENT NET AMOUNT DUE | 30 DAYS | 60 DAYS | 90 DAYS | OVER 120 DAYS | TOTAL AMOUNT DUE |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

FOR BILLING INQUIRIES CONTACT:
Customer Service Department
215-854-4768

FED ID#: 231717558

FOR WRITTEN INQUIRIES CONTACT:
Advertising Customer Service Department
Philadelphia Newspapers Inc.
P.O. Box 8263
Philadelphia, Pa 19101

| | ADVERTISER INFORMATION | |
|---|---|---|
| BILLING PERIOD | BILLED ACCT NUMBER | ADV/CLIENT NUMBER | ADVERTISER/CLIENT NAME |

| 5/01/06 - 5/31/06 | 600120118 | 600120118 | DENTAL EXCELLENCE OF BLUE B |

**EXHIBIT A.40**



## Client Services, Inc.
### 3451 Harry S. Truman Blvd.
### St. Charles, MO  63301
### 636-947-2321    Fax 636-947-1565

# Fax Cover Page

Date:__1-18-07_____

To:__Mr._Sack_____

From:__Cynthia_Maier_____

Fax Number:_212-702-9702_____

Comments:

# Personal & Confidential

This document(s) and any attachments accompanying this fax transmission contain information from Client Services, Inc., which is confidential and privileged.  The fax transmission and any attached documents are intended to be for the review and use solely of the individuals(s) or entity(ies) named and listed on the fax transmission message.  If you are not the intended recipient, your are hereby advised that any review, disclosure, copying, distribution or use of the information and/or contents of this fax message, as well as any attached documents, is prohibited.  If you have received this fax message in error, please immediately destroy this transmission and notify us by telephone of this error.

**CLIENT SERVICES, INC.**
3451 HARRY S. TRUMAN BLVD.
ST. CHARLES, MO   63301
1-800-521-3236


01-18-07


KENNETH SIEGEL                          REFERENCE NO.
706 DEKALB PIKE                         6330050
BLUE BELL PA 19422-1214


RE:  CITICARDS
CLIENT ACCOUNT NUMBER:  5491375011119154
BALANCE:  $44228.32


I AM FORWARDING THIS LETTER TO CONFIRM THAT OUR CLIENT HAS
AGREED TO ACCEPT $ 27,996.21 AS SETTLEMENT IN FULL FOR THE ABOVE
OBLIGATION.

THIS OFFER IS VALID PROVIDED THE FULL AMOUNT OF THE SETTLEMENT
IS RECEIVED ACCORDING TO THE FOLLOWING SCHEDULE.

| AMOUNT DUE | DUE DATE |
|------------|----------|
| $13998.11  | 1-28-07  |
| $13998.11  | 2-26-07  |

IF THE AMOUNT WRITTEN-OFF IS EQUAL OR GREATER THAN $600.00,
OUR CLIENT IS REQUIRED BY INTERNAL REVENUE CODE, SECTION
6050P, TO REPORT THIS AMOUNT AND ISSUE A FORM 1099-C.  IF
YOU HAVE ANY QUESTIONS REGARDING YOUR PERSONAL TAXES, IT IS
RECOMMENDED YOU CONSULT WITH A CERTIFIED PUBLIC ACCOUNTANT
OR OTHER TAX PROFESSIONAL.


SINCERELY,



CYNTHIA MAIER



THIS COMMUNICATION IS FROM A PROFESSIONAL
DEBT COLLECTION AGENCY.   THIS IS AN ATTEMPT
TO COLLECT A DEBT. ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.

1099SO-2

**EXHIBIT A.41**

# *DENTAL EXCELLENCE OF BLUE BELL*
## *KENNETH B. SIEGEL, D.M.D.*

---

### FACSIMILE TRANSMITTAL SHEET

| TO: Jonathan Sack | FROM: Ken "Siegel |
|---|---|
| FAX NUMBER: | DATE: 1/19/07 |
| COMPANY: | TOTAL NO. OF PAGES INCLUDING COVER: |
| PHONE NUMBER: 212-319-4970 | SENDER'S REFERENCE NUMBER: |
| | YOUR REFERENCE NUMBER: |

200k now
1094/60 Pres. or   212-702-9702.

---

□ URGENT □ FOR REVIEW □ PLEASE COMMENT □ PLEASE REPLY □ PLEASE RECYCLE

---

NOTES/COMMENTS:

jSeitz@LammRubenStone.com

Jonathan,
We just received This judgemet
by regular mail that gives us 30
days to act on. This is from
Commerce. Please call when
you get this if possible.
200k by end of week
                        215-498-5991
                                Ken

---

*DR. KENNETH SIEGEL, DMD • 706 DEKALB PIKE • BLUE BELL, PA 19422*
*PHONE: 610-272-0828 • FAX: 610-272-4319*

# IN THE COURT OF COMMON PLEAS
## OF MONTGOMERY COUNTY, PENNSYLVANIA

07 JAN 18 AM 9:55

OFFICE OF THE
PED HONOTARY
MONTGOMERY COUNTY, PA

COMMERCE BANK, N.A.,          )
successor in interest  by merger to  )
COMMERCE BANK/PENNSYLVANIA, N.A.,   )
                             )
                 **Plaintiff**   )      Case No.  07-01120
                             )
        **vs.**                 )
                             )      **Confession of Judgment**
DENTAL EXCELLENCE OF          )
BLUE BELL, PC                 )
                             )
                 **Defendant**   )

## CERTIFICATION OF PARTIES' ADDRESSES

1.     I hereby certify that, according to Plaintiff's records, Defendants' last known

address is as follows:

> Dental Excellence of Blue Bell, PC
> 706 Dekalb Pike
> Blue Bell, PA  19422

2.     I hereby certify that Plaintiff's address is as follows:

> Commerce Bank, N.A.
> Attention:  Jennifer M. Gracia
> One Royal Road
> Flemington, NJ  98822

COMMERCE BANK, N.A., v= successor-in-interest by
merger to Commerce Bank/Pennsylvania, N.A.

By: _Jennifer M. Gracia_
Jennifer M. Gracia, Assistant  Vice President

Sworn and subscribed to
before me this _8th_ day of
_January_ 2007

_[signature]_
NOTARY PUBLIC

MARY E. AZAM
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES NOV. 18, 2008

# IN THE COURT OF COMMON PLEAS
## OF MONTGOMERY COUNTY, PENNSYLVANIA

COMMERCE BANK, N.A.,                )
successor in interest by merger to  )
COMMERCE BANK/PENNSYLVANIA, N.A.,   )
                                    )
                    **Plaintiff**   )          **Case No.**
                                    )
            **vs.**                 )
                                    )          **Confession of Judgment**
DENTAL EXCELLENCE OF                )
BLUE BELL, PC                       )
                                    )
                    **Defendant**   )

---

### AFFIDAVIT OF NON-MILITARY SERVICE

I hereby certify that, to the best of my knowledge, information and belief, Defendant is

not in the military service.

COMMERCE BANK, N.A., successor-in-interest by
merger to Commerce Bank/Pennsylvania, N.A.

By: _Jennifer M. Gracia_

Jennifer M. Gracia, Assistant Vice President

Sworn and subscribed to
before me this _8th_
day of _January_ 2007

_____
NOTARY PUBLIC

MARY E. AZAM
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES NOV. 18, 2008

# IN THE COURT OF COMMON PLEAS
## OF MONTGOMERY COUNTY, PENNSYLVANIA

07 JAN 18 AM 9: 56

OFFICE OF THE
PROTHONOTARY
MONTGOMERY COUNTY, PA

| | | |
|---|---|---|
| COMMERCE BANK, N.A.,<br>successor in interest by merger to<br>COMMERCE BANK/PENNSYLVANIA, N.A., | ) ) ) ) | |
| Plaintiff | ) ) | Case No. |
| vs. | ) ) | |
| DENTAL EXCELLENCE OF<br>BLUE BELL, PC | ) ) ) | Confession of Judgment |
| Defendant | ) ) | |

## NOTICE OF FILING JUDGMENT

(X)     Notice is given that a judgment by confession in the above captioned matter has been entered against you in the amount of $_____ on _____, 20____.

(X)     Copies of all documents filed with the Prothonotary/Clerk of Courts in support of the within judgment is/are enclosed.

PROTHONOTARY/CLERK OF COURTS

Per: _____

If you have any questions concerning this judgment, please contact the following person:

Jack M. Seitz, Esquire
One Windsor Plaza
7535 Windsor Drive, Suite 200
Allentown, PA 18195
(610) 706-4300

**(THIS NOTICE IS GIVEN IN ACCORDANCE WITH PA.R.C.P. 236)**

## IN THE COURT OF COMMON PLEAS
## OF MONTGOMERY COUNTY, PENNSYLVANIA

07 JAN 18 AM 9:56

OFFICE OF THE
PROTHONOTARY
MONTGOMERY COUNTY, PA

| | |
|---|---|
| COMMERCE BANK, N.A.,<br>successor in interest by merger to<br>COMMERCE BANK/PENNSYLVANIA, N.A., )<br><br>      **Plaintiff** )<br><br>     **vs.** )<br><br>DENTAL EXCELLENCE OF )<br>BLUE BELL, PC )<br><br>     **Defendant** ) | **Case No.**<br><br>**Confession of Judgment** |

### AFFIDAVIT OF NON-CONSUMER PURPOSE

I hereby certify that, to the best of my knowledge, information and belief, the loan

evidenced by the Promissory Note and the Business Loan Agreement attached to Plaintiff's

Complaint was not made for consumer purposes.

COMMERCE BANK, N.A., successor-in-interest by
merger to Commerce Bank/Pennsylvania, N.A.

By: _____
Jennifer M. Gracia, Assistant Vice President

Sworn and subscribed to
before me this 8th day of
January , 2007

_____
NOTARY PUBLIC

MARY E. AZAM
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES NOV. 18, 2008

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA

*07 JAN 18 AM 9:56*

*PROTHONOTARY*
*MONTGOMERY COUNTY, PA*

| | | |
|---|---|---|
| COMMERCE BANK, N.A., | ) | |
| successor in interest by merger to | ) | |
| COMMERCE BANK/PENNSYLVANIA, N.A., | ) | |
| | ) | |
| Plaintiff | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | Confession of Judgment |
| DENTAL EXCELLENCE OF | ) | |
| BLUE BELL, PC | ) | |
| | ) | |
| Defendant | ) | |

### NOTICE UNDER RULE 2958.1
### OF JUDGMENT AND EXECUTION THEREON

---

### NOTICE OF DEFENDANT'S RIGHTS

To:  Dental Excellence of Blue Bell, P.C.
c/o Kenneth Siegel, DMD
706 Dekalb Pike
Bluebell, PA  19422

Defendant

A judgment in the amount of $335,634.12 has been entered against you and in favor of

the plaintiff without any prior notice or hearing based on a confession of judgment contained in a

written agreement or other paper allegedly signed by you.  The sheriff may take your money or

other property to pay the judgment at any time after thirty (30) days after the date on which this

notice is served on you.

You may have legal rights to defeat the judgment or to prevent your money or property

from being taken.  YOU MUST FILE A PETITION SEEKING RELIEF FROM THE

JUDGMENT AND PRESENT IT TO A JUDGE WITHIN THIRTY (30) DAYS AFTER THE

(PAGE 1 of 2)

DATE ON WHICH THIS NOTICE IS SERVED ON YOU OR YOU MAY LOSE YOUR

RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO

NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE

OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE

TO PROVIDE YOU INFORMTION ABOUT AGENCIES THAT MAY OFFER LEGAL

SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR AT NO FEE.

MONTGOMERY COUNTY BAR ASSOCIATION
100 W. AIRY STREET
P.O. BOX 268
NORRISTOWN, PA  19494-0268
(610) 279-9660


LAMM RUBENSTONE LESAVOY
BUTZ & DAVID LLC


Jack M. Seitz, Esquire
Attorney No. 37026
Zachary J. Cohen, Esquire
Attorney No. 91119
7535 Windsor Drive, Suite 200
Allentown, PA  18195
(610) 706-4300

Attorneys for Commerce Bank, N.A.,
successor-in-interest by merger to Commerce
Bank/Pennsylvania, N.A.


(PAGE 2 OF 2)

# IN THE COURT OF COMMON PLEAS
## OF MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMERCE BANK, N.A.,<br>successor in interest by merger to<br>COMMERCE BANK/PENNSYLVANIA, N.A., | )<br>)<br>) |
| **Plaintiff** | ) |
| vs. | ) |
| DENTAL EXCELLENCE OF<br>BLUE BELL, PC | )<br>) |
| **Defendant** | ) |

Case No. 07-01120

**Confession of Judgment**

TO:   **CLERK OF COURTS, CIVIL**
   **MONTGOMERY COUNTY**

## WARRANT

Pursuant to the authority contained in the Promissory Note, a true and correct copy of which is attached as Exhibit A to the Complaint filed in this action, I appear for the Defendant and confess judgment against Defendant in the amount of $335,634.12, which includes interest to January 9, 2007, plus interest at the rate stated in the Promissory Note, from and including January 10, 2007, and costs.

LAMM RUBENSTONE LESAVOY
BUTZ & DAVID LLC

Jack M. Seitz, Esquire
Attorney No. 37026
Zachary J. Cohen, Esquire
Attorney No. 91119
7535 Windsor Dr., Suite 200
Allentown, PA 18195
(610) 706-4300

Appearing for Defendant on
the Confession

Commerce_Dental COJ (MKR 539K).DOC

# IN THE COURT OF COMMON PLEAS
## OF MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMERCE BANK, N.A.,<br>successor in interest by merger to<br>COMMERCE BANK/PENNSYLVANIA, N.A., | )<br>)<br>) | |
| | ) | |
| **Plaintiff** | ) | **Case No.** |
| | ) | |
| **vs.** | ) | |
| | ) | **Confession of Judgment** |
| DENTAL EXCELLENCE OF<br>BLUE BELL, PC | )<br>) | |
| | ) | |
| **Defendant** | ) | |

## COMPLAINT IN CONFESSION OF JUDGMENT

Plaintiff Commerce Bank, N.A., successor-in-interest by merger to Commerce Bank/Pennsylvania, N.A., by and through its attorneys Lamm Rubenstone Lesavoy Butz & David LLC, states the following complaint in confession of judgment:

1.    Plaintiff Commerce Bank, N.A. is a federally chartered banking institution with offices at One Royal Road, Flemington, NJ 08822.

2.    Plaintiff is the successor in interest by merger to Commerce Bank/ Pennsylvania, N.A.

3.    Defendant Dental Excellence of Blue Bell, P.C., is a Pennsylvania professional corporation with offices at 706 Dekalb Pike, Blue Bell, PA 19422.

4.    In order to document a commercial loan from Plaintiff to Defendant, Defendant executed a Promissory Note in Plaintiff's favor dated November 1, 2002, in the amount of $539,000.00 (the **"Note"**). A true and correct copy of the Note is attached hereto, made a part hereof, and marked as Exhibit A.

5.    The loan is also documented by a Business Loan Agreement executed in tandem with the Note. A true and correct copy of the Business Loan Agreement is attached hereto, made a part hereof, and marked as Exhibit B.

6.    Defendant is in default of its obligations under the Note for failing to make required payments when due.

7.    The Note has a confession of judgment clause which has not yet been exercised and judgment thereon has not been entered.

8.    The Note provides that upon default, Plaintiff is permitted to accelerate the Note and enter judgment without demand or prior notice.

9.    The Note provides that upon default, Plaintiff is entitled to collect an attorney's fee of $500 or ten percent (10%) of the unpaid principal balance and accrued interest due under the Note, whichever is greater.

10.    Ten percent of the principal and interest due under the Note ($30,352.36) is a reasonable figure for attorney's fees, expenses and costs to be incurred in this matter and in liquidating Plaintiff's collateral.

11.    After credit for all partial payments made, the full amount due to Plaintiff under the Note is as follows, plus accruing interest:

| | |
|---|---|
| Principal: | $ 293,094.26 |
| Interest to 1/9/07: | $  10,429.40 |
| Late Fees | $   1,758.10 |
| Attorney's fees: | $   30,352.36 |
| | |
| TOTAL AS OF 12/8/06 | $ 335,634.12 |

*per diem = $85.49

12.    Plaintiff has not assigned its interests in the Note or the obligation it secures.

13.    Judgment is not being entered against a natural person in connection with a consumer transaction.

**WHEREFORE,** Plaintiff demands the entry of judgment against Defendant in the amount of $335,634.12 (which includes interest through January 9, 2007), plus (A) additional interest at the rate stated in the Note from and including January 10, 2007, and (B) costs.

LAMM RUBENSTONE LESAVOY
BUTZ & DAVID LLC

_____
Jack M. Seitz, Esquire
Attorney No. 37026
Zachary J. Cohen, Esq.
Attorney No. 91119
7535 Windsor Drive, Suite 200
Allentown, PA  18195
(610) 706-4300

Attorneys for Commerce Bank, N.A.,
successor-in-interest by merger to Commerce
Bank/Pennsylvania, N.A.

## **VERIFICATION**

I, Jennifer M. Gracia, hereby state and verify that I am an Assistant Vice President of Commerce Bank, N.A., successor-in-interest by merger to Commerce Bank/Pennsylvania, N.A.; that I am authorized to take this verification on behalf of said organization; and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa.S.C. §4904 relating to unsworn falsification to authorities.

Date: _January 8_, 2007

Name: Jennifer M. Gracia
Title: Assistant Vice President

Exhibit A

**EXHIBIT A.42**



**Windows Live™ Mail** Beta

🖶 Print   ✕ Close Window

**Jack Seitz** (jseitz@lammrubenstone.com)                                                    10:39 AM 1/23/07
To:  jsack@sackandsack.com
Subject:  Dental Excellence

Good news and bad news:

(1) The good news:  Commerce would be interested in the deal we discussed on the commercial loan.  To summarize - the borrowers pay all unpaid principal ($293,024.96), interest to 1/30 (about $12,400), and actual expenses and fees, NOT the $30,000 in the judgment (closer to $4,000 -5,000); borrowers pay $200,000 by wire by 1/30 and the balance within 60 days, with releases all around.  Late fees waivable.

(2) The bad news:  there are 2 additional facilities that must be resolved:  (i) home equity type of loan, $194,460 original amount, extended with $539,000 SBA loan on 11/1/02; and (ii) another line of credit with a balance of $20,000 - $25,000.  I do not have numbers on these two.  We must resolve all three of these together if we are to resolve the first.  I will have balance information to you shortly, at which time I'll ask for a proposal.  Out in 60 days would probably work and is likely to get bank to waive late fees.  There would be no separate legal fees on these 2.

