IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **Paul Yablon and Jill Yablon,** : | | |
| : | No. 07 CV 11040 (DLC) | |
| Plaintiffs, : | | |
| : | | |
| : | ANSWER | |
| : | | |
| v. : | | |
| : | | |
| **Dental Excellence of Blue Bell,** : | | |
| **Kenneth B. Siegel and** : | | |
| **Cindy Siegel.** : | | |
| : | | |
| : | | |

    Defendants, Dental Excellence of Blue Bell ("Dental Excellence"), Kenneth B. Siegel and Cindy Siegel, answer the allegations in the Complaint as follows:

    1.    Denied as a conclusion of law.

    2.    Denied. There was no discussion regarding repayment of the funds disbursed, and subsequent to disbursement the parties were unable to reach agreement.

    3.    Denied. There was no discussion regarding repayment of the funds disbursed, and subsequent to disbursement the parties were unable to reach agreement. In addition, the amount of the funds disbursed was $560,739.50.

    4.    Denied. Defendants tendered payment and that payment was refused.

    5.    Denied.

    6.    Admitted.

    7.    Admitted.

    8.    Admitted.

    9.    Denied. The loans were not made in New York.

10.	Denied.  This Court lacks personal jurisdiction over the Defendants.

11.	It is denied that there were nine loans made by Plaintiffs to Defendants.

12.	Denied.  Jonathan Sack did not disburse any funds to Defendants, and Plaintiffs did not place all of the funds at issue in the custody of Jonathan Sack.

13.	Denied.  The amount of the funds disbursed was $560,739.50.  There was no discussion regarding repayment before the funds were disbursed, and after the funds were disbursed there was no agreement regarding the terms of repayment.  In addition, during the brief negotiations which took place prior to the institution of this action, no one ever proposed an interest rate of 12%.

14.	Denied.  Payment was remitted by Defendants, but Plaintiffs refused to accept it.

15.	It is admitted that Defendants sent a signed Note signed only by Dental Excellence, along with a check, to the Yablons on or about October 22, 2007.  The remaining allegations are denied.

16.	Defendants lack knowledge of Plaintiffs state of mind, therefore, these allegations are denied.

17.	Denied.

18.	It is admitted that Defendants tendered a check to Plaintiffs.  It is denied the amount disbursed is $568,240.50.  Since the Complaint served upon Defendants lacks any Exhibits, the remaining allegations in this paragraph are denied.

19.	It is admitted that Defendants tendered a check to Plaintiffs which Plaintiffs have not cashed.  Since the Complaint served upon Defendants lacks any Exhibits, the allegations in this paragraph are denied.

20. It is admitted that Plaintiffs have provided alternative versions of the loan documents which were unacceptable to Defendants. All other allegations are denied.

21. Denied.

22. Admitted.

23. Denied.

## Count One
### Breach of Contract

24. Defendants incorporate by reference herein the answers and allegations in paragraphs 1 through 20 as if fully set forth at length.

25. Denied in fact and as conclusions of law.

26. Denied.

27. Denied.

28. Denied in fact and as a conclusion of law.

### Affirmative Defenses

29. Defendants incorporate by reference herein the answers and allegations in paragraphs 1 through 28 as if fully set forth at length.

30. Plaintiffs' claim should be denied because this Court lacks personal jurisdiction over Defendants.

31. Plaintiffs are not entitled to legal fees and costs as a matter of law.

WHEREFORE, Defendants request judgment in their behalf and that this action be dismissed.

                                                Respectfully submitted,

Dated: April 14, 2007                      /s/ Richard E. Miller
                                                Richard E. Miller
                                                P.O. Box 191
                                                Chadds Ford, PA 19317
                                                (215)280-5726
                                                Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Answer was served by U.S. mail, first-class, postage prepaid and on April 14, 2007 upon the following parties:

Eric R. Stern, Esquire
110 East 59th Street
19th Floor
New York, New York 10022

　　　　　　　　　　　　　　　　　/s/ Richard E. Miller　　
　　　　　　　　　　　　　　　　　　Richard Miller