```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
PAUL YABLON and JILL YABLON,             :   07 CIV. 11040 (DLC)
                                         :
                  Plaintiffs,            :      PRETRIAL
          -v-                            :   SCHEDULING ORDER
                                         :
DENTAL EXCELLENCE OF BLUE BELL and       :
KENNETH B. SIEGEL and CINDY SIEGEL,      :
individually,                            :
                                         :
                  Defendants.            :
                                         :
-----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-11-08

DENISE COTE, District Judge:

As set forth at the pretrial conference held pursuant to Rule 16, Fed.R.Civ.P., on April 10, 2008, the following schedule shall govern the further conduct of pretrial proceedings in this case:

1. The parties are instructed to contact the chambers of Magistrate Judge Freeman prior to **April 11, 2008** in order to pursue settlement discussions under her supervision.

2. Defendants shall file their answer by **April 18, 2008**.

3. No additional parties may be joined or pleadings amended after **May 2, 2008**.

4. The parties shall comply with their Rule 26(a)(1), Fed.R.Civ.P., initial disclosure obligations by **June 27, 2008**.

5. All discovery must be completed by **October 31. 2008**.

6. The Joint Pretrial Order must be filed by **November 21, 2008**.

   As described in greater detail in this Court's Individual Practices in Civil Cases, the following documents must be filed with the Pretrial Order: Voir Dire, Requests to Charge and a Memorandum of Law addressing all questions of law expected to arise at trial. Any responsive papers are due one week thereafter. Counsel will provide the Court with two (2) courtesy copies of all pretrial documents at the time of filing.

      Counsel will provide the Court with two (2) courtesy copies of all these documents at the time they are served, as well as two sets of pre-marked exhibits assembled sequentially i) in a looseleaf binder, or ii) in separate manila folders labelled with the exhibit numbers and placed in a suitable container or box for ready reference.

      IT IS HEREBY ORDERED that the case is placed on the **December 2008** trial ready calendar. You must be ready to proceed on 24 hours notice. You may contact the Deputy Clerk, Gloria Rojas, to learn where your case stands on the calendar.

      IT IS FURTHER ORDERED that the following procedures shall govern the conduct of the trial.

1. All exhibits must be pre-marked.

2. At the start of the trial each party will present the Court with the following documents:

   (a) Three copies of a complete exhibit list.

   (b) A set of pre-marked exhibits assembled sequentially i) in a looseleaf binder, or ii) in separate manila folders labelled with the exhibit numbers and placed in a suitable container or box for ready reference.

   (c) The exhibits should include copies of the sections of any depositions that are intended to be offered into evidence, expert reports, and any charts or summaries of evidence.

3. Counsel should be available every day at 9:00 a.m. (except for the first day of trial) in order to discuss with the Court any legal or evidentiary issues expected to arise during the day.

4. Testimony will generally be taken between 9:30 and 5:00 from Monday through Thursday. There will be a mid-morning, a mid-afternoon and a lunch break from 12:45 p.m. to 2 p.m.

5. There should be no sidebars during jury trials. Counsel are expected to anticipate any problems that might require a ruling from the Court and to raise those issues with the Court in advance of the time that the jury will be hearing the evidence.

6. Unless counsel request otherwise prior to trial, depositions offered in lieu of live testimony will not be read to the jury. Counsel should make sufficient copies of those depositions or sections of depositions so that each juror has a complete set. If the volume of such transcripts warrants it, the transcripts should be placed in a binder. The jury will be given time to read the depositions at home, or if appropriate, in the courthouse.

7. If counsel intend to distribute copies of documentary exhibits to the jury, make a separate copy for each juror.

8. Counsel should make certain that they have custody of all original exhibits. The Court does not retain them and the Clerk is not responsible for them.

Dated:   New York, New York
         April 11, 2008

                                    _____
                                          DENISE COTE
                                    United States District Judge