Jack M. Seitz, Esq.
Lamm Rubenstone Lesavoy Butz & David LLC
One Windsor Plaza
7535 Windsor Drive, Suite 200
Allentown, PA  18195
phone:  (610) 706-4300
fax:  (610) 706-4343
email: jseitz@lammrubenstone.com

**EXHIBIT A.43**

LAW OFFICES

# LAMM RUBENSTONE
# LESAVOY BUTZ & DAVID LLC

BUCKS COUNTY OFFICE
SUITE 200
3600 HORIZON BOULEVARD
TREVOSE, PA 19053
(215) 638-9330
(215) 638-2867 FAX

7535 WINDSOR DRIVE
SUITE 200
ALLENTOWN, PA 18195
(610) 706-4300
FAX: (610) 706-4343
www.lammrubenstone.com

Jack M. Seitz, Esq.
Email: jseitz@lammrubenstone.com

NEW JERSEY OFFICE
COMMERCE CENTER
SUITE 100
1800 WEST CHAPEL AVENUE
CHERRY HILL, NJ 08002
(856) 488-8006
FAX: (856) 488-5690

February 7, 2007

**VIA FACSIMILE NO. (212) 702-9702 AND FIRST CLASS MAIL**

Jonathan S. Sack, Esq.
Sack & Sack
110 East 59th St., 19th Floor
New York, NY 10022

> Re: Commerce Bank, N.A. v. Dental Excellence of Blue Bell, PC
> Case No. 07-01120 (Montgomery County, PA)

Dear Mr. Sack:

I enclose a draft Forbearance Agreement for your review. It includes most of the elements we discussed, with some alterations. The Bank is not willing to take the formal forbearance period beyond May 31. Forbearance to that point gives the borrowers an additional four months because it will take at least that long to get to a sheriff's sale. The Bank is not willing to extend the forbearance to the end of this year.

Section 3 calls for the first payments to be applied to the line of credit and the smaller loan, which is the order in which the liens attach to the residential property. I also direct your attention to Section 3.4, which permits the Bank to issue certain foreclosure notices during the forbearance period. The Bank is not willing to defer the issuance of those notices until the end of the forbearance period. The issuance of the notices does not alter the Bank's duty to refrain from executing on the property.

Very truly yours,

Jack M. Seitz

JMS/srb
Enclosure

cc (w/enc.):   Jennifer M. Gracia, A.V.P. (via facsimile)

357468_1

# FORBEARANCE AND REPAYMENT AGREEMENT

This Forbearance and Repayment Agreement (the "**Agreement**") is made this _____ day of January, 2007, by and among (A) COMMERCE BANK, N.A., successor-in-interest by merger to Commerce Bank/Pennsylvania, N.A., ("**Lender**"), (B) DENTAL EXCELLENCE OF BLUE BELL, PC ("**Dental Excellence**"), and (C) KENNETH B. SIEGEL and CINDY SIEGEL (the "**Sureties**"), with Dental Excellence and the Sureties sometimes referred to collectively as "**Obligors**."

## BACKGROUND

A.    Lender made a loan to Dental Excellence (the "$539,000 Loan") documented by a Promissory Note dated November 1, 2002, for $539,000.00 (the "$539,000 Note"). The $539,000 Loan is secured by a perfected security interest in all of Dental Excellence's fixtures, furniture, equipment, inventory, and accounts receivable (the "Dental Excellence Business Assets") as documented by a Commercial Security Agreement and a UCC-1 Financing Statements (the "Dental Excellence Security Documents").

B.    As additional security for the $539,000 Loan, the Sureties each signed Commercial Guaranty agreements (the "Surety Agreements") pursuant to which the Sureties agreed to become unconditional and unlimited sureties for all amounts Dental Excellence owes to Lender.

C.    Lender extended a $25,000 line of credit to Sureties (the "**Line of Credit**") as documented by a Personal Credit Line Agreement and Disclosure Statement dated September 6, 2002 (the "**Line Agreement**").

D.    Lender made a second loan directly to Sureties for $194,460 (the "**$194,460 Loan**") as documented by a promissory note dated November 11, 2002 (the "**$194,460 Note**"). The $194,460 Note is secured by a mortgage on Sureties' property located at 821 Firethorn

Circle, Dresher, PA 19025 (the "**Mortgage**" and the "**Mortgaged Property**").

E.    The $539,000 Note, the Dental Excellence Security Documents, the Surety Agreements, the Line Agreement, the $194,460 Note, the Mortgage and other documents and agreements related to the $539,000 Loan, the Line of Credit and the $194,460 Loan are sometimes referred to collectively as the "**Loan Documents**."

F.    Following a default under the $539,000 Note and Lender's acceleration of Dental Excellence's obligations, Lender entered judgment against Dental Excellence in the Court of Common Pleas of Montgomery County on January 8, 2007, to docket no. 07-01120 for $335,643.12 (the "Judgment").

G.    Obligors have requested that Lender forbear from taking further action to exercise its legal remedies.  Lender conditionally agrees to do so, but only on the terms and conditions stated below.

NOW, **THEREFORE**, intending to be legally bound hereby, and in consideration of the mutual promises and covenants set forth in this Agreement, the receipt and sufficiency of which is hereby mutually acknowledged, the parties agree as follows:

## A G R E E M E N T S

### Section 1 - Recitals

1.1    The parties agree that the recitals set forth in the "Background" section of this Agreement are accurate and are incorporated in this Agreement.

### Section 2 - Confirmation of Existing Obligations

2.1    Obligors declare, ratify, confirm and acknowledge the validity of the Judgment as entered and expressly waive any defects therein.  Obligors waive and relinquish any right they ever had, now have or ever will have to challenge or attack the Judgment, on any grounds whatsoever.  Obligors expressly acknowledge that they have no defenses to the claims on which the Judgment is based and there are no grounds for opening or striking the Judgment.

2.2     Obligors ratify and confirm the terms and conditions of the Loan Documents

(except as expressly modified by this Agreement).

2.3     Obligors acknowledge and confirm that the following amounts are due and owing

to Lender in connection with the $539,000 Loan, as stated in the Judgment:

| | |
|---|---|
| Principal: | $ 293,094.26 |
| Interest to 1/9/07: | $  10,429.40 |
| Late Fees | $   1,758.10 |
| Attorney's fees: | $  30,352.36 |

| | |
|---|---|
| TOTAL AS OF 12/8/06 | $ 335,634.12 |

*per diem = $85.49

2.4     Obligors acknowledge and confirm that the following amounts are due and owing

to Lender in connection with the Line of Credit and the $194,460 Loan, not including legal fees s

permitted by the Loan Documents:

| | Line of Credit | $194,460 Loan |
|---|---|---|
| Principal | $ 20,455.80 | $ 168,820.05 |
| Interest to 1/25/07 | $    663.23 | $   8,734.75 |
| Late fees | $      5.00 | $      30.00 |
| Appraisal cost and insurance | N/A | $     356.59 |

2.5     The amounts due to Lender in connection with the $539,000 Loan, the Line of

Credit and the $194,460 Loan are referred to collectively as the '**Loan Obligations**'').

2.6     Obligors confirm and acknowledge there are no claims, set-offs, defenses or

challenges whatsoever to their obligations to Lender or to the enforcement of the Judgment, the

Loan Obligations or the Loan Documents.

2.7     Obligors confirm and acknowledge that Lender has first liens on the Dental

Excellence Business Assets.

## Section 3 - Limited and Conditional Agreement to Forbear

3.1     Provided that Obligors perform all of their obligations under this Agreement, that all conditions specified herein have been met, and all of the representations and warranties contained in the Loan Documents and in this Agreement are true, Lender conditionally agrees to forbear from executing on the Judgment, but only if Obligors timely and completely perform all duties imposed by this Agreement; provided.

3.2     Lender's limited and conditional agreement to forbear from exercising its legal rights terminates the earlier of (a) MAY 31, 2007, or (B) a default by Obligors as defined in Section 10 (the "**Termination Date**").  The period during which Lender is required to forbear from taking action is referred to herein as the "**Forbearance Period.**"

3.3     As a condition to Lender's duty to forbear, Obligors must do the following:

(A)     Obligors must make payment of $200,000 to Lender for application to the Line of Credit, the $194,460 Loan and the $539,000 Loan, in that order, on or before February 15, 2007.

(B)     Obligors must pay Lender another $100,000 for application to the $539,000 Loan on or before March 31, 2007.

(C)     Obligors must pay Lender $10,000 on April 30, 2007, for application to the remaining Loan Obligations.

(D)     Obligors must pay Lender the remaining amount due to Lender in connection with the Loan Obligations by no later than 1:30 p.m. on **MAY 31, 2007**.

(E)     Obligors must comply with the obligations and covenants in the Loan Documents except as expressly modified in this Agreement.

(F)     Obligors must deliver to Lender all of the records, statements, and reports required by this Agreement.

3.4     Notwithstanding Lender's agreement to forbear, Lender reserves the right to issue notices of intent to foreclose to Sureties, as per the Homeowners' Emergency Mortgage Assistance Program, 35 P.S. § 1680.401, as long as Lender does not institute foreclosure proceedings during the Forbearance Period.

356926_1

3.5     OBLIGORS AGREE THAT PAYMENT DATES ARE OF ESSENCE AND
THAT TIMELY PAYMENT IS OF THE UTMOST IMPORTANCE TO LENDER. ALL
PAYMENTS MUST BE RECEIVED BY MS. JENNIFER M. GRACIA IN FLEMINGTON,
NEW JERSEY, BY 5:00 P.M. (UNLESS A DIFFERENT TIME IS SPECIFIED) ON THE
ACTUAL DUE DATE (OR THE NEXT BUSINESS DAY IF THE ACTUAL DUE DATE IS
NOT A BANKING DAY FOR LENDER). THERE IS NO "GRACE PERIOD" OR RIGHT TO
CURE. TO THE EXTENT THE LOAN DOCUMENTS INCLUDE ANY SUCH RIGHTS,
THEY ARE NO LONGER IN EFFECT.

3.6     OBLIGORS EXPRESSLY ACKNOWLEDGE THE FOLLOWING:
(A) LENDER IS NEITHER OBLIGATED NOR EXPECTED TO FORBEAR FROM
EXERCISING ITS LEGAL RIGHTS AFTER THE TERMINATION DATE (AS DEFINED IN
THIS SECTION), AND (B) LENDER HAS NOT MADE ANY REPRESENTATIONS
CONCERNING FURTHER FORBEARANCE.

### Section 4 - Conditional Waivers and Modifications

4.1     In the event Obligors completely and timely comply with all of their duties and
obligations under this Agreement (including its payment terms), then Lender will accept the
following as payment in full on the Judgment (the $539,000 Loan):  (A) All unpaid principal;
(B) interest accrued to February 15, 2007, but not thereafter; and (C) Lender's actual out-of-
pocket legal fees and expenses.

4.2     The conditional agreement in Section 4.1 to accept less than the full amount of the
Judgment, to waive interest after February 15, 2007, to waive late fees, and to reduce the fee
award included in the Judgment has no force or effect if any Obligor is in default under this
Agreement.  In case of such a default, Obligors must repay the entire amount of the Judgment.

356926_1

4.3    The waivers and modifications set forth in Section 4.1 do not affect or apply to the Line of Credit or the $194,460 Loan.

### Section 5 - General Release of Lender

5.1    Upon execution of this Agreement, Dental Excellence, on its own behalf and on behalf of its affiliates, subsidiaries, parent company, principals, officers, directors, shareholders, agents, representatives, successors and assigns (collectively in this Section 5, the **"Dental Excellence Releasing Parties"**), hereby fully and finally releases and discharges Lender and its agents, servants, employees, representatives, officers, directors, assigns, sureties, guarantors, attorneys, shareholders, insurers, successors and assigns (collectively in this Section 5, the **"Released Parties"**), and each of them, from any and all rights, losses, damages, claims, actions or causes of action, whether in contract or tort, law or equity, whether known or unknown, suspected or unsuspected, which the Dental Excellence Releasing Parties ever had, now have, or ever will have against the Released Parties relating to any matter, event, transaction, act, omission, dispute, item, or issue arising or occurring prior to the date hereof in any way related to or connected with Dental Excellence, the Loan Obligations, the Dental Excellence Business Assets, the Judgment, the Loan Documents, the Line of Credit, the $194,460 Loan, the $539,000 Loan, or this Agreement.

5.2    Upon execution of this Agreement, the Sureties, on their own behalf and on behalf of their heirs, successors, and assigns, hereby fully and finally release and discharge the Released Parties, and each of them, from any and all rights, losses, damages, claims, actions or causes of action, whether in contract or tort, law or equity, whether known or unknown, suspected or unsuspected, which the Sureties ever had, now have, or ever will have against the Released Parties relating to any matter, event, transaction, act, omission, dispute, item, or issue arising or occurring prior to the date hereof in any way related to or connected with Dental

356926_1

Excellence, the Obligations, the Dental Excellence Business Assets, the Judgment, the Loan Documents, the Line of Credit, the $194,460 Loan, the $539,000 Loan, or this Agreement.

5.3    The releases set forth in the preceding Sections are intended to be the broadest and most comprehensive releases allowed by law and are intended to extinguish all possible claims, including but not limited to (A) claims arising under any statute or regulation, (B) claims related to the initial extension of credit, the enforcement or attempted enforcement of Lender's rights, (C) any refusal to extend credit or financing to Obligors, and (D) the negotiation or execution of this Agreement.

5.4    Nothing herein is intended to release Lender from any duties imposed by this Agreement or to limit Obligors' right to enforce this Agreement.

5.5    It is expressly agreed that all waivers and releases by Obligors, including the releases in this Section, shall survive the termination of this Agreement and Lender's duty to forbear.

### Section 6 - Waiver of Defenses

6.1    Obligors agree that (A) Lender may release, compromise, forbear with respect to, waive, suspend, extend or renew any of the terms of the Loan Documents (but is not obligated to do so), (B) Lender may resort to any collateral in any order and manner as Lender may deem fit, or accept the assignment, substitution, exchange, pledge or release of all or any portion of any collateral, for such consideration or for no consideration, as Lender may require, without in any way affecting the validity of any of Lender's liens or security interests in the remainder of any such collateral (or the priority thereof or the position of any subordinate holder of any lien or other security interest with respect thereto), and (C) that any action taken by Lender in connection with any collateral shall in no way be construed as a waiver or release of any right or

remedy of Lender, or of any event of default, or of any liability or obligation under the Loan Documents.

6.2    Obligors expressly waive any right to assert that Lender, by taking any action or failing to take any action as to any collateral, has impaired the collateral for any of the Obligations.

6.3    Except as otherwise specifically provided herein, Obligors hereby waive presentment, demand, notice of nonpayment, protest, notice of protest, or other notice of dishonor, and any and all other notices in connection with any default and the payment of, or any enforcement of any obligation owed to Lender (to the extent such waivers are permitted by law).

### Section 7 - Obligors' Representations and Warranties

7.1    As a material inducement to Lender for its agreements herein, Obligors make the following representations and warranties, acknowledging that Lender relies upon them in executing this Agreement:

(A)    This Agreement and the Loan Documents are the legal, valid, and binding obligations of Obligors and are enforceable in accordance with their respective terms.

(B)    No consents or approvals are required from any party for the transactions contemplated by this Agreement.

(C)    Obligors are in compliance with all municipal, state, and federal laws, including, without limitation, all environmental laws and regulations.

(D)    Obligors are current with all taxes due to state, local and federal taxing authorities, including but not limited to payroll and withholding taxes.

(E)    Obligors have not received notice of delinquency or notice of an audit from the Internal Revenue Service or any state or local taxing authority.

(F)    Obligors conduct business in compliance with all state, federal and local laws applicable to their business activities.

(G)    There are no pending lawsuits, administrative complaints or tax liens against Obligors apart from the Judgment in Lender's favor.

356926_1

(H)     Dental Excellence maintains books and records pertaining to its accounts receivable at its principal place of business and will continue to do so absent written consent from Lender to move the materials to another location.

(I)     All proceeds of Notes were used for commercial purposes.

(J)     In the last 12 months Dental Excellence has not paid or distributed more than $1,000 to (i) the Sureties, (ii) any member of their families, or (iii) any entity or organization in which either Surety has an ownership interest of greater than five percent (5%) (other than regular payroll for services actually performed for Dental Excellence).

(K)     No debts are owed to Dental Excellence by (i) the Sureties, (ii) any member of the Sureties' families, or (iii) any entity or organization in which either Surety has an ownership interest of greater than five percent (5%).

### Section 8 - Subordination

8.1     Obligors agree that any indebtedness Dental Excellence owes to the Sureties or the Sureties owe to Dental Excellence (except for wages for services actually rendered within the preceding 15 days) is hereby **subordinated** to the Obligations and may not be paid absent Lender's written permission.  Any funds the Sureties receive or collect in respect of debt owed by Dental Excellence (except for wages for services actually rendered within the preceding 15 days) shall be held by the Sureties in trust for Lender and paid promptly to Lender.  Any funds Dental Excellence receives or collects in respect of debt owed by the Sureties shall be held by Dental Excellence in trust for Lender and paid promptly to Lender.

### Section 9 - Obligors' Financial Information

9.1     Upon execution of this Agreement, Obligors will provide Lender with their federal tax returns for 2005.

9.2     Dental Excellence agrees to provide Lender with a financial statement for the year 2005 upon execution of this Agreement.

9.3     Sureties agree to provide Lender with complete, accurate and sworn personal financial statement upon execution of this Agreement.

356926_1

## Section 10 - Events of Default

10.1    The following shall be considered Events of Default under this Agreement:

(A)    any representation or warranty contained herein being incorrect or containing any material misrepresentation;

(B)    any representation or warranty in the Loan Documents, as modified by this Agreement, being incorrect or containing any material misrepresentation;

(C)    a failure by Lender to receive in timely fashion any payment required by this Agreement; or

(D)    a failure by Obligors to comply with any duty imposed by this Agreement; or

(E)    a default under any of Loan Documents (as modified by this Agreement).

10.2    To the extent any of the Loan Documents provides a right to cure or requires notice to Obligors or any other party as a condition to the exercise of Lender's rights, all such provisions are deemed deleted from those documents. All rights to cure, rights to a "grace period" and rights to notice, if any, are now controlled exclusively by this Agreement and applicable law, if any.

## Section 11 - Lender's Remedies

11.1    In case of any Event of Default, Lender shall have the right to immediately (A) terminate this Agreement, (B) enforce and collect the Judgment, and (C) exercise all available rights as a secured creditor and enforce its rights at law or in equity, all without notice to or prior demand upon anyone except as specifically required by this Agreement.

11.2    No remedy taken by Lender shall be exclusive of any other remedy that Lender may exercise, and all such remedies shall be cumulative and shall be in addition to every other remedy hereunder or now or hereafter existing.

11.3    No delay or omission of Lender in the exercise of any right or power accruing upon an Event of Default shall (A) impair or restrict Lender from subsequently proceeding, or (B) be considered a waiver of any remedy.

356926_1

LAW OFFICES

# LAMM RUBENSTONE
## LESAVOY BUTZ & DAVID LLC

7535 WINDSOR DRIVE

SUITE 200

ALLENTOWN, PA 18195

———

(610) 706-4300

FAX: (610) 706-4343

E-Mail: jseitz@lammrubenstone.com

# FAX COVER SHEET

## DATE: February 7, 2007

Total Number of Pages (including cover sheet): 18

| | | | |
|---|---|---|---|
| To: | Jonathan S. Sack, Esq. | FAX Phone No.: | (212) 702-9702 |
| From: | Jack M. Seitz, Esq. | Telephone No.: | (610) 706-4300 |

Our File No.: 15377-32

RE: Commerce Bank v. Dental Excellence of Blue Bell, PC

**Message:**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISRUPTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

**********

If you experience difficulty receiving this transmission, please call (610) 706-4300.

If you wish to transmit a document to this office, our FAX Number is (610) 706-4343.

357471_1

## Section 12 - No Additional Financing

12.1    Obligors acknowledge and agree that Lender has not been and is not obligated or

expected to provide any additional financing.

## Section 13 - Limitations on Lender's Liability

13.1    The rights and benefits of this Agreement shall not inure to the benefit of any

third parties not expressly named herein; provided, however, that Lender may assign this

Agreement.

## Section 14 - Acceptance

14.1    In order to obligate Lender to this Agreement, Obligors must do the following by

5:00 p.m. on February 5, 2007:

     (A)    provide Lender with signed versions of this Agreement, with signatures
notarized; and

     (B)    pay all amounts required by Section 5;

     (C)    deliver to Lender proof that Obligors have adequate insurance on the
Mortgaged Property; and

     (D)    deliver to Lender all other documents required by this Agreement,
including the tax returns and financial statements identified in Section 9.

## Section 15 - Notices

15.1    Any notice, demand or communication required or permitted to be given by any

provision of this Agreement will be deemed to have been given when delivered personally to the

party designated to receive such notices, or the day the same is sent by either overnight mail or

certified mail, postage and charges prepaid, directed to the following addresses or to such other

or additional addresses any party might designate by written notice to the other parties:

        Obligors:    Dental Excellence of Blue Bell, PC
                   706 DeKalb Pike
                   Blue Bell, PA 19422

                   Kenneth B. Siegel
                   821 Firethorn Circle
                   Dresher, PA 19025

356926_1

Cindy Siegel
821 Firethorn Circle
Dresher, PA 19025

With a copy to:

Jonathan S. Sack, Esquire
Sack & Sack
110 East 59th Street
New York, New York 10022

Lender :    Ms. Jennifer M. Gracia
Commerce Bank
One Royal Road
Flemington, NJ 08822

With a copy to:

Jack M. Seitz, Esq.
Lamm Rubenstone Lesavoy
 Butz & David LLC
One Windsor Drive
7535 Windsor Dr., Suite 200
Allentown, PA 18195

### Section 16 - Miscellaneous

16.1    The headings in this Agreement are provided strictly for the convenience of the parties and shall not be deemed to alter, limit or add to the terms hereof.

16.2    This Agreement may be executed in counterpart, and that any copy hereof consisting of numerous signature pages shall be deemed a full and valid copy of the Agreement.

16.3    Signatures transmitted by telefax are binding and acceptable.

16.4    No term or provision of this Agreement may be varied, changed, modified, waived, discharged or terminated orally, but only by an instrument in writing signed by the party against whom the enforcement of the variation, change, modification, waiver, discharge or termination is sought.

356926_1

16.5    The failure by any party hereto to assert rights in the event of any breach of any provision of this Agreement shall not, in the absence of the requisite writing, constitute or operate as a waiver at such time or at any future time of such provision or of any other provision hereof.

16.6    This Agreement constitutes the entire and final agreement among the parties concerning the matters stated herein and there are no agreements, understandings, warranties or representations among the parties on said matters (except as set forth in writing in this Agreement or the Loan Documents, which remain in full force and effect as adjusted herein). All prior communications, negotiations, agreements and understandings concerning forbearance, extensions of maturity dates or related matters, whether oral or written are hereby merged into this Agreement. The parties do not rely upon any promises, offers, statements, inducements or representations, oral or written, other than those expressed in this Agreement.

16.7    This Agreement concerns transactions in Pennsylvania and has been delivered in and shall be interpreted and governed in accordance with the laws of the Commonwealth of Pennsylvania.

16.8    This Agreement shall inure to the benefit of and shall be binding upon all parties hereto and upon their respective successors and assigns.

16.9    If any clause or provision of this Agreement is determined to be illegal, invalid or unenforceable under any present or future law by the final judgment of a court of competent jurisdiction, the remainder of this Agreement will not be affected thereby. It is the intention of the parties that if any such provision is held to be illegal, invalid or unenforceable, there will be added in lieu thereof of a provision as similar in terms to such provision as is possible and be legal, valid and enforceable.

356926_1

### Section 17 - Advice of Counsel and Absence of Duress

17.1    OBLIGORS ACKNOWLEDGE THAT THEY HAVE CONSULTED WITH

INDEPENDENT LEGAL COUNSEL OF THEIR OWN CHOOSING (OR FREELY WAIVE

THEIR RIGHT TO CONSULT WITH COUNSEL WITHOUT PRESSURE FROM LENDER

TO DO SO).

17.2    OBLIGORS VOLUNTARILY EXECUTE THIS AGREEMENT WITH FULL

KNOWLEDGE OF ITS CONTENTS AND LEGAL EFFECTS, FREE OF ANY DURESS,

COMPULSION OR COERCION OF ANY KIND.

### Section 18 - Jury Trial Waiver

18.1    LENDER AND OBLIGORS IRREVOCABLY WAIVE THEIR RIGHT TO

TRIAL BY JURY IN ANY CONTROVERSY ARISING OUT OF OR RELATED TO THIS

AGREEMENT, THE LOAN DOCUMENTS, THE NEGOTIATION OR ENFORCEMENT OF

RIGHTS CONNECTED WITH THE LOAN DOCUMENTS, OR ANY OTHER FACET OR

RESULT OF THE RELATIONSHIP BETWEEN THEM.

### Section 19 - Ratification of Lender's Right to Confess Judgment

19.1    SURETIES SPECIFICALLY ACKNOWLEDGE, RATIFY AND REAFFIRM

THE WARRANTS OF ATTORNEY SPECIFIED IN THE $194,460 NOTE AND REAFFIRM

THEIR AGREEMENT THAT, IN THE EVENT OF A DEFAULT AS SPECIFIED EITHER IN

THE LOAN DOCUMENTS OR HEREUNDER, LENDER SHALL HAVE THE

UNRESTRICTED RIGHT TO CONFESS JUDGMENT AS SET FORTH IN THE $194,460

NOTE.  IN SO AGREEING, SURETIES (A) CONFIRM THAT THEIR ACCEPTANCE OF

AND AGREEMENT TO THE CONFESSION OF JUDGMENT CLAUSES IN THE NOTE

WAS VOLUNTARY AND MADE WITH FULL KNOWLEDGE OF THE OPERATION AND

EFFECT OF THAT CLAUSE, (B) THAT THE CONFESSION CLAUSE WAS BROUGHT TO

OBLIGORS' ATTENTION BEFORE THEY SIGNED THE $194,460 NOTE, (C) THAT

OBLIGORS EITHER CONSULTED WITH LEGAL COUNSEL OF THEIR OWN

CHOOSING CONCERNING THIS RATIFICATION OF THE CONFESSION CLAUSE OR

FREELY ELECTED TO PROCEED WITHOUT LEGAL COUNSEL, AND (D) WITH

KNOWLEDGE OF THE LEGAL EFFECTS HEREOF, BORROWERS WAIVED AND NOW

CONTINUE TO WAIVE ANY AND ALL RIGHTS THEY MAY HAVE TO PRIOR NOTICE

AND/OR TO AN OPPORTUNITY FOR HEARING UNDER THE CONSTITUTIONS AND

LAWS OF THE UNITED STATES AND OF THE COMMONWEALTH OF

PENNSYLVANIA BEFORE JUDGMENT IS ENTERED.

19.2    IT IS SPECIFICALLY ACKNOWLEDGED THAT LENDER HAS RELIED ON

THIS RATIFICATION OF THE RIGHT TO CONFESS JUDGMENT IN GRANTING THE

BENEFITS PROVIDED BY THIS AGREEMENT.

**IN WITNESS WHEREOF,** the parties have executed this Agreement as of the day and year written above.

COMMERCE BANK                                    ATTEST


By:_____                     _____
   Jennifer M. Gracia, V.P.


DENTAL EXCELLENCE OF BLUE BELL, PC               ATTEST


By:_____                     _____


SIGNATURES CONTINUE ON NEXT PAGE

356926_1

KENNETH B. SIEGEL                              WITNESS

_____                       _____
Kenneth B. Siegel

CINDY SIEGEL                                   WITNESS

_____                       _____
Cindy Siegel

**EXHIBIT A.44**

# SACK & SACK

ATTORNEYS-AT-LAW
110 EAST 59TH STREET, 19TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: (212) 702-9000 • FAX: (212) 702-9702

**Jonathan Sack**
ext.:    207
e-mail:  JSack@SackandSack.com

February 12, 2007

**VIA MAIL AND FAX TO:** (610) 706-4343

Jack M. Seitz, Esq.
Law Offices of Lamm Rubenstone Lesavoy Butz & David LLC
7535 Windsor Drive
Suite 200
Allentown, PA 18195

Re:    **Commerce Bank, N.A. v. Dental Excellence of Blue Bell, PC**
       **Case No. 07-01120 (Montgomery County, PA)**

Dear Mr. Seitz:

Many thanks for your draft proposed Settlement Agreement dated February 7, 2007. While I have the ability to package and settle the other two loans, namely the $25,000 line of credit and the $194,460 note, we never agreed to have those obligations paid first. It is clearly apparent to you and me that there is not enough equity in the home to cover these debts. While my client wishes to reach a global resolution, he does not wish to put you in a better place than you would be by paying off the unsecured loans first.

Therefore, I am proposing a wholly different structure of a resolution whereby my client would pay a total sum of $245,000 simultaneously with the execution of the forbearance and repayment agreement. The payment of this lump sum amount would serve to extinguish all three obligations at the same time. I am hopeful that this proposal will be accepted by your client so that we may close this matter out in one fell swoop.

As you can imagine, coming up with this lump sum is a difficult alternative for my client, but one that would ameliorate his current problems while hopefully allowing him an opportunity to work through his many financial problems.

**SACK & SACK**
ATTORNEYS-AT-LAW

Jack M. Seitz, Esq.
February 12, 2007
Page 2

Of course this letter is sent without prejudice to my client's rights, all of which are expressly reserved.

Very truly yours,

Jonathan Sack

JSS/srr

**EXHIBIT A.45**

Jonathan S. Sack, Esq.  Sack & Sack  110 East 59th Street, 19th Floor  New York, New York 10022  Tel  212-702-9000 X 207
Fax 212-702-9702  Cell 917-754-9000  Email jsack@sackandsack.com

Subject: Dental Excellence
Date: Tue, 13 Feb 2007 14:53:41 -0500
From: jseitz@lammrubenstone.com
To: jsack@sackandsack.com
CC: lchiarla@yesbank.com; jennifer.gracia@yesbank.com

The $245,000 "settlement" proposed in your 2/12/07 letter is wildly different from both the deal we first discussed and what
Commerce is willing to accept.  First of all, the $194,460 loan is NOT unsecured - it is secured by a second mortgage recorded
11/12/02 at Book 9899, Page 276.  Second, there is sufficient equity in the residence to pay all of the $335,000 loan and all of the
$194,460 loan (or close to it).  Third, there is no deal at all if all 3 loans are not included.  Otherwise, Commerce will be back in court
with the excluded loan as soon as the ink dries on an agreement for the other obligations.

Do you mean to offer $245,000 (A) as full and final payment, or (B) only as the lump sum payment to begin the forbearance, followed
by monthly payments?  If the former, the offer is rejected.  If the latter, then please confirm your clients accept the 5/31/07 termination
date and we'll talk about the order of application and other details.

Jack M. Seitz, Esq.
Lamm Rubenstone Lesavoy Butz & David LLC
One Windsor Plaza
7535 Windsor Drive, Suite 200
Allentown, PA  18195
phone:  (610) 706-4300
fax:  (610) 706-4343
email: jseitz@lammrubenstone.com

If this email is spam, report it here:
http://www.OnlyMyEmail.com/ReportSpam



**Windows Live™ Mail**
Beta

Print  ✕ Close Window

**Jonathan Sack** (jonathansack@hotmail.com)                                          4:05 PM 2/13/07
To:  Jack Seitz (jseitz@lammrubenstone.com); jsack@sackandsack.com
Cc:  lchiarla@yesbank.com; Gracia, Jennifer (jennifer.gracia@yesbank.com)
Subject:  RE: Dental Excellence

Where do you get the # of $482,000 in principal?  This is not accurate.  I Thought that you were at a global settlement for all three loans at $305,000?  Hence the counter-offer from me at a 20% reduction.  My client would prefer to close out all three loans now, and not have litigation on each of the other two smaller loans. The discount would be better than time or payment terms, for both of our respective clients.  You do not want to get some money now, then have a similar situation later on where my client does not pay the balance.

Jonathan S. Sack, Esq.  Sack & Sack  110 East 59th Street, 19th Floor  New York, New York 10022  Tel  212-702-9000 X 207  Fax 212-702-9702  Cell 917-754-9000  Email jsack@sackandsack.com

---

Subject: RE: Dental Excellence
Date: Tue, 13 Feb 2007 15:50:42 -0500
From: jseitz@lammrubenstone.com
To: jsack@sackandsack.com
CC: lchiarla@yesbank.com; jennifer.gracia@yesbank.com

I now see the 1994 first mortgage (original amount $355,000).  #2 is the $194,460 Commerce mortgage. #3 is the $539,000 Commerce mortgage.

We started out with a discussion of paying the entire balance on the $539,000 loan ($293,000 in principal) plus interest up to the date of the agreement.  The borrowers now want a release on all 3 loans in exchange for a payment LESS than the principal due on the $539,000 loan.  That approach is not acceptable on any level.

The borrowers owe upwards of $482,000 in principal and another $20,000 in interest.  There is NO WAY the bank is going to seriously consider $245,000.  The point of the forbearance discussion was to give your clients time to refinance, NOT to work a deep discount.

I will try to get clearance for (1) $200,000 down, (2) full payment of remaining principal on all three loans (plus interest on all three loans up to the date of the agreement) in 90 to 120 days.  Please let me know if your clients are still interested in a deal of that nature.  I could also try to get back to your clients' original proposal - $200,000 down on the $539,000 loan and the the rest in a few months.  Doing that deal without including the other 2 loans will only expose your clients to litigation, but if that's what they want. . .

I reiterate there is no deal until there is a signed agreement.

---

**From:** Jonathan Sack [mailto:jonathansack@hotmail.com]
**Sent:** Tuesday, February 13, 2007 3:32 PM
**To:** Jack Seitz; jsack@sackandsack.com
**Cc:** lchiarla@yesbank.com; Gracia, Jennifer
**Subject:** RE: Dental Excellence

Dear Jack:

My client informs me that he has a first mortgage on his home with Citibank in the principal amount of $250,000. Have you notified them of your action? Between the Citibank loan and Commerce's three loans, there is not enough equity in the home to pay everyone in full. He is prepared to sell his home to pay off these debts, but the market will not support an amount to cover all three Commerce loans (the aggregate of $305,000 or thereabouts) and the Citibank mortgage. With this in mind, I would like to get this matter behind us in a global way, and therefore suggest that you come back to me with a lump sum which will pay off all three of the Commerce loans.

Jonathan S. Sack, Esq. Sack & Sack 110 East 59th Street, 19th Floor New York, New York 10022
Tel 212-702-9000 X 207 Fax 212-702-9702 Cell 917-754-9000 Email jsack@sackandsack.com

---

Subject: Dental Excellence
Date: Tue, 13 Feb 2007 14:53:41 -0500
From: jseitz@lammrubenstone.com
To: jsack@sackandsack.com
CC: lchiarla@yesbank.com; jennifer.gracia@yesbank.com

The $245,000 "settlement" proposed in your 2/12/07 letter is wildly different from both the deal we first discussed and what Commerce is willing to accept. First of all, the $194,460 loan is NOT unsecured - it is secured by a second mortgage recorded 11/12/02 at Book 9899, Page 276. Second, there is sufficient equity in the residence to pay all of the $335,000 loan and all of the $194.460 loan (or close to it). Third, there is no deal at all if all 3 loans are not included. Otherwise, Commerce will be back in court with the excluded loan as soon as the ink dries on an agreement for the other obligations.

Do you mean to offer $245,000 (A) as full and final payment, or (B) only as the lump sum payment to begin the forbearance, followed by monthly payments? If the former, the offer is rejected. If the latter, then please confirm your clients accept the 5/31/07 termination date and we'll talk about the order of application and other details.

Jack M. Seitz, Esq.
Lamm Rubenstone Lesavoy Butz & David LLC
One Windsor Plaza
7535 Windsor Drive, Suite 200
Allentown, PA 18195
phone: (610) 706-4300
fax: (610) 706-4343
email: jseitz@lammrubenstone.com



**Windows Live™ Mail**
Beta

🖶 Print ✕ Close Window

**Ken siegel** (kensiegel@onlymyemail.com)
To: jsack@sackandsack.com
Cc: Yablon, Paul, GCM (Paul.Yablon@rbsgc.com)
Subject: SPAM-HIGH: RE: Dental Excellence

3:46 PM 2/13/07

Attachments: image001.png (74.9 KB)

Security scan upon download 



Jonathan,

I took this off the online site as of today.  That shows what our mortgage is.

Ken
Ken Siegel
Dental Excellence of Blue Bell
706 Dekalb Pike
Blue Bell, Pa 19422
610-272-0828
610-272-4319 fax
215-498-5991 mobile

**From:** Jonathan Sack [mailto:jonathansack@hotmail.com]
**Sent:** Tuesday, February 13, 2007 3:06 PM
**To:** Jack Seitz; jsack@sackandsack.com
**Cc:** lchiarla@yesbank.com; Gracia, Jennifer
**Subject:** RE: Dental Excellence

I will revert to you immediately after I confer with my client.

Jonathan S. Sack, Esq. Sack & Sack 110 East 59th Street, 19th Floor New York, New York 10022 Tel 212-702-9000 X 207
Fax 212-702-9702 Cell 917-754-9000 Email jsack@sackandsack.com

Subject: Dental Excellence
Date: Tue, 13 Feb 2007 14:53:41 -0500
From: jseitz@lammrubenstone.com
To: jsack@sackandsack.com
CC: lchiarla@yesbank.com; jennifer.gracia@yesbank.com

The $245,000 "settlement" proposed in your 2/12/07 letter is wildly different from both the deal we first discussed and what
Commerce is willing to accept. First of all, the $194,460 loan is NOT unsecured - it is secured by a second mortgage recorded
11/12/02 at Book 9899, Page 276. Second, there is sufficient equity in the residence to pay all of the $335,000 loan and all of the
$194,460 loan (or close to it). Third, there is no deal at all if all 3 loans are not included. Otherwise, Commerce will be back in court
with the excluded loan as soon as the ink dries on an agreement for the other obligations.

Do you mean to offer $245,000 (A) as full and final payment, or (B) only as the lump sum payment to begin the forbearance, followed
by monthly payments? If the former, the offer is rejected. If the latter, then please confirm your clients accept the 5/31/07 termination
date and we'll talk about the order of application and other details.

Jack M. Seitz, Esq.
Lamm Rubenstone Lesavoy Butz & David LLC
One Windsor Plaza
7535 Windsor Drive, Suite 200
Allentown, PA 18195
phone: (610) 706-4300
fax: (610) 706-4343
email: jseitz@lammrubenstone.com

If this email is spam, report it here:
http://www.OnlyMyEmail.com/ReportSpam



## Windows Live™ Mail
**Beta**

🖨 Print  ✕ Close Window

---

**Jack Seitz** (jseitz@lammrubenstone.com)                                              3:32 PM 2/13/07
To:  jsack@sackandsack.com
Cc:  lchiarla@yesbank.com; Gracia, Jennifer (jennifer.gracia@yesbank.com)
Subject:  RE: Dental Excellence

---

**From:** Jonathan Sack [mailto:jonathansack@hotmail.com]
**Sent:** Tuesday, February 13, 2007 3:32 PM
**To:** Jack Seitz; jsack@sackandsack.com
**Cc:** lchiarla@yesbank.com; Gracia, Jennifer
**Subject:** RE: Dental Excellence

Dear Jack:

My client informs me that he has a first mortgage on his home with Citibank in the principal amount of $250,000. Have you notified them of your action? Between the Citibank loan and Commerce's three loans, there is not enough equity in the home to pay everyone in full. He is prepared to sell his home to pay off these debts, but the market will not support an amount to cover all three Commerce loans (the aggregate of $305,000 or thereabouts) and the Citibank mortgage. With this in mind, I would like to get this matter behind us in a global way, and therefore suggest that you come back to me with a lump sum which will pay off all three of the Commerce loans.

Jonathan S. Sack, Esq.  Sack & Sack  110 East 59th Street, 19th Floor  New York, New York 10022  Tel  212-702-9000 X 207  Fax 212-702-9702  Cell 917-754-9000  Email jsack@sackandsack.com

---

Subject: Dental Excellence
Date: Tue, 13 Feb 2007 14:53:41 -0500
From: jseitz@lammrubenstone.com
To: jsack@sackandsack.com
CC: lchiarla@yesbank.com; jennifer.gracia@yesbank.com

The $245,000 "settlement" proposed in your 2/12/07 letter is wildly different from both the deal we first discussed and what Commerce is willing to accept. First of all, the $194,460 loan is NOT unsecured - it is secured by a second mortgage recorded 11/12/02 at Book 9899, Page 276. Second, there is sufficient equity in the residence to pay all of the $335,000 loan and all of the $194,460 loan (or close to it). Third, there is no deal at all if all 3 loans are not included. Otherwise, Commerce will be back in court with the excluded loan as soon as the ink dries on an agreement for the other obligations.

Do you mean to offer $245,000 (A) as full and final payment, or (B) only as the lump sum payment to begin the forbearance, followed by monthly payments? If the former, the offer is rejected. If the latter, then please confirm your clients accept the 5/31/07 termination date and we'll talk about the order of application and other details.

Jack M. Seitz, Esq.
Lamm Rubenstone Lesavoy Butz & David LLC
One Windsor Plaza

7535 Windsor Drive, Suite 200
Allentown, PA  18195
phone:  (610) 706-4300
fax:  (610) 706-4343
email:  jseitz@lammrubenstone.com



# Windows Live™ Mail
Beta

🖶 Print   ✕ Close Window

**PAUL YABLON, RBS GREENWICH CAPITA** (pyabs@bloomberg.net)                                3:08 PM 2/13/07
To:  jsack@sackandsack.com
Subject:  RE: Dental Excellence

Attachments: 80756121.htm (3.2 KB)                                Security scan upon download 🛡 TREND MICRO

---

sounds like he doest know about the 1st mtg on the wouse with citi for 250k
----- Original Message -----
From: Jonathan Sack  <jsack@sackandsack.com>
At:  2/13 15:06:23

I will revert to you immediately after I confer with my client.Jonathan S. Sack,
Esq.  Sack & Sack  110 East 59th Street, 19th Floor  New York, New York 10022
Tel  212-702-9000 X 207  Fax 212-702-9702  Cell 917-754-9000  Email
jsack@sackandsack.com

Subject: Dental ExcellenceDate: Tue, 13 Feb 2007 14:53:41 -0500From:
jseitz@lammrubenstone.comTo: jsack@sackandsack.comCC: lchiarla@yesbank.com;
jennifer.gracia@yesbank.com

The $245,000 "settlement" proposed in your 2/12/07 letter is wildly different
from both the deal we first discussed and what Commerce is willing to accept.
First of all, the $194,460 loan is NOT unsecured - it is secured by a second
mortgage recorded 11/12/02 at Book 9899, Page 276.  Second, there is sufficient
equity in the residence to pay all of the $335,000 loan and all of the $194.460
loan (or close to it).  Third, there is no deal at all if all 3 loans are not
included.  Otherwise, Commerce will be back in court with the excluded loan as
soon as the ink dries on an agreement for the other obligations.

Do you mean to offer $245,000 (A) as full and final payment, or (B) only as the
lump sum payment to begin the forbearance, followed by monthly payments?  If the
former, the offer is rejected.  If the latter, then please confirm your clients
accept the 5/31/07 termination date and we'll talk about the order of
application and other details.

Jack M. Seitz, Esq.Lamm Rubenstone Lesavoy Butz & David LLC One Windsor Plaza
7535 Windsor Drive, Suite 200 Allentown, PA  18195 phone:  (610) 706-4300 fax:
(610) 706-4343 email: jseitz@lammrubenstone.com

--------------------------------------------------------------------------------
The author of this material is an employee of the firm's sales and trading desks. RBSGC may have positions in,
buy or sell, make a market in, underwrite or have an investment banking relationship with the issuer of the
securities
mentioned herein or related instruments. This material is intended for institutional investors, should not be
forwarded to third parties, and is not intended as an offer to buy or sell any security. Certain transactions
mentioned herein may give rise to substantial risk and may not be suitable for all investors. RBSGC is not
acting as advisor or fiduciary in providing this information and while believed to be reliable, we do not warrant
its accuracy or completeness.



**Windows Live™ Mail**
Beta

Print ✕ Close Window

**Jack Seitz** (jseitz@lammrubenstone.com)                                          3:32 PM 2/13/07
To: jsack@sackandsack.com
Cc: lchiarla@yesbank.com; Gracia, Jennifer (jennifer.gracia@yesbank.com)
Subject: RE: Dental Excellence

---

**From:** Jonathan Sack [mailto:jonathansack@hotmail.com]
**Sent:** Tuesday, February 13, 2007 3:32 PM
**To:** Jack Seitz; jsack@sackandsack.com
**Cc:** lchiarla@yesbank.com; Gracia, Jennifer
**Subject:** RE: Dental Excellence

Dear Jack:

My client informs me that he has a first mortgage on his home with Citibank in the principal amount of $250,000. Have you notified them of your action? Between the Citibank loan and Commerce's three loans, there is not enough equity in the home to pay everyone in full. He is prepared to sell his home to pay off these debts, but the market will not support an amount to cover all three Commerce loans (the aggregate of $305,000 or thereabouts) and the Citibank mortgage. With this in mind, I would like to get this matter behind us in a global way, and therefore suggest that you come back to me with a lump sum which will pay off all three of the Commerce loans.

Jonathan S. Sack, Esq.  Sack & Sack  110 East 59th Street, 19th Floor  New York, New York 10022  Tel  212-702-9000 X 207  Fax 212-702-9702  Cell 917-754-9000  Email jsack@sackandsack.com

---

Subject: Dental Excellence
Date: Tue, 13 Feb 2007 14:53:41 -0500
From: jseitz@lammrubenstone.com
To: jsack@sackandsack.com
CC: lchiarla@yesbank.com; jennifer.gracia@yesbank.com

The $245,000 "settlement" proposed in your 2/12/07 letter is wildly different from both the deal we first discussed and what Commerce is willing to accept. First of all, the $194,460 loan is NOT unsecured - it is secured by a second mortgage recorded 11/12/02 at Book 9899, Page 276. Second, there is sufficient equity in the residence to pay all of the $335,000 loan and all of the $194,460 loan (or close to it). Third, there is no deal at all if all 3 loans are not included. Otherwise, Commerce will be back in court with the excluded loan as soon as the ink dries on an agreement for the other obligations.

Do you mean to offer $245,000 (A) as full and final payment, or (B) only as the lump sum payment to begin the forbearance, followed by monthly payments? If the former, the offer is rejected. If the latter, then please confirm your clients accept the 5/31/07 termination date and we'll talk about the order of application and other details.

Jack M. Seitz, Esq.
Lamm Rubenstone Lesavoy Butz & David LLC
One Windsor Plaza

7535 Windsor Drive, Suite 200
Allentown, PA  18195
phone:  (610) 706-4300
fax:  (610) 706-4343
email:  jseitz@lammrubenstone.com

**EXHIBIT A.46**

PO BOX 15630
DEPT 99
WILMINGTON DE 19850

**NCO FINANCIAL SYSTEMS IN**

FORMERLY FINANCIAL COLLECTION AGENCIES
507 Prudential Road, Horsham, PA 19044

800-413-0134
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Feb 10, 2007

Calls to or from this company may be monitored
or recorded for quality assurance.

7W1T03                0054-12637
DENTAL EXCELLENCE OF BLUE BELL
706 DEKALB PIKE
BLUE BELL PA  19422-1214

CREDITOR: COMMERCE BANK
ACCOUNT #: 364081836
REGARDING: PAST DUE BALANCE
PRINCIPAL: $ 347.16
INTEREST: $ 0.00
INTEREST RATE:
COLLECTION CHARGES. $ 380.00
COSTS. $ 0.00
OTHER CHARGES: $ 0.00
TOTAL BALANCE: $ 727.16

Your Credit Rating May Be In Jeopardy

This may be reported to all national credit bureaus, if you: a) do not notify this office within 30 days after receiving this notice that you dispute the account or any portion thereof, or b) the account is not paid in full or otherwise resolved after 30 days from receiving this notice. It is our intention to work with you to resolve this matter. However, if payment or any acceptable resolution has not occurred, your account will be subject to further collection.

Returned checks may be subject to the maximum fees allowed by your state.

To assure proper credit, please put our internal account number 7W1T03 on your check or money order.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is C7W1T039-9BE00VR.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

--------------------------------------------------------------------

| Account # | Total Balance |
|---|---|
| 7W1T03 | $ 727.16 |

DENTAL EXCELLENCE OF BLUE BELL

Payment Amount

$

Check here if your address or phone number has
changed and provide the new information below.

TO: Jon Sack
212 702 9702

Make Payment To:

**IIhllIhIhlhlhlIhhIhlhlhlhIIhhhllIhhIhll**

NCO FINANCIAL SYSTEMS
PO BOX 15740
WILMINGTON, DE 19850-5740

NCO 1
12637

0199007W1T0300000000010000000000727167

**EXHIBIT A.47**

# SACK & SACK

ATTORNEYS-AT-LAW
110 EAST 59TH STREET, 19TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: (212) 702-9000 • FAX: (212) 702-9702

**Jonathan Sack**
ext.:    207
e-mail:  JSack@SackandSack.com

March 12, 2007

**VIA MAIL AND FAX TO: (610) 706-4343**

Jack M. Seitz, Esq.
Lamm Rubenstone Lesavoy Butz & David LLC
One Windsor Plaza
7535 Windsor Drive, Suite 200
Allentown, PA 18195

Re:    **Commerce Bank v. Dental Excellence of Blue Bell, PC**

Dear Mr. Seitz:

Enclosed please find four (4) executed originals of the Settlement Agreement. Please have your client countersign and return two (2) fully executed originals to me as soon as possible.

Very truly yours,

Jonathan Sack

JSS/srr
Enclosures

# SETTLMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is made this _____ day of March, 2007, by and among (A) COMMERCE BANK, N.A., successor-in-interest by merger to Commerce Bank/Pennsylvania, N.A., ("**Lender**"), (B) DENTAL EXCELLENCE OF BLUE BELL, PC ("**Dental Excellence**"), and (C) KENNETH B. SIEGEL and CINDY SIEGEL (the "**Sureties**"), with Dental Excellence and the Sureties sometimes referred to collectively as "**Obligors**."

## BACKGROUND

A.      Lender made a loan to Dental Excellence (the "**$539,000 Loan**") documented by a Promissory Note dated November 1, 2002, for $539,000.00 (the "**$539,000 Note**").  The $539,000 Loan is secured by a perfected security interest in all of Dental Excellence's fixtures, furniture, equipment, inventory, and accounts receivable (the "**Dental Excellence Business Assets**") as documented by a Commercial Security Agreement and a UCC-1 Financing Statements (the "**Dental Excellence Security Documents**").

B.      As security for the $539,000 Loan, the Sureties each signed Commercial Guaranty agreements (the "**Surety Agreements**") pursuant to which the Sureties agreed to become unconditional and unlimited sureties for all amounts Dental Excellence owes to Lender.

C.      Lender made a second loan directly to Sureties for $194,460 (the "**$194,460 Loan**") as documented by a promissory note dated November 11, 2002 (the "**$194,460 Note**").

D.      The $539,000 Loan and the $194,460 Note are secured by mortgages on Sureties' property located at 821 Firethorn Circle, Dresher, PA 19025 (the "**Mortgages**" and the "**Mortgaged Property**").

E.      Lender also extended a $25,000 line of credit to Sureties (the "**Line of Credit**") as documented by a Personal Credit Line Agreement and Disclosure Statement dated September 6, 2002 (the "**Line Agreement**").

commerce_dental setlag

F.    The $539,000 Note, the Dental Excellence Security Documents, the Surety Agreements, the Line Agreement, the $194,460 Note, the Mortgages and other documents and agreements related to the $539,000 Loan, the Line of Credit and the $194,460 Loan are sometimes referred to collectively as the "**Loan Documents**."

G.    Following a default under the $539,000 Note and Lender's acceleration of Dental Excellence's obligations, Lender entered judgment against Dental Excellence in the Court of Common Pleas of Montgomery County on January 8, 2007, to docket no. 07-01120 for $335,643.12 (the "**Judgment**").

**NOW, THEREFORE**, intending to be legally bound hereby, and in consideration of the mutual promises and covenants set forth in this Agreement, the receipt and sufficiency of which is hereby mutually acknowledged, the parties agree as follows:

## A G R E E M E N T S

### Section 1 - Recitals

1.1    The parties agree that the recitals set forth in the "Background" section of this Agreement are accurate and are incorporated in this Agreement.

### Section 2 - Confirmation of Existing Obligations

2.1    Obligors declare, ratify, confirm and acknowledge the validity of the Judgment as entered and expressly waive any defects therein.

2.2    Obligors ratify and confirm the terms and conditions of the Loan Documents (except as expressly modified by this Agreement).

2.3    Obligors acknowledge and confirm that the following amounts are due and owing to Lender in connection with the $539,000 Loan, as stated in the Judgment:

commerce_dental setlag

| | |
|---|---|
| Principal: | $ 293,094.26 |
| Interest to 1/9/07: | $  10,429.40 |
| Late Fees | $   1,758.10 |
| Attorney's fees: | $  30,352.36 |
| | |
| TOTAL AS OF 1/9/07 | $ 335,634.12 |

*per diem = $85.49

2.4    Obligors acknowledge and confirm that the following amounts are due and owing to Lender in connection with the Line of Credit and the $194,460 Loan, not including legal fees permitted by the Loan Documents:

| | Line of Credit | $194,460 Loan |
|---|---|---|
| Principal | $ 20,455.80 | $ 168,820.05 |
| Interest to 1/25/07 | $      663.23 | $   8,734.75 |
| Late fees | $          5.00 | $        30.00 |
| Appraisal cost and insurance | N/A | $      356.59 |

2.5    The amounts due to Lender in connection with the $539,000 Loan, the Line of Credit and the $194,460 Loan are referred to collectively as the "**Loan Obligations**").

2.6    Obligors confirm and acknowledge there are no claims, set-offs, defenses or challenges whatsoever to their obligations to Lender or to the enforcement of the Judgment, the Loan Obligations or the Loan Documents.

2.7    Obligors confirm and acknowledge that Lender has first liens on the Dental Excellence Business Assets.

### Section 3 - Payments to Lender

3.1    Obligors will pay to Lender, and Lender agrees to accept, FOUR HUNDRED SEVENTY THOUSAND DOLLARS ($470,000.00) as full and final settlement of all amounts Obligors owe to Lender in connection with the Loan, the Judgments or the Note, paid as follows:

commerce_dental setlag

(A)    the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) paid by Obligors to Lender by **MARCH 13, 2007**; and

(B)    the additional sum of THREE HUNDRED SEVENTY THOUSAND DOLLARS ($370,000.00) paid by Obligors to Lender by **APRIL 1, 2007.**

3.2    The payments required by Section 3.1(A) and (B)  must be made by wire transfer and posted to Lender's account by no later than 3:00 p.m. on the dates specified.

## Section 4 - Limited and Conditional Agreement to Forbear

4.1    Provided that Obligors perform all of their obligations under this Agreement and that all conditions specified herein have been met, and all of the representations and warranties contained in the Loan Documents and in this Agreement are true, Lender conditionally agrees to forbear from executing on the Judgment or pursuing legal remedies in connection with the Line of Credit or the $194,460 Loan through 3:00 p.m. on APRIL 1, 2007.  Lender's limited and conditional agreement to forbear from exercising its legal rights expires at 3:01 p.m. on APRIL 1, 2007.

4.2    If Obligors do not make the payments required by Section 3.1 in the manner this Agreement requires at or before 3:00 p.m. on APRIL 1, 2007, Lender's duty to forbear shall automatically terminate, without notice to or demand upon anyone.

## Section 5 - General Release of Lender

5.1    Upon execution of this Agreement, Dental Excellence, on its own behalf and on behalf of its affiliates, subsidiaries, parent company, principals, officers, directors, shareholders, agents, representatives, successors and assigns (collectively in this Section 5, the "**Dental Excellence Releasing Parties**"), hereby fully and finally releases and discharges Lender and its agents, servants, employees, representatives, officers, directors, assigns, sureties, guarantors, attorneys, shareholders, insurers, successors and assigns (collectively in this Section 5, the "**Lender Releasees**"), and each of them, from any and all rights, losses, damages, claims, actions or causes of action, whether in contract or tort, law or equity, whether known or unknown,

commerce_dental setlag

suspected or unsuspected, which the Dental Excellence Releasing Parties ever had, now have, or ever will have against the Lender Releases relating to any matter, event, transaction, act, omission, dispute, item, or issue arising or occurring prior to the date hereof, including but not limited to any and all claims in any way related to or connected with Dental Excellence, the Loan Obligations, the Dental Excellence Business Assets, the Judgment, the Loan Documents, the Mortgaged Property, the Line of Credit, the $194,460 Loan, or the $539,000 Loan.

5.2    Upon execution of this Agreement, the Sureties, on their own behalf and on behalf of their heirs, successors, and assigns, hereby fully and finally release and discharge the Lender Releasees, and each of them, from any and all rights, losses, damages, claims, actions or causes of action, whether in contract or tort, law or equity, whether known or unknown, suspected or unsuspected, which the Sureties ever had, now have, or ever will have against the Lender Releases relating to any matter, event, transaction, act, omission, dispute, item, or issue arising or occurring prior to the date hereof, including but not limited to any and all claims in any way related to or connected with Dental Excellence, the Loan Obligations, the Dental Excellence Business Assets, the Judgment, the Loan Documents, the Mortgaged Property, the Line of Credit, the $194,460 Loan, or the $539,000 Loan.

5.3    The releases set forth in the preceding Sections are intended to be the broadest and most comprehensive releases allowed by law and are intended to extinguish all possible claims, including but not limited to (A) claims arising under any statute or regulation, such as but not limited to the Fair Debt Collection Practices Act (and the Pennsylvania extension thereof), the Equal Credit Opportunity Act, the Fair Credit Reporting Act, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, (B) claims related to the initial extension of credit, the enforcement or attempted enforcement of Lender's rights, (C) claims related to any

commerce_dental setlag

refusal to extend credit or financing to Obligors, and (D) claims related to the negotiation or execution of this Agreement.

5.4     Nothing herein is intended to release Lender from any duties imposed by this Agreement or to limit Obligors' right to enforce this Agreement.

5.5     It is expressly agreed that all waivers and releases by Obligors, including the releases in this Section, shall (A) survive the termination of this Agreement and Lender's duty to forbear, and (B) remain in effect even if Obligors fail to make the payments to Lender this Agreement requires.

### Section 6 - Limited and Conditional Release of Obligors

6.1     Upon Obligors' timely payment of all amounts due to Lender under this Agreement in the manner Section 3 requires, Lender, on its own behalf and on behalf of its agents, servants, employees, representatives, officers, directors, assigns, sureties, guarantors, attorneys, shareholders, insurers, successors and assigns, and each of them (collectively in this Section 6, the "**Lender Releasors**"), hereby fully and finally releases and discharges Dental Excellence and its affiliates, subsidiaries, parent company, principals, officers, directors, shareholders, agents, representatives, successors and assigns, and the Sureties and their heirs, successors and assigns (collectively in this Section 6, the "**Obligor Releasees**") from any and all rights, losses, damages, claims, actions or causes of action, whether in contract or tort, law or equity, whether known or unknown, suspected or unsuspected, which the Lender Releasors ever had, now have, or ever will have against the Obligor Releasees in any way related to or connected with Dental Excellence, the Loan Obligations, the Dental Excellence Business Assets, the Judgment, the Loan Documents, the Mortgaged Property, the Line of Credit, the $194,460 Loan, or the $539,000 Loan.

commerce_dental setlag

6.2    The releases set forth in the preceding Section are intended to be the broadest and most comprehensive releases allowed by law and are intended to extinguish all possible claims, including but not limited to (A) claims arising under any statute or regulation, (B) claims related to the initial extension of credit, the enforcement or attempted enforcement of Lender's rights, (C) any refusal to extend credit or financing to Obligors, and (D) the negotiation or execution of this Agreement.

6.3    Nothing herein is intended to release Obligors from any duties imposed by this Agreement.

6.4    The releases in this Section 6 are conditional because they do not take effect unless and until Obligors have complied with the payment obligations in Section 3 of this Agreement.

## Section 7 - Disposition of the Loan Documents, the Collateral and the Judgment

7.1    Upon  Lender's timely receipt of the full $470,000 Obligors are to pay Lender under Section 3, the Notes will be deemed cancelled and all contracts or obligations between the parties arising under the Loan Documents and related transactions will cease and terminate.

7.2    Within 30 days of Lender's timely receipt of the entire $470,000 payment described in Section 3, Lender will (A) satisfy its mortgage on the Mortgaged Property, (B) terminate its lien on the Dental Excellence Business Assets, and (C) satisfy the Judgment, all at Lender's sole cost and expense.

7.3    Lender is under no obligation to take any of the actions specified in this Section, and the Notes will not be deemed cancelled, unless Obligors timely and completely comply with the payment obligations in Section 3 of this Agreement.  In the event Obligors make the first installment of $100,000 as per Section 3.1(A) but not the final payment of $370,000 as per

commerce_dental setlag

Section 3.1(B), Lender shall apply the monies received to the Loan Obligations and may proceed with it legal remedies.

## Section 8 - Lender's Representations

8.1     Lender represents that it has not assigned the Line of Credit, the $194,460 Note, the Judgment, or Lender's rights in any of the Collateral.

8.2     Lender represents that it has full authority to compromise and release the claims and causes of action released in this Agreement.

8.3     Lender is authorized to enter into this Agreement without consent from third parties, regulatory authorities or its board of directors.

## Section 9 - Lender's Representations

9.1     Obligors represents that it they have not assigned any of the claims released herein and that each of them has full authority to compromise and release the claims and causes of action released in this Agreement.

9.2     Dental Excellence is authorized to enter into this Agreement without consent from third parties, regulatory authorities or its board of directors.

## Section 10 - Acceptance

10.1    In order to obligate Lender to this Agreement, Obligors must do the following:

(A)     provide Lender with signed versions of this Agreement, with signatures notarized, by 3:00 p.m. on March 13, 2007; and

(B)     pay Lender the $100,000 required by Section 3.1(A) as required by Section 3;

## Section 11 - Notices

11.1    Any notice, demand or communication required or permitted to be given by any provision of this Agreement will be deemed to have been given when delivered personally to the party designated to receive such notices, or the day the same is sent by either overnight mail or

commerce_dental setlag

certified mail, postage and charges prepaid, directed to the following addresses or to such other

or additional addresses any party might designate by written notice to the other parties:

Obligors:    Dental Excellence of Blue Bell, PC
706 DeKalb Pike
Blue Bell, PA 19422

Kenneth B. Siegel
821 Firethorn Circle
Dresher, PA 19025

Cindy Siegel
821 Firethorn Circle
Dresher, PA 19025

With a copy to:

Jonathan S. Sack, Esquire
Sack & Sack
110 East 59th Street
New York, New York 10022

Lender :    Ms. Jennifer M. Gracia
Commerce Bank
One Royal Road
Flemington, NJ  08822

With a copy to:

Jack M. Seitz, Esq.
Lamm Rubenstone Lesavoy
 Butz & David LLC
One Windsor Drive
7535 Windsor Dr., Suite 200
Allentown, PA 18195

### **Section 12 - Miscellaneous**

12.1    The headings in this Agreement are provided strictly for the convenience of the

parties and shall not be deemed to alter, limit or add to the terms hereof.

12.2    This Agreement may be executed in counterpart, and that any copy hereof

consisting of numerous signature pages shall be deemed a full and valid copy of the Agreement.

12.3    Signatures transmitted by telefax are binding and acceptable.

commerce_dental setlag

12.4    No term or provision of this Agreement may be varied, changed, modified, waived, discharged or terminated orally, but only by an instrument in writing signed by the party against whom the enforcement of the variation, change, modification, waiver, discharge or termination is sought.

12.5    The failure by any party hereto to assert rights in the event of any breach of any provision of this Agreement shall not, in the absence of the requisite writing, constitute or operate as a waiver at such time or at any future time of such provision or of any other provision hereof.

12.6    This Agreement constitutes the entire and final agreement among the parties concerning the matters stated herein and there are no agreements, understandings, warranties or representations among the parties on said matters (except as set forth in writing in this Agreement or the Loan Documents, which remain in full force and effect as adjusted herein). All prior communications, negotiations, agreements and understandings concerning forbearance, extensions of maturity dates or related matters, whether oral or written are hereby merged into this Agreement. The parties do not rely upon any promises, offers, statements, inducements or representations, oral or written, other than those expressed in this Agreement.

12.7    This Agreement concerns transactions in Pennsylvania and has been delivered in and shall be interpreted and governed in accordance with the laws of the Commonwealth of Pennsylvania.

12.8    This Agreement shall inure to the benefit of and shall be binding upon all parties hereto and upon their respective successors and assigns.

12.9    If any clause or provision of this Agreement is determined to be illegal, invalid or unenforceable under any present or future law by the final judgment of a court of competent jurisdiction, the remainder of this Agreement will not be affected thereby. It is the intention of

commerce_dental setlag

the parties that if any such provision is held to be illegal, invalid or unenforceable, there will be added in lieu thereof of a provision as similar in terms to such provision as is possible and be legal, valid and enforceable.

### Section 13 - Advice of Counsel and Absence of Duress

13.1    OBLIGORS ACKNOWLEDGE THAT THEY HAVE CONSULTED WITH INDEPENDENT LEGAL COUNSEL OF THEIR OWN CHOOSING (OR FREELY WAIVE THEIR RIGHT TO CONSULT WITH COUNSEL WITHOUT PRESSURE FROM LENDER TO DO SO).

13.2    OBLIGORS VOLUNTARILY EXECUTE THIS AGREEMENT WITH FULL KNOWLEDGE OF ITS CONTENTS AND LEGAL EFFECTS, FREE OF ANY DURESS, COMPULSION OR COERCION OF ANY KIND.

### Section 14 - Jury Trial Waiver

14.1    LENDER AND OBLIGORS IRREVOCABLY WAIVE THEIR RIGHT TO TRIAL BY JURY IN ANY CONTROVERSY ARISING OUT OF OR RELATED TO THIS AGREEMENT, THE LOAN DOCUMENTS, THE NEGOTIATION OR ENFORCEMENT OF RIGHTS CONNECTED WITH THE LOAN DOCUMENTS, OR ANY OTHER FACET OR RESULT OF THE RELATIONSHIP BETWEEN THEM.


COMMERCE BANK                                             ATTEST

By:_____        _____
    Jennifer M. Gracia, V.P.


DENTAL EXCELLENCE OF BLUE BELL, PC          ATTEST

By:_____        _____

commerce_dental setlag

KENNETH B. SIEGEL

_____
Kenneth B. Siegel

WITNESS

_____


CINDY SIEGEL

_____
Cindy Siegel

WITNESS

_____

commerce_dental setlag

**EXHIBIT A.48**

# SETTLMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is made this _199th_ day of March, 2007,

by and among (A) COMMERCE BANK, N.A., successor-in-interest by merger to Commerce

Bank/Pennsylvania, N.A., ("**Lender**"), (B) DENTAL EXCELLENCE OF BLUE BELL, PC

("**Dental Excellence**"), and (C) KENNETH B. SIEGEL and CINDY SIEGEL (the "**Sureties**"),

with Dental Excellence and the Sureties sometimes referred to collectively as "**Obligors**."

## B A C K G R O U N D

A.   Lender made a loan to Dental Excellence (the "**$539,000 Loan**") documented by

a Promissory Note dated November 1, 2002, for $539,000.00 (the "**$539,000 Note**").  The

$539,000 Loan is secured by a perfected security interest in all of Dental Excellence's fixtures,

furniture, equipment, inventory, and accounts receivable (the "**Dental Excellence Business**

**Assets**") as documented by a Commercial Security Agreement and a UCC-1 Financing

Statements (the "**Dental Excellence Security Documents**").

B.   As security for the $539,000 Loan, the Sureties each signed Commercial

Guaranty agreements (the "**Surety Agreements**") pursuant to which the Sureties agreed to

become unconditional and unlimited sureties for all amounts Dental Excellence owes to Lender.

C.   Lender made a second loan directly to Sureties for $194,460 (the "**$194,460**

**Loan**") as documented by a promissory note dated November 11, 2002 (the "**$194,460 Note**").

D.   The $539,000 Loan and the $194,460 Note are secured by mortgages on Sureties'

property located at 821 Firethorn Circle, Dresher, PA 19025 (the "**Mortgages**" and the

"**Mortgaged Property**").

E.   Lender also extended a $25,000 line of credit to Sureties (the "**Line of Credit**")

as documented by a Personal Credit Line Agreement and Disclosure Statement dated September

6, 2002 (the "**Line Agreement**").

commerce_dental setlag

F.    The $539,000 Note, the Dental Excellence Security Documents, the Surety Agreements, the Line Agreement, the $194,460 Note, the Mortgages and other documents and agreements related to the $539,000 Loan, the Line of Credit and the $194,460 Loan are sometimes referred to collectively as the "**Loan Documents**."

G.    Following a default under the $539,000 Note and Lender's acceleration of Dental Excellence's obligations, Lender entered judgment against Dental Excellence in the Court of Common Pleas of Montgomery County on January 8, 2007, to docket no. 07-01120 for $335,643.12 (the "**Judgment**").

**NOW, THEREFORE**, intending to be legally bound hereby, and in consideration of the mutual promises and covenants set forth in this Agreement, the receipt and sufficiency of which is hereby mutually acknowledged, the parties agree as follows:

### A G R E E M E N T S

### Section 1 - Recitals

1.1    The parties agree that the recitals set forth in the "Background" section of this Agreement are accurate and are incorporated in this Agreement.

### Section 2 - Confirmation of Existing Obligations

2.1    Obligors declare, ratify, confirm and acknowledge the validity of the Judgment as entered and expressly waive any defects therein.

2.2    Obligors ratify and confirm the terms and conditions of the Loan Documents (except as expressly modified by this Agreement).

2.3    Obligors acknowledge and confirm that the following amounts are due and owing to Lender in connection with the $539,000 Loan, as stated in the Judgment:

commerce_dental setlag

| Principal: | $ 293,094.26 |
| Interest to 1/9/07: | $ 10,429.40 |
| Late Fees | $ 1,758.10 |
| Attorney's fees: | $ 30,352.36 |
| | |
| TOTAL AS OF 1/9/07 | $ 335,634.12 |

*per diem = $85.49

2.4     Obligors acknowledge and confirm that the following amounts are due and owing to Lender in connection with the Line of Credit and the $194,460 Loan, not including legal fees permitted by the Loan Documents:

| | Line of Credit | $194,460 Loan |
|---|---|---|
| Principal | $ 20,455.80 | $ 168,820.05 |
| Interest to 1/25/07 | $ 663.23 | $ 8,734.75 |
| Late fees | $ 5.00 | $ 30.00 |
| Appraisal cost and insurance | N/A | $ 356.59 |

2.5     The amounts due to Lender in connection with the $539,000 Loan, the Line of Credit and the $194,460 Loan are referred to collectively as the "**Loan Obligations**").

2.6     Obligors confirm and acknowledge there are no claims, set-offs, defenses or challenges whatsoever to their obligations to Lender or to the enforcement of the Judgment, the Loan Obligations or the Loan Documents.

2.7     Obligors confirm and acknowledge that Lender has first liens on the Dental Excellence Business Assets.

### Section 3 - Payments to Lender

3.1     Obligors will pay to Lender, and Lender agrees to accept, FOUR HUNDRED SEVENTY THOUSAND DOLLARS ($470,000.00) as full and final settlement of all amounts Obligors owe to Lender in connection with the Loan, the Judgments or the Note, paid as follows:

commerce_dental setlag

(A)    the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) paid by Obligors to Lender by **MARCH 13, 2007**; and

(B)    the additional sum of THREE HUNDRED SEVENTY THOUSAND DOLLARS ($370,000.00) paid by Obligors to Lender by **APRIL 1, 2007.**

3.2    The payments required by Section 3.1(A) and (B) must be made by wire transfer and posted to Lender's account by no later than 3:00 p.m. on the dates specified.

## Section 4 - Limited and Conditional Agreement to Forbear

4.1    Provided that Obligors perform all of their obligations under this Agreement and that all conditions specified herein have been met, and all of the representations and warranties contained in the Loan Documents and in this Agreement are true, Lender conditionally agrees to forbear from executing on the Judgment or pursuing legal remedies in connection with the Line of Credit or the $194,460 Loan through 3:00 p.m. on APRIL 1, 2007. Lender's limited and conditional agreement to forbear from exercising its legal rights expires at 3:01 p.m. on APRIL 1, 2007.

4.2    If Obligors do not make the payments required by Section 3.1 in the manner this Agreement requires at or before 3:00 p.m. on APRIL 1, 2007, Lender's duty to forbear shall automatically terminate, without notice to or demand upon anyone.

## Section 5 - General Release of Lender

5.1    Upon execution of this Agreement, Dental Excellence, on its own behalf and on behalf of its affiliates, subsidiaries, parent company, principals, officers, directors, shareholders, agents, representatives, successors and assigns (collectively in this Section 5, the "**Dental Excellence Releasing Parties**"), hereby fully and finally releases and discharges Lender and its agents, servants, employees, representatives, officers, directors, assigns, sureties, guarantors, attorneys, shareholders, insurers, successors and assigns (collectively in this Section 5, the "**Lender Releasees**"), and each of them, from any and all rights, losses, damages, claims, actions or causes of action, whether in contract or tort, law or equity, whether known or unknown,

commerce_dental setlag

suspected or unsuspected, which the Dental Excellence Releasing Parties ever had, now have, or ever will have against the Lender Releases relating to any matter, event, transaction, act, omission, dispute, item, or issue arising or occurring prior to the date hereof, including but not limited to any and all claims in any way related to or connected with Dental Excellence, the Loan Obligations, the Dental Excellence Business Assets, the Judgment, the Loan Documents, the Mortgaged Property, the Line of Credit, the $194,460 Loan, or the $539,000 Loan.

5.2    Upon execution of this Agreement, the Sureties, on their own behalf and on behalf of their heirs, successors, and assigns, hereby fully and finally release and discharge the Lender Releasees, and each of them, from any and all rights, losses, damages, claims, actions or causes of action, whether in contract or tort, law or equity, whether known or unknown, suspected or unsuspected, which the Sureties ever had, now have, or ever will have against the Lender Releases relating to any matter, event, transaction, act, omission, dispute, item, or issue arising or occurring prior to the date hereof, including but not limited to any and all claims in any way related to or connected with Dental Excellence, the Loan Obligations, the Dental Excellence Business Assets, the Judgment, the Loan Documents, the Mortgaged Property, the Line of Credit, the $194,460 Loan, or the $539,000 Loan.

5.3    The releases set forth in the preceding Sections are intended to be the broadest and most comprehensive releases allowed by law and are intended to extinguish all possible claims, including but not limited to (A) claims arising under any statute or regulation, such as but not limited to the Fair Debt Collection Practices Act (and the Pennsylvania extension thereof), the Equal Credit Opportunity Act, the Fair Credit Reporting Act, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, (B) claims related to the initial extension of credit, the enforcement or attempted enforcement of Lender's rights, (C) claims related to any

refusal to extend credit or financing to Obligors, and (D) claims related to the negotiation or execution of this Agreement.

5.4    Nothing herein is intended to release Lender from any duties imposed by this Agreement or to limit Obligors' right to enforce this Agreement.

5.5    It is expressly agreed that all waivers and releases by Obligors, including the releases in this Section, shall (A) survive the termination of this Agreement and Lender's duty to forbear, and (B) remain in effect even if Obligors fail to make the payments to Lender this Agreement requires.

### Section 6 - Limited and Conditional Release of Obligors

6.1    Upon Obligors' timely payment of all amounts due to Lender under this Agreement in the manner Section 3 requires, Lender, on its own behalf and on behalf of its agents, servants, employees, representatives, officers, directors, assigns, sureties, guarantors, attorneys, shareholders, insurers, successors and assigns, and each of them (collectively in this Section 6, the "**Lender Releasors**"), hereby fully and finally releases and discharges Dental Excellence and its affiliates, subsidiaries, parent company, principals, officers, directors, shareholders, agents, representatives, successors and assigns, and the Sureties and their heirs, successors and assigns (collectively in this Section 6, the "**Obligor Releasees**") from any and all rights, losses, damages, claims, actions or causes of action, whether in contract or tort, law or equity, whether known or unknown, suspected or unsuspected, which the Lender Releasors ever had, now have, or ever will have against the Obligor Releasees in any way related to or connected with Dental Excellence, the Loan Obligations, the Dental Excellence Business Assets, the Judgment, the Loan Documents, the Mortgaged Property, the Line of Credit, the $194,460 Loan, or the $539,000 Loan.

commerce_dental setlag

6.2    The releases set forth in the preceding Section are intended to be the broadest and most comprehensive releases allowed by law and are intended to extinguish all possible claims, including but not limited to (A) claims arising under any statute or regulation, (B) claims related to the initial extension of credit, the enforcement or attempted enforcement of Lender's rights, (C) any refusal to extend credit or financing to Obligors, and (D) the negotiation or execution of this Agreement.

6.3    Nothing herein is intended to release Obligors from any duties imposed by this Agreement.

6.4    The releases in this Section 6 are conditional because they do not take effect unless and until Obligors have complied with the payment obligations in Section 3 of this Agreement.

### Section 7 - Disposition of the Loan Documents, the Collateral and the Judgment

7.1    Upon  Lender's timely receipt of the full $470,000 Obligors are to pay Lender under Section 3, the Notes will be deemed cancelled and all contracts or obligations between the parties arising under the Loan Documents and related transactions will cease and terminate.

7.2    Within 30 days of Lender's timely receipt of the entire $470,000 payment described in Section 3, Lender will (A) satisfy its mortgage on the Mortgaged Property, (B) terminate its lien on the Dental Excellence Business Assets, and (C) satisfy the Judgment, all at Lender's sole cost and expense.

7.3    Lender is under no obligation to take any of the actions specified in this Section, and the Notes will not be deemed cancelled, unless Obligors timely and completely comply with the payment obligations in Section 3 of this Agreement.  In the event Obligors make the first installment of $100,000 as per Section 3.1(A) but not the final payment of $370,000 as per

commerce_dental setlag

Section 3.1(B), Lender shall apply the monies received to the Loan Obligations and may proceed with it legal remedies.

### Section 8 - Lender's Representations

8.1     Lender represents that it has not assigned the Line of Credit, the $194,460 Note, the Judgment, or Lender's rights in any of the Collateral.

8.2     Lender represents that it has full authority to compromise and release the claims and causes of action released in this Agreement.

8.3     Lender is authorized to enter into this Agreement without consent from third parties, regulatory authorities or its board of directors.

### Section 9 - Lender's Representations

9.1     Obligors represents that it they have not assigned any of the claims released herein and that each of them has full authority to compromise and release the claims and causes of action released in this Agreement.

9.2     Dental Excellence is authorized to enter into this Agreement without consent from third parties, regulatory authorities or its board of directors.

### Section 10 - Acceptance

10.1     In order to obligate Lender to this Agreement, Obligors must do the following:

(A)     provide Lender with signed versions of this Agreement, with signatures notarized, by 3:00 p.m. on March 13, 2007; and

(B)     pay Lender the $100,000 required by Section 3.1(A) as required by Section 3;

### Section 11 - Notices

11.1     Any notice, demand or communication required or permitted to be given by any provision of this Agreement will be deemed to have been given when delivered personally to the party designated to receive such notices, or the day the same is sent by either overnight mail or

commerce_dental setlag

certified mail, postage and charges prepaid, directed to the following addresses or to such other

or additional addresses any party might designate by written notice to the other parties:

Obligors:    Dental Excellence of Blue Bell, PC
706 DeKalb Pike
Blue Bell, PA 19422

Kenneth B. Siegel
821 Firethorn Circle
Dresher, PA 19025

Cindy Siegel
821 Firethorn Circle
Dresher, PA 19025

With a copy to:

Jonathan S. Sack, Esquire
Sack & Sack
110 East 59th Street
New York, New York 10022

Lender :    Ms. Jennifer M. Gracia
Commerce Bank
One Royal Road
Flemington, NJ  08822

With a copy to:

Jack M. Seitz, Esq.
Lamm Rubenstone Lesavoy
 Butz & David LLC
One Windsor Drive
7535 Windsor Dr., Suite 200
Allentown, PA 18195

## **Section 12 - Miscellaneous**

12.1    The headings in this Agreement are provided strictly for the convenience of the

parties and shall not be deemed to alter, limit or add to the terms hereof.

12.2    This Agreement may be executed in counterpart, and that any copy hereof

consisting of numerous signature pages shall be deemed a full and valid copy of the Agreement.

12.3    Signatures transmitted by telefax are binding and acceptable.

commerce_dental setlag

12.4    No term or provision of this Agreement may be varied, changed, modified, waived, discharged or terminated orally, but only by an instrument in writing signed by the party against whom the enforcement of the variation, change, modification, waiver, discharge or termination is sought.

12.5    The failure by any party hereto to assert rights in the event of any breach of any provision of this Agreement shall not, in the absence of the requisite writing, constitute or operate as a waiver at such time or at any future time of such provision or of any other provision hereof.

12.6    This Agreement constitutes the entire and final agreement among the parties concerning the matters stated herein and there are no agreements, understandings, warranties or representations among the parties on said matters (except as set forth in writing in this Agreement or the Loan Documents, which remain in full force and effect as adjusted herein). All prior communications, negotiations, agreements and understandings concerning forbearance, extensions of maturity dates or related matters, whether oral or written are hereby merged into this Agreement.  The parties do not rely upon any promises, offers, statements, inducements or representations, oral or written, other than those expressed in this Agreement.

12.7    This Agreement concerns transactions in Pennsylvania and has been delivered in and shall be interpreted and governed in accordance with the laws of the Commonwealth of Pennsylvania.

12.8    This Agreement shall inure to the benefit of and shall be binding upon all parties hereto and upon their respective successors and assigns.

12.9    If any clause or provision of this Agreement is determined to be illegal, invalid or unenforceable under any present or future law by the final judgment of a court of competent jurisdiction, the remainder of this Agreement will not be affected thereby.  It is the intention of

commerce_dental setlag

the parties that if any such provision is held to be illegal, invalid or unenforceable, there will be added in lieu thereof of a provision as similar in terms to such provision as is possible and be legal, valid and enforceable.

### Section 13 - Advice of Counsel and Absence of Duress

13.1    OBLIGORS ACKNOWLEDGE THAT THEY HAVE CONSULTED WITH INDEPENDENT LEGAL COUNSEL OF THEIR OWN CHOOSING (OR FREELY WAIVE THEIR RIGHT TO CONSULT WITH COUNSEL WITHOUT PRESSURE FROM LENDER TO DO SO).

13.2    OBLIGORS VOLUNTARILY EXECUTE THIS AGREEMENT WITH FULL KNOWLEDGE OF ITS CONTENTS AND LEGAL EFFECTS, FREE OF ANY DURESS, COMPULSION OR COERCION OF ANY KIND.

### Section 14 - Jury Trial Waiver

14.1    LENDER AND OBLIGORS IRREVOCABLY WAIVE THEIR RIGHT TO TRIAL BY JURY IN ANY CONTROVERSY ARISING OUT OF OR RELATED TO THIS AGREEMENT, THE LOAN DOCUMENTS, THE NEGOTIATION OR ENFORCEMENT OF RIGHTS CONNECTED WITH THE LOAN DOCUMENTS, OR ANY OTHER FACET OR RESULT OF THE RELATIONSHIP BETWEEN THEM.


COMMERCE BANK                                ATTEST

By: _____                 _____
Jennifer M. Gracia, V.P.

DENTAL EXCELLENCE OF BLUE BELL, PC           ATTEST

By: _____                 _____

commerce_dental setlag

KENNETH B. SIEGEL

WITNESS

_____
Kenneth B. Siegel

_____

CINDY SIEGEL

WITNESS

_____
Cindy Siegel

_____

commerce_dental setlag

**EXHIBIT A.49**

# SACK & SACK

ATTORNEYS-AT-LAW
110 EAST 59TH STREET, 19TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: (212) 702-9000 • FAX: (212) 702-9702

**Jonathan Sack**
ext.:    207
e-mail:  JSack@SackandSack.com

March 20, 2007

Jack M. Seitz, Esq.
Lamm Rubenstone Lesavoy Butz & David LLC
One Windsor Plaza
7535 Windsor Drive, Suite 200
Allentown, PA 18195

Re:    **Commerce Bank v. Dental Excellence of Blue Bell, PC**

Dear Mr. Seitz:

Enclosed please find the check for $100,000.00 made out to Commerce Bank.

Very truly yours,

Jonathan Sack

JSS/srr
Enclosure

---

JONATHAN S. SACK, ESQ.
ATTORNEY ACCOUNT
110 E. 59TH STREET, 19TH FLOOR
NEW YORK, NY 10022-1304

1-8 **944**
210
94174617

**2386**

PAY TO THE
ORDER OF _Commerce Bank_    DATE _3/19/07_

_One Hundred Thousand Dollars Exactly_    $ _100,000—_

**citibank**   Partial Settlement on 470,000—    DOLLARS
CITIBANK, N.A. BR #944     370,000 Due 5/1/07
666 FIFTH AVENUE, 6TH FLOOR
NEW YORK, NY 10103    The Citigroup Private Bank

MEMO _Dental Excellence of Blue Bell PA_

⑆021000089⑆ 94174617⑈ 2386

**EXHIBIT A.50**

LAW OFFICES

# LAMM RUBENSTONE
# LESAVOY BUTZ & DAVID LLC

BUCKS COUNTY OFFICE
SUITE 200
3600 HORIZON BOULEVARD
TREVOSE, PA 19053
(215) 638-9330
(215) 638-2867 FAX

7535 WINDSOR DRIVE
SUITE 200
ALLENTOWN, PA 18195
(610) 706-4300
FAX: (610) 706-4343
www.lammrubenstone.com

NEW JERSEY OFFICE
COMMERCE CENTER
SUITE 100
1800 WEST CHAPEL AVENUE
CHERRY HILL, NJ 08002
(856) 488-8006
FAX: (856) 488-5690

Jack M. Seitz, Esq.
Email: jseitz@lammrubenstone.com

March 23, 2007

Jonathan S. Sack, Esq.
Sack & Sack
110 East 59th St., 19th Floor
New York, NY  10022

Re:    Commerce Bank, N.A. v. Dental Excellence of Blue Bell, PC
       Case No. 07-01120 (Montgomery County, PA)

Dear Jonathan:

Thank you for sending the $100,000 check for Commerce Bank.  I now enclose two originals of the signed Settlement Agreement.

As per my e-mail this morning, the phrase "$370,000 Due 5/1/07" is written on the face of the $100,000 check.  I refer you to Section 3.1(B) of the Agreement, which says the remaining $370,000 is due on April 1, not May 1.

Very truly yours,

Jack/srb

Jack M. Seitz

JMS/srb
Enclosure

cc (w/o enc.):  Jennifer M. Gracia, A.V.P.

**EXHIBIT A.51**

# SACK & SACK

ATTORNEYS-AT-LAW
110 EAST 59TH STREET, 19TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: (212) 702-9000 • FAX: (212) 702-9702

**Jonathan Sack**
ext.:    207
e-mail:  JSack@SackandSack.com

April 5, 2007

**VIA MAIL AND FAX TO:** (610) 706-4343

Jack M. Seitz, Esq.
Law Offices of Lamm Rubenstone Lesavoy Butz & David LLC
7535 Windsor Drive
Suite 200
Allentown, PA 18195

Re:    **Commerce Bank, N.A. v. Dental Excellence of Blue Bell, PC**
       **Case No. 07-01120 (Montgomery County, PA)**

Dear Jack:

Herewith please find the second and final payment and settlement installment due in the referenced matter. Once this escrow check of $370,000.00 clears, please provide me with all the appropriate satisfactions and paperwork necessary to complete this settlement and transaction. On behalf of my client allow me to thank you for your courtesies and cooperation during this long and arduous negotiation.

Very truly yours,

JSS/srr

**EXHIBIT A.52**



JONATHAN S. SACK, ESQ.
ATTORNEY ACCOUNT
110 E. 59TH STREET, 19TH FLOOR
NEW YORK, NY 10022-1304

1-944
210
9474617

2399

DATE  4/5/07

PAY TO THE
ORDER OF   Commerce Bank                $ 370,000 —

Three Hundred Seventy Thousand Exactly —                    DOLLARS

citibank®
CITIBANK, N.A. BR #944
666 FIFTH AVENUE
NEW YORK, NY 10103
The Citigroup Private Bank

MEMO  Denial Proceeds of the Sale
       Full + Final Settlement

D. Kinsrgel

⑈021000089⑈ 9474617⑈ 2399

**EXHIBIT A.53**

Getzville, New York 14068
(716) 250-4800 (O)
(716) 250-4890 (F)

716 250-5011
P 001/002 F-696



Redline Recovery
The Driving Force
212-702-9702

# Fax

**To:** J. Sack

**From:** Redline Recovery /Steve Vermeulen

**Fax:** 212-702-9702

**Pages:** (Includes Cover Sheet)

**Phone:**

**Date:** 5/2/07

**Re:** Kenneth Siegel / Citi Mastercard

**CC:**

☑ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

● **Comments:**

Please Contact us @
888-475-9131
Ext. 4767

Thank you sir,

## CONFIDENTIALITY NOTICE

The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee listed above. If you are neither the intended recipient nor the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in the reliance on the contents of this telecopied information is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of this facsimile document to us at the address above.

**Redline Recovery Services, LLC**
2350 N. Forest, Suite 31B
Getzville, NY 14068
1-716-250-4800

05/02/2007

Kenneth Siegel
706 Dekalb Pike
Blue Bell PA 19422-1214

Client Name: CITI
Balance: $49,214.95
Account Number: 5491375011119154
Debtor ID: 2262110

Dear Kenneth Siegel

Your account has been placed with our office for collections. Our agency is authorized to settle your account for a reduced balance of $34,214.95.

You can settle this matter by calling us and paying by phone or sending your check or money order along with payment coupon on the attached sheet. In the event that you are unable to make this settlement payment within the acceptance period indicated, please call our office to discuss your account. It is possible to extend the acceptance period under certain circumstances.

Balance: $49,214.95
Settlement Amount: $34,214.95
Acceptance Period Expiration: May 14, 2007

Upon receipt and clearance of the settlement amount, there will remain no further outstanding obligations pertaining to the account. We take pride in assisting our customers to resolve their situations. If you have any questions or wish to discuss your account with one of our representatives, please call our toll free number at 1-888-475-9131 Ext.4767 during normal business hours. Monday - Thursday 8:00 AM - 9:00 PM EST; Friday 8:00 AM - 4:30 PM EST; and Saturday 9:00 AM - 12:00 PM EST.

Please send your payment or correspondence to the processing center listed below:

Payment Processing Center
1145 Sanctuary Parkway, Suite 350
Alpharetta, GA 30004

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Respectfully,

Steven J. Vermeulen
Collection Manager

**EXHIBIT A.54**

LAW OFFICES

# LAMM RUBENSTONE
# LESAVOY BUTZ & DAVID LLC

7535 WINDSOR DRIVE
SUITE 200
ALLENTOWN, PA  18195
(610) 706-4300
FAX: (610) 706-4343
www.lammrubenstone.com

Jack M. Seitz, Esq.
Email: jseitz@lammrubenstone.com

BUCKS COUNTY OFFICE
SUITE 200
3600 HORIZON BOULEVARD
TREVOSE, PA 19053
(215) 638-9330
(215) 638-2867 FAX

NEW JERSEY OFFICE
COMMERCE CENTER
SUITE 100
1800 WEST CHAPEL AVENUE
CHERRY HILL, NJ  08002
(856) 488-8006
FAX: (856) 488-5690

May 7, 2007

Jonathan S. Sack, Esq.
Sack & Sack
110 East 59th St., 19th Floor
New York, NY  10022

    Re:    Commerce Bank, N.A. v. Dental Excellence of Blue Bell, PC
           Case No. 07-01120 (Montgomery County, PA)

Dear Jonathan:

    I enclose copies of the three satisfaction pieces we recorded in Montgomery County.

    Very truly yours,

Jack M. Seitz

JMS/srb
Enclosure

cc (w/enc.):    Jennifer M. Gracia, A.V.P.

**RECORDER OF DEEDS**
**MONTGOMERY COUNTY**
*Nancy J. Becker*



One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

SAT BK 1178 PG 00716 to 00718
INSTRUMENT # : 2007049734
RECORDED DATE: 04/23/2007 02:13:44 PM



0107101-0008B

**MONTGOMERY COUNTY ROD**

**OFFICIAL RECORDING COVER PAGE** Page 1 of 3

| | | | |
|---|---|---|---|
| Document Type: | Satisfaction of Mortgage | Transaction #: | 76079 - 3 Doc(s) |
| Document Date: | 04/17/2007 | Document Page Count: | 2 |
| Reference Info: | | Operator Id: | mbiddy |
| RETURN TO: (Mail) | | SUBMITTED BY: | |
| lamm rubenstone | | lamm rubenstone | |

**\* PROPERTY DATA:**
Parcel ID #:        54-00-06228-68-4
Address:            821 FIRETHORN CIR

                    PA
                    19025
Municipality:
School District:

**\* ASSOCIATED DOCUMENT(S):**
MTG BK 9899 PG 00827

| FEES / TAXES: | | SAT BK 1178 PG 00716 to 00718 |
|---|---|---|
| Recording Fee:SAT | $35.50 | Recorded Date: 04/23/2007 02:13:44 PM |
| Total: | $35.50 | |

I hereby CERTIFY that
this document is
recorded in the
Recorder of Deeds
Office in Montgomery
County, Pennsylvania.

Nancy J. Becker
Recorder of Deeds

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
54-00-06228-68-4   UPPER DUBLIN
821 FIRETHORN CIR
SIEGEL KENNETH & CINDY                          $5.00
B 012B  U 043  L 172  1101  DATE 04/23/2007        AN

Prepared By:    Jack M. Seitz, Esquire
Return To:      Lamm Rubenstone Lesavoy Butz & David LLC
                7535 Windsor Drive, Suite 200
                Allentown, PA 18195
                610-706-4300

        Tax Parcel No.:      54-00-06228-68-4

---

## MORTGAGE SATISFACTION PIECE

Made this *17th* day of *April*, 2007

MORTGAGOR:                      Kenneth Siegel and Cindy Siegel

ORIGINAL MORTGAGEE:             Commerce Bank/Pennsylvania, N.A.

CURRENT MORTGAGEE:              Commerce Bank, N.A., successor-in-interest by
                                merger to Commerce Bank/Pennsylvania, N.A.

DATE OF MORTGAGE:               November 1, 2002

ORIGINAL MORTGAGE DEBT:         $194,460.00

MORTGAGE RECORDED:              November 12, 2002, in Mortgage Book 9899, Page 827

DESCRIPTION OF MORTGAGE PREMISES:

    821 Firethorne Circle, Dresher, Montgomery County, Pennsylvania described in a
    Mortgage recorded on November 12, 2002, in Mortgage Book 9899, Page 827.

    The undersigned hereby certifies that Commerce Bank/Pennsylvania, N.A. merged into
Commerce Bank, N.A. on or about July 29, 2005.

Page 1 of 2

361759-1

The undersigned hereby certifies that the debt secured by the above-mentioned Mortgage has been fully paid or otherwise discharged and that upon that the recording hereof said Mortgage shall be and is hereby fully and forever satisfied and discharged

The undersigned hereby authorizes and empowers the recorder of said county to enter this satisfaction piece and to cause said mortgage to be satisfied of record.

Witness the due execution hereof with the intent to be legally bound.

On the 17th day of _April_, 2007.

Witness Present

_____

_____ (seal)
Jennifer Gracia, Assistant Vice President
Commerce Bank, N.A., successor-in-interest
by merger to Commerce Bank/Pennsylvania, N.A.

STATE OF PENNSYLVANIA                    ss:
COUNTY OF

ON THIS, the 17 day of _April_, 2007, before, a notary public, the undersigned officer, personally appeared Jennifer Gracia, Assistant Vice President, Commerce Bank, N.A., successor-in-interest by merger to Commerce Bank/Pennsylvania, N.A., who acknowledged herself to be authorized to execute the foregoing Mortgage Satisfaction Piece and who executed the foregoing instrument for purposes therein contained.

WITNESS my hand and notarial seal

_____

My commission expires:    MARY E. AZAM
                          NOTARY PUBLIC OF NEW JERSEY
                          MY COMMISSION EXPIRES NOV. 18, 2008

Sworn to and subscribed before me
this 17 day of Apr 2007

Page 2 of 2

361759-1

| | |
|---|---|
| **RECORDER OF DEEDS**<br>**MONTGOMERY COUNTY**<br>*Nancy J. Becker* <br><br>One Montgomery Plaza<br>Swede and Airy Streets ~ Suite 303<br>P.O. Box 311 ~ Norristown, PA 19404<br>Office: (610) 278-3289 ~ Fax: (610) 278-3869 | SAT BK 1178 PG 00719 to 00721<br>INSTRUMENT # : 2007049735<br>RECORDED DATE: 04/23/2007 02:13:45 PM<br><br>0107113-0007D<br><br><br>**MONTGOMERY COUNTY ROD** |

**OFFICIAL RECORDING COVER PAGE**                                         Page 1 of 3

| | | |
|---|---|---|
| **Document Type:** Satisfaction of Mortgage<br>**Document Date:** 04/17/2007<br>**Reference Info:** | **Transaction #:** | 76079 - 3 Doc(s) |
| | **Document Page Count:** | 2 |
| | **Operator Id:** | mbiddy |
| **RETURN TO:** (Mail)<br>lamm rubenstone | **SUBMITTED BY:**<br>lamm rubenstone | |

| * PROPERTY DATA: | |
|---|---|
| Parcel ID #: | 54-00-06228-68-4 |
| Address: | 821 FIRETHORN CIR |
| | PA |
| | 19025 |
| Municipality: | |
| School District: | |

| * ASSOCIATED DOCUMENT(S): |
|---|
| MTG BK 9899 PG 00833 |

| FEES / TAXES: | | SAT BK 1178 PG 00719 to 00721 |
|---|---|---|
| Recording Fee:SAT | $35.50 | Recorded Date: 04/23/2007 02:13:45 PM |
| **Total:** | $35.50 | |

I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office in Montgomery County, Pennsylvania.

Nancy J. Becker
Recorder of Deeds

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

**NOTE:** If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
54-00-06228-68-4    UPPER DUBLIN
821 FIRETHORN CIR
SIEGEL KENNETH & CINDY
B 012B U 043 L 172 1101 DATE: 04/23/2007          $5.00
                                                   AN

Prepared By:    Jack M. Seitz, Esquire
Return To:      Lamm Rubenstone Lesavoy Butz & David LLC
                7535 Windsor Drive, Suite 200
                Allentown, PA 18195
                610-706-4300

            Tax Parcel No.:      54-00-06228-68-4

## MORTGAGE SATISFACTION PIECE

Made this _17th_ day of _April_, 2007

MORTGAGOR:                      Kenneth Siegel and Cindy Siegel

ORIGINAL MORTGAGEE:             Commerce Bank/Pennsylvania, N.A.

CURRENT MORTGAGEE:              Commerce Bank, successor-in-interest by
                                merger to Commerce Bank/Pennsylvania, N.A.

DATE OF MORTGAGE:               November 1, 2002

ORIGINAL MORTGAGE DEBT:         $539,000.00

MORTGAGE RECORDED:              November 12, 2002, in Mortgage Book 9899, Page 833

DESCRIPTION OF MORTGAGE PREMISES:

   821 Firethorne Circle, Dresher, Montgomery County, Pennsylvania described in a
Mortgage recorded on November 12, 2002, in Mortgage Book 9899, Page 833.

   The undersigned hereby certifies that Commerce Bank/Pennsylvania, N.A. merged into
Commerce Bank, N.A. on or about July 29, 2005.

Page 1 of 2

The undersigned hereby certifies that the debt secured by the above-mentioned Mortgage has been fully paid or otherwise discharged and that upon that the recording hereof said Mortgage shall be and is hereby fully and forever satisfied and discharged.

The undersigned hereby authorizes and empowers the recorder of said county to enter this satisfaction piece and to cause said mortgage to be satisfied of record.

Witness the due execution hereof with the intent to be legally bound.

On the _17th_ day of _April_ , 2007.

Witness Present

_____

_____ (seal)
Jennifer Gracia, Assistant Vice President
Commerce Bank, N.A., successor-in-interest
by merger to Commerce Bank/Pennsylvania, N.A.


STATE OF PENNSYLVANIA               ss:
COUNTY OF

ON THIS, the _17_ day of _April_ , 2007, before, a notary public, the undersigned officer, personally appeared Jennifer Gracia, Assistant Vice President, Commerce Bank, N.A., successor-in-interest by merger to Commerce Bank/Pennsylvania, N.A., who acknowledged herself to be authorized to execute the foregoing Mortgage Satisfaction Piece and who executed the foregoing instrument for purposes therein contained.


WITNESS my hand and notarial seal

_____
Sworn to and subscribed before me
this _17_ day of _Apr_ 2007
My commission expires:

MARY E. AZAM
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES NOV. 18, 2008

Page 2 of 2

RECORDER OF DEEDS
MONTGOMERY COUNTY
*Nancy J. Becker*



One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

SAT BK 1178 PG 00722 to 00724
INSTRUMENT # : 2007049736
RECORDED DATE: 04/23/2007 02:13:46 PM



0107118-0007I

MONTGOMERY COUNTY ROD

OFFICIAL RECORDING COVER PAGE

Page 1 of 3

| Document Type: | Satisfaction of Mortgage | Transaction #: | 76079 - 3 Doc(s) |
|---|---|---|---|
| Document Date: | 04/17/2007 | Document Page Count: | 2 |
| Reference Info: | | Operator Id: | mbiddy |
| RETURN TO: (Mail) | | SUBMITTED BY: | |
| lamm rubenstone | | lamm rubenstone | |

**\* PROPERTY DATA:**

| Parcel ID #: | 54-00-06228-68-4 |
|---|---|
| Address: | 821 FIRETHORN CIR |
| | PA |
| | 19025 |
| Municipality: | |
| School District: | |

**\* ASSOCIATED DOCUMENT(S):**
MTG BK 9995 PG 01329

| FEES / TAXES: | | SAT BK 1178 PG 00722 to 00724 |
|---|---|---|
| Recording Fee:SAT | $35.50 | Recorded Date: 04/23/2007 02:13:46 PM |
| **Total:** | $35.50 | |

I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office in Montgomery County, Pennsylvania.

Nancy J. Becker
Recorder of Deeds

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
54-00-06228-68-4   UPPER DUBLIN
821 FIRETHORN CIR
SIEGEL KENNETH & CINDY
B 012B  U 043  L 172  1101  DATE: 04/23/2007

$5.00
AN

Prepared By:   Jack M. Seitz, Esquire
Return To:     Lamm Rubenstone Lesavoy Butz & David LLC
               7535 Windsor Drive, Suite 200
               Allentown, PA 18195
               610-706-4300

       Tax Parcel No.:      54-00-06228-68-4

## MORTGAGE SATISFACTION PIECE

Made this *17th* day of *April*, 2007

MORTGAGOR:                  Kenneth Siegel and Cindy Siegel

ORIGINAL MORTGAGEE:         Commerce Bank/Pennsylvania, N.A.

CURRENT MORTGAGEE:          Commerce Bank, successor-in-interest by
                            merger to Commerce Bank/Pennsylvania, N.A.

DATE OF MORTGAGE:           November 1, 2002

ORIGINAL MORTGAGE DEBT:     $539,000.00

MORTGAGE RECORDED:          December 19, 2002, in Mortgage Book 9995, Page 1329

DESCRIPTION OF MORTGAGE PREMISES:

       821 Firethorne Circle, Dresher, Montgomery County, Pennsylvania described in a
Mortgage recorded on December 19, 2002, in Mortgage Book 9995, Page 1329.

       The undersigned hereby certifies that Commerce Bank/Pennsylvania, N.A. merged into
Commerce Bank, N.A. on or about July 29, 2005.

Page 1 of 2

The undersigned hereby certifies that the debt secured by the above-mentioned Mortgage has been fully paid or otherwise discharged and that upon that the recording hereof said Mortgage shall be and is hereby fully and forever satisfied and discharged.

The undersigned hereby authorizes and empowers the recorder of said county to enter this satisfaction piece and to cause said mortgage to be satisfied of record.

Witness the due execution hereof with the intent to be legally bound.

On the 17th day of April , 2007.

Witness Present

_____

_____ (seal)
Jennifer Gracia, Assistant Vice President
Commerce Bank

STATE OF PENNSYLVANIA                ss:
COUNTY OF

ON THIS, the 17 day of April , 2007, before, a notary public, the undersigned officer, personally appeared Jennifer Gracia, Assistant Vice President, Commerce Bank, N.A., successor-in-interest by merger to Commerce Bank/Pennsylvania, N.A., who acknowledged herself to be authorized to execute the foregoing Mortgage Satisfaction Piece and who executed the foregoing instrument for purposes therein contained.

WITNESS my hand and notarial seal

_____

My commission expires:

Sworn to and subscribed before me
this ____ day of ____ 20 07

MARY E. AZAM
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES NOV. 18, 2008

Page 2 of 2

361767_1

**IN THE COURT OF COMMON PLEAS**
**OF MONTGOMERY COUNTY, PENNSYLVANIA**

COMMERCE BANK, N.A., )
successor in interest by merger to )
COMMERCE BANK/PENNSYLVANIA, N.A., )
)
               **Plaintiff** )    **Case No. 07-01120**
)
     **vs.** )
)    **Confession of Judgment**
DENTAL EXCELLENCE OF )
BLUE BELL, PC )
)
          **Defendant** )

## PRAECIPE AND POWER OF ATTORNEY FOR SATISFACTION AND/OR TERMINATION

TO THE PROTHONOTARY:

You are hereby authorized, empowered, and directed to enter, as indicated, the following on the records thereof:

_____ The within suit is Settled, Discontinued, Ended and costs paid.

_____ The within suit is Settled, Discontinued, Ended **WITH** Prejudice and costs paid.

_____ The within suit is Settled, Discontinued, Ended **WITHOUT** Prejudice and costs paid.

_____ Satisfaction of the Award in the within suit is acknowledged.

__X__ Satisfaction of Judgment, with interest and costs, in the within matter is acknowledged.

DATE: _____        _____
WITNESS (if signer if other than     Signature of Authorizing party
a registered attorney):

_____     JACK M. SEITZ, ESQUIRE
Attorney or Notary             Type or print name of above signer

## COST PAYMENT VERIFICATION

I UNDERSTAND THAT THE ABOVE ACTION CANNOT BE FILED AND DOCKETED UNTIL ALL COSTS HAVE BEEN PAID, INCLUDING SHERIFF'S COSTS; AND HEREBY VERIFY THAT ALL COSTS HAVE BEEN PAID. I UNDERSTAND THAT FALSE STATEMENTS HEREIN ARE MADE SUBJECT TO THE PENALTIES OF 18 PA.C.S. SEC. 4904 RELATING TO UNSWORN FALSIFICATION TO AUTHORITIES.

_____
Signature

361482_1

RECORDER OF DEEDS
MONTGOMERY COUNTY
*Nancy J. Becker*



One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

**SAT BK 1178 PG 00722 to 00724**
INSTRUMENT # : 2007049736
RECORDED DATE: 04/23/2007 02:13:46 PM



0107118-0007I

**MONTGOMERY COUNTY ROD**

**OFFICIAL RECORDING COVER PAGE**                     Page 1 of 3

| | | | |
|---|---|---|---|
| Document Type: Satisfaction of Mortgage | | Transaction #: | 76079 - 3 Doc(s) |
| Document Date: 04/17/2007 | | Document Page Count: | 2 |
| Reference Info: | | Operator Id: | mbiddy |
| **RETURN TO:** (Mail) | | **SUBMITTED BY:** | |
| lamm rubenstone | | lamm rubenstone | |

**\* PROPERTY DATA:**
Parcel ID #:        54-00-06228-68-4
Address:        821 FIRETHORN CIR

        PA
        19025
Municipality:
School District:

**\* ASSOCIATED DOCUMENT(S):**
MTG BK 9995 PG 01329

| FEES / TAXES: | | SAT BK 1178 PG 00722 to 00724 |
|---|---|---|
| Recording Fee:SAT | $35.50 | Recorded Date: 04/23/2007 02:13:46 PM |
| **Total:** | $35.50 | |

I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office in Montgomery County, Pennsylvania.



Nancy J. Becker
Recorder of Deeds

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

**NOTE: If document data differs from cover sheet, document data always supersedes.**
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

2
3 M

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
54-00-06228-68-4   UPPER DUBLIN
821 FIRETHORN CIR
SIEGEL KENNETH & CINDY
B 012B  U 043  L 172  1101  DATE: 04/23/2007          $5.00
                                                        AN

Prepared By:   Jack M. Seitz, Esquire
Return To:     Lamm Rubenstone Lesavoy Butz & David LLC
               7535 Windsor Drive, Suite 200
               Allentown, PA 18195
               610-706-4300

        Tax Parcel No.:        54-00-06228-68-4

## MORTGAGE SATISFACTION PIECE

Made this _17th_ day of _April_, 2007

MORTGAGOR:                    Kenneth Siegel and Cindy Siegel

ORIGINAL MORTGAGEE:           Commerce Bank/Pennsylvania, N.A.

CURRENT MORTGAGEE:            Commerce Bank, successor-in-interest by
                              merger to Commerce Bank/Pennsylvania, N.A.

DATE OF MORTGAGE:             November 1, 2002

ORIGINAL MORTGAGE DEBT:       $539,000.00

MORTGAGE RECORDED:            December 19, 2002, in Mortgage Book 9995, Page 1329

DESCRIPTION OF MORTGAGE PREMISES:

        821 Firethorne Circle, Dresher, Montgomery County, Pennsylvania described in a
Mortgage recorded on December 19, 2002, in Mortgage Book 9995, Page 1329.

        The undersigned hereby certifies that Commerce Bank/Pennsylvania, N.A. merged into
Commerce Bank, N.A. on or about July 29, 2005.

361767_1

3

The undersigned hereby certifies that the debt secured by the above-mentioned Mortgage has been fully paid or otherwise discharged and that upon that the recording hereof said Mortgage shall be and is hereby fully and forever satisfied and discharged.

The undersigned hereby authorizes and empowers the recorder of said county to enter this satisfaction piece and to cause said mortgage to be satisfied of record.

Witness the due execution hereof with the intent to be legally bound.

On the _17th_ day of _April_ , 2007.

Witness Present

_____                    _Jennifer Gracia_ (seal)
                                            Jennifer Gracia, Assistant Vice President
                                            Commerce Bank

STATE OF PENNSYLVANIA                    ss:
COUNTY OF

ON THIS, the _17_ day of _April_ , 2007, before, a notary public, the undersigned officer, personally appeared Jennifer Gracia, Assistant Vice President, Commerce Bank, N.A., successor-in-interest by merger to Commerce Bank/Pennsylvania, N.A., who acknowledged herself to be authorized to execute the foregoing Mortgage Satisfaction Piece and who executed the foregoing instrument for purposes therein contained.

WITNESS my hand and notarial seal

_Mary E. Azam_

My commission expires:

Sworn to and subscribed before me
this_17_day of_Apr_ 20_07

MARY E. AZAM
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES NOV. 18, 2008

Page 2 of 2

361767_1



**SAT BK 1178 PG 00719 to 00721**
INSTRUMENT # : 2007049735
RECORDED DATE: 04/23/2007 02:13:45 PM

0107113-0007D

**RECORDER OF DEEDS**
MONTGOMERY COUNTY
*Nancy J. Becker*



One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

**MONTGOMERY COUNTY ROD**

**OFFICIAL RECORDING COVER PAGE**                    Page 1 of 3

| | | | |
|---|---|---|---|
| **Document Type:** Satisfaction of Mortgage | | **Transaction #:** | 76079 - 3 Doc(s) |
| **Document Date:** 04/17/2007 | | **Document Page Count:** | 2 |
| **Reference Info:** | | **Operator Id:** | mbiddy |
| **RETURN TO:** (Mail) lamm rubenstone | | **SUBMITTED BY:** lamm rubenstone | |

**\* PROPERTY DATA:**

Parcel ID #:        54-00-06228-68-4
Address:           821 FIRETHORN CIR

                   PA
                   19025
Municipality:
School District:

**\* ASSOCIATED DOCUMENT(S):**
MTG BK 9899 PG 00833

| **FEES / TAXES:** | | SAT BK 1178 PG 00719 to 00721 |
|---|---|---|
| Recording Fee:SAT | $35.50 | Recorded Date: 04/23/2007 02:13:45 PM |
| **Total:** | $35.50 | |

I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office in Montgomery County, Pennsylvania.



Nancy J. Becker
Recorder of Deeds

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

**NOTE: If document data differs from cover sheet, document data always supersedes.**
**\*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.**

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
54-00-06228-68-4    UPPER DUBLIN
821 FIRETHORN CIR
SIEGEL KENNETH & CINDY
B 012B  U 043  L 172  1101  DATE: 04/23/2007          $5.00
                                                        AN

Prepared By:    Jack M. Seitz, Esquire
Return To:      Lamm Rubenstone Lesavoy Butz & David LLC
                7535 Windsor Drive, Suite 200
                Allentown, PA 18195
                610-706-4300

        Tax Parcel No.:     54-00-06228-68-4

## MORTGAGE SATISFACTION PIECE

    Made this 17th day of *April*, 2007

MORTGAGOR:                      Kenneth Siegel and Cindy Siegel

ORIGINAL MORTGAGEE:             Commerce Bank/Pennsylvania, N.A.

CURRENT MORTGAGEE:              Commerce Bank, successor-in-interest by
                                merger to Commerce Bank/Pennsylvania, N.A.

DATE OF MORTGAGE:               November 1, 2002

ORIGINAL MORTGAGE DEBT:         $539,000.00

MORTGAGE RECORDED:              November 12, 2002, in Mortgage Book 9899, Page 833

DESCRIPTION OF MORTGAGE PREMISES:

    821 Firethorne Circle, Dresher, Montgomery County, Pennsylvania described in a
Mortgage recorded on November 12, 2002, in Mortgage Book 9899, Page 833.

    The undersigned hereby certifies that Commerce Bank/Pennsylvania, N.A. merged into
Commerce Bank, N.A. on or about July 29, 2005.

Page 1 of 2

361766_1

The undersigned hereby certifies that the debt secured by the above-mentioned Mortgage has been fully paid or otherwise discharged and that upon that the recording hereof said Mortgage shall be and is hereby fully and forever satisfied and discharged.

The undersigned hereby authorizes and empowers the recorder of said county to enter this satisfaction piece and to cause said mortgage to be satisfied of record.

Witness the due execution hereof with the intent to be legally bound.

On the _17th_ day of _April_, 2007.

Witness Present

_____

_____ (seal)
Jennifer Gracia, Assistant Vice President
Commerce Bank, N.A., successor-in-interest
by merger to Commerce Bank/Pennsylvania, N.A.

STATE OF PENNSYLVANIA             ss:
COUNTY OF

ON THIS, the _17_ day of _April_____, 2007, before, a notary public, the undersigned officer, personally appeared Jennifer Gracia, Assistant Vice President, Commerce Bank, N.A., successor-in-interest by merger to Commerce Bank/Pennsylvania, N.A., who acknowledged herself to be authorized to execute the foregoing Mortgage Satisfaction Piece and who executed the foregoing instrument for purposes therein contained.

WITNESS my hand and notarial seal

_____
Sworn to and subscribed before me
this _17_ day of _Apr_ 20_07_
My commission expires:

MARY E. AZAM
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES NOV. 18, 2008

Page 2 of 2

**RECORDER OF DEEDS**
MONTGOMERY COUNTY
*Nancy J. Becker*



One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

**SAT BK 1178 PG 00716 to 00718**
**INSTRUMENT # :** 2007049734
**RECORDED DATE:** 04/23/2007 02:13:44 PM



0107101-0006B

**MONTGOMERY COUNTY ROD**

| OFFICIAL RECORDING COVER PAGE | Page 1 of 3 |
|---|---|

| | | | |
|---|---|---|---|
| **Document Type:** | Satisfaction of Mortgage | **Transaction #:** | 76079 - 3 Doc(s) |
| **Document Date:** | 04/17/2007 | **Document Page Count:** | 2 |
| **Reference Info:** | | **Operator Id:** | mbiddy |
| **RETURN TO:** (Mail) | | **SUBMITTED BY:** | |
| lamm rubenstone | | lamm rubenstone | |

**\* PROPERTY DATA:**
Parcel ID #:        54-00-06228-68-4
Address:            821 FIRETHORN CIR

                    PA
                    19025
Municipality:
School District:

**\* ASSOCIATED DOCUMENT(S):**
MTG BK 9899 PG 00827

| **FEES / TAXES:** | | SAT BK 1178 PG 00716 to 00718 |
|---|---|---|
| Recording Fee:SAT | $35.50 | Recorded Date: 04/23/2007 02:13:44 PM |
| **Total:** | $35.50 | |

I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office in Montgomery County, Pennsylvania.

Nancy J. Becker
**Recorder of Deeds**

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

**NOTE: If document data differs from cover sheet, document data always supersedes.**
**\*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.**

2

3

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
54-00-06228-68-4   UPPER DUBLIN
821 FIRETHORN CIR
SIEGEL KENNETH & CINDY                         $5.00
B 012B  U 043  L 172  1101  DATE: 04/23/2007      AN

Prepared By:  Jack M. Seitz, Esquire
Return To:    Lamm Rubenstone Lesavoy Butz & David LLC
              7535 Windsor Drive, Suite 200
              Allentown, PA 18195
              610-706-4300

Tax Parcel No.:     54-00-06228-68-4

## MORTGAGE SATISFACTION PIECE

Made this *17th* day of *April*, 2007

MORTGAGOR:              Kenneth Siegel and Cindy Siegel

ORIGINAL MORTGAGEE:     Commerce Bank/Pennsylvania, N.A.

CURRENT MORTGAGEE:      Commerce Bank, N.A., successor-in-interest by
                        merger to Commerce Bank/Pennsylvania, N.A.

DATE OF MORTGAGE:       November 1, 2002

ORIGINAL MORTGAGE DEBT: $194,460.00

MORTGAGE RECORDED:      November 12, 2002, in Mortgage Book 9899, Page 827

DESCRIPTION OF MORTGAGE PREMISES:

    821 Firethorne Circle, Dresher, Montgomery County, Pennsylvania described in a
Mortgage recorded on November 12, 2002, in Mortgage Book 9899, Page 827.

    The undersigned hereby certifies that Commerce Bank/Pennsylvania, N.A. merged into
Commerce Bank, N.A. on or about July 29, 2005.

Page 1 of 2

361759-1

The undersigned hereby certifies that the debt secured by the above-mentioned Mortgage has been fully paid or otherwise discharged and that upon that the recording hereof said Mortgage shall be and is hereby fully and forever satisfied and discharged

The undersigned hereby authorizes and empowers the recorder of said county to enter this satisfaction piece and to cause said mortgage to be satisfied of record.

Witness the due execution hereof with the intent to be legally bound.

On the 17th day of _April_____, 2007.

Witness Present

_____                          _Jennifer Gracia_____ (seal)
                                                 Jennifer Gracia, Assistant Vice President
                                                 Commerce Bank, N.A., successor-in-interest
                                                 by merger to Commerce Bank/Pennsylvania, N.A.

STATE OF PENNSYLVANIA                    ss:
COUNTY OF

ON THIS, the _17_ day of _April___, 2007, before, a notary public, the undersigned officer, personally appeared Jennifer Gracia, Assistant Vice President, Commerce Bank, N.A., successor-in-interest by merger to Commerce Bank/Pennsylvania, N.A., who acknowledged herself to be authorized to execute the foregoing Mortgage Satisfaction Piece and who executed the foregoing instrument for purposes therein contained.

WITNESS my hand and notarial seal

_Mary E. Azam_____

My commission expires:    MARY E. AZAM
                          NOTARY PUBLIC OF NEW JERSEY
                          MY COMMISSION EXPIRES NOV. 18, 2008

Sworn to and subscribed before me
this _17_ day of _APR_ 200_7_

Page 2 of 2

361759-1



# MONTGOMERY COUNTY RECORDER OF DEEDS OFFICE

### Nancy J Becker, Recorder of Deeds

Office (610) 278-3289

## CUSTOMER RECEIPT

**Receipt #:** 0732359
**Printed:** 04/23/2007 02:13:21 PM
**Submitter Name:** lamm rubenstone

**Transaction #:** 76079
**Operator ID:** mbiddy
**Payment Comment:**

## Charges

**SAT BK 1178 PG 00716**
**#2007049734**
**Recorded:** 04/23/2007 02:13:44 PM

| # of Pages: 2 | # of Names: 3 | # of Parcels: 1 |
|---|---|---|
| Recording Fee:SAT | $35.50 | |
| | | SUBTOTAL    $35.50 |

**SAT BK 1178 PG 00719**
**#2007049735**
**Recorded:** 04/23/2007 02:13:45 PM

| # of Pages: 2 | # of Names: 3 | # of Parcels: 1 |
|---|---|---|
| Recording Fee:SAT | $35.50 | |
| | | SUBTOTAL    $35.50 |

**SAT BK 1178 PG 00722**
**#2007049736**
**Recorded:** 04/23/2007 02:13:46 PM

| # of Pages: 2 | # of Names: 3 | # of Parcels: 1 |
|---|---|---|
| Recording Fee:SAT | $35.50 | |
| | | SUBTOTAL    $35.50 |

## Transaction Charges

| Envelope Fee | $5.00 | |
|---|---|---|
| | **Total Charges for Document(s):** | **$111.50** |

## Payment

| Check 99269 | $35.50 |
|---|---|
| Check 99270 | $35.50 |
| Check 99268 | $35.50 |
| Cash | $5.00 |

## Totals

**Total Amount Due:**           $111.50
**Total Amount Paid:**         $111.50
**Refund ():**                  $0.00

## Nancy J. Becker
**Montgomery County Recorder of Deeds**

**EXHIBIT A.55**

LAW OFFICES

# LAMM RUBENSTONE
# LESAVOY BUTZ & DAVID LLC

BUCKS COUNTY OFFICE
SUITE 200
3600 HORIZON BOULEVARD
TREVOSE, PA 19053
(215) 638-9330
(215) 638-2867 FAX

7535 WINDSOR DRIVE
SUITE 200
ALLENTOWN, PA 18195
(610) 706-4300
FAX: (610) 706-4343
www.lammrubenstone.com

NEW JERSEY OFFICE
COMMERCE CENTER
SUITE 100
1800 WEST CHAPEL AVENUE
CHERRY HILL, NJ 08002
(856) 488-8006
FAX: (856) 488-5690

Jack M. Seitz, Esq.
Email: jseitz@lammrubenstone.com

May 7, 2007

Prothonotary
Montgomery County Courthouse
P.O. Box 311, Swede & Airy Streets
Norristown, PA 19404

      Re:   Commerce Bank, N.A. v. Dental Excellence of Blue Bell, PC
            Case No. 07-01120

Dear Madam/Sir:

     I enclose a Praecipe for Satisfaction of Judgment. I also enclose a copy to be time-stamped and returned via the envelope provided.

     Thank you for your assistance.

                        Very truly yours,

                        Jack M. Seitz

JMS/srb
Enclosure

cc (w/enc.):   Jonathan S. Sack, Esq.
                 Jennifer M. Gracia, A.V.P.

361483_1

**EXHIBIT A.56**

Redline Recovery Services
2350 North Forest Road
Suite 31B
Getzville, NY 14068



# Fax

| To: Johnathan Sack | From: Paul Rotando |
|---|---|
| Fax: 212-702-9702 | Pages: 3 I including cover |
| Phone: | Date: 6/11/07 |
| Re: Kenneth Siegel's Citi Settlement | CC: |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

● Comments:

Attention: Paul Rotando

1-888-475-9131

1-716-250-4800

Extension 4767

Mr. Sack -

I am pleased to inform you that our offer has improved. Please contact me to let me know whether this is doable.

Paul Rotando
888-475-9131 x 4767

Supervisor is: Toni Gerace @ 716-250-4818 or
888-475-9131 x 4818

Thank you!

Redline Recovery Services, LLC
2350 N. Forest, Suite 31B
Getzville, NY 14068
1-716-250-4800

06/11/2007

Kenneth Siegel
706 Dekalb Pike
Blue Bell PA 19422-1214

Client Name: CITI
Balance: $50,491.34
Account Number: 5491375011119154
Debtor ID: 2262110

Dear Kenneth Siegel

Your account has been placed with our office for collections. Our agency is authorized to settle your account for a reduced balance of $22,721.40.

You can settle this matter by calling us and paying by phone or sending your check or money order along with payment coupon on the attached sheet. In the event that you are unable to make this settlement payment within the acceptance period indicated, please call our office to discuss your account. It is possible to extend the acceptance period under certain circumstances.

Balance: $50,491.34
Settlement Amount: $22,721.40
Acceptance Period Expiration: June 19, 2007

Upon receipt and clearance of the settlement amount, there will remain no further outstanding obligations pertaining to the account. We take pride in assisting our customers to resolve their situations. If you have any questions or wish to discuss your account with one of our representatives, please call our toll free number at 1-888-475-9131 ext 4767 during normal business hours. Monday - Thursday 8:00 AM - 9:00 PM EST; Friday 8:00 AM - 4:30 PM EST; and Saturday 9:00 AM - 12:00 PM EST.

Please send your payment or correspondence to the processing center listed below:

Payment Processing Center
1145 Sanctuary Parkway, Suite 350
Alpharetta, GA 30004

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Respectfully,

Toni M. Gerace
Collection Manager

CLIENT NAME: CITI
ACCOUNT NUMBER: 5491375011119154
ACCOUNT ID: 2262110
PAYMENT AMOUNT: 22,721.40

Kenneth Siegel
706 Dekalb Pike
Blue Bell PA 19422-1214

REDLINE RECOVERY SERVICES, LLC
1145 SANCTUARY PKWY, STE 350
ALPHARETTA, GA 30004-4756

**EXHIBIT A.57**



PERSONALIZED & COMFORTABLE

Jonathan,
We got this from a new
collection agency for Citbank.
Please let me know if I
need to do something.

Ken Sil



**LTD**
FINANCIAL
SERVICES

JULY 12, 2007

REF NO: 008871420
RE: MASTERCARD PLATINUM
CITIBANK (SOUTH DAKOTA), N.A.
ACCOUNT #: CBU 5491375011119154
BALANCE: 51984.10

KENNETH SIEGEL

706 DEKALB PIKE
BLUE BELL, PA 19422-1214

DEAR KENNETH SIEGEL,

YOUR ACCOUNT WITH THE ABOVE NAMED CLIENT HAS BEEN ASSIGNED TO
LTD FINANCIAL SERVICES, A COLLECTION AGENCY.  THIS IS AN ATTEMPT
TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR
THAT PURPOSE.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS
NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION
THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY
THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE,
THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY
OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.
IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING
THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS
OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

YOU MAY CALL THIS OFFICE TO DISCUSS THIS DEBT AT 1-866-998-2500.
PLEASE REFER TO THE REFERENCE NUMBER ABOVE.

IMPORTANT: TO RECEIVE PROPER CREDIT TO YOUR

please make check payable to: CITI BANK

51984.10

REF NO: 008871420
NAME: KENNETH SIEGEL
CLIENT: CITIBANK (SOUTH DAKOTA), N.A.
ACCOUNT #: CBU 5491375011119154

OUR TOLL FREE NUMBER IS 1-866-998-2